**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK QUIROZ, DOMINIQUE MIRZA, and LOUISE CRESPO, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>       v.<br><br>SABATINO TRUFFLES NEW YORK, LLC and SABATINO NORTH AMERICA, LLC,<br><br>                    Defendants. | Case No.   8:17-cv-783<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Patrick Quiroz, Dominique Mirza, and Louise Crespo (collectively, "Plaintiffs"), by and through their attorneys, make the following allegations pursuant to the investigations of their counsel and upon information and belief, except as to the allegations specifically pertaining to themselves or their counsel, which are based on personal knowledge:

## INTRODUCTION

1.     This is a class action against Sabatino Truffles New York, LLC and Sabatino North America, LLC (collectively, "Sabatino" or "Defendants") for the false, misleading, and deceptive misbranding of their Sabatino White Truffle Infused Olive Oil and Sabatino Black Truffle Infused Olive Oil (the "Products" or "Sabatino Truffle Oil") sold to consumers.  Sabatino markets their truffle oil as being infused with actual "White Truffle[s]" or "Black Truffle[s]," respectively.  But Sabatino Truffle Oil is nothing of the sort; instead of flavoring its oil with actual "White Truffle[s]" or "Black Truffle[s]," Defendants' Products are flavored with an industrially produced, chemically-derived perfume known as "2,4-dithiapentane."  Despite the absence of actual "White Truffle" or "Black Truffle," Sabatino Truffle Oil is sold at a substantial price premium over olive oil not infused with real truffles.

2.     2,4-dithiapentane, also known as "formaldehyde dimethyl mercaptal," is synthetically prepared by the acid-catalyzed addition of methyl mercaptan to formaldehyde.  Although it emulates the taste and smell of truffles, it is *not* truffle.

3.     Sabatino's misbranding is intentional.  The front label and packaging of Sabatino Truffle Oil represents in extra-large, bold lettering that the product is infused with "White Truffle" and "Black Truffle," respectively:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



23        4.      The mislabeling of Sabatino Truffle Oil renders the product completely

24   worthless.  By mislabeling its products, Sabatino dupes consumers into purchasing

25   something that is not truffle oil.  Nevertheless, Sabatino Truffle Oil is labeled and sold

26   as premium truffle oil, and it commands a *significant* price premium over other olive

27
28

oil products.  For example, Sabatino Truffle Oil commands a 934% - 990% price premium, per fluid ounce, over a competing olive oil brand:

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Sabatino White Truffle Infused Olive Oil | 3.4 fl. oz. | $16.50 | $4.80 per fl. oz. |
| Sabatino Black Truffle Infused Olive Oil | 3.4 fl. oz. | $15.50 | $4.55 per fl. oz. |
| Bertoli Extra Virgin Olive Oil | 8.5 fl. oz. | $3.78 | $0.44 per fl. oz. |

Plaintiffs and class members have thus been hit with a costly double-whammy: a premium purchase price for a worthless product.

5.     Through this lawsuit, Plaintiffs seek to recover, for themselves and all others similarly situated purchasers of Sabatino Truffle Oil in the United States, damages against Defendants for breach of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, unjust enrichment, negligent misrepresentation, fraud, and violations of New York, Pennsylvania, and California's false advertising and consumer protection laws.

**THE PARTIES**

6.     Plaintiff Patrick Quiroz is a citizen of California who resides in Orange, California.  In December of 2016, Plaintiff Quiroz purchased a 3.4 fl. oz. bottle of Sabatino White Truffle Infused Olive Oil from World Market in California.  The bottle he purchased prominently displayed the product name and represented that it was infused with "White Truffle" in large, bold letters.  He saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, infused with white truffles.  He relied on these representations and warranties in deciding to purchase Sabatino Truffle Oil and these

representations and warranties were part of the basis of the bargain in that he would not have purchased Sabatino Truffle Oil if he had known that the product was not, in fact, infused with white truffles.  However, the Sabatino Truffle Oil purchased by Plaintiff Quiroz was mislabeled in that it was not infused with actual "White Truffle[s]."

7.     Plaintiff Dominique Mirza is a citizen of Pennsylvania who resides in East Stroudsburg, Pennsylvania.  In July of 2016, Plaintiff Mirza purchased a 3.4 fl. oz. bottle of Sabatino Black Truffle Infused Olive Oil from World Market in Pennsylvania.  The bottle she purchased prominently displayed the product name and represented that it was infused with "Black Truffle" in large, bold letters.  She saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, infused with black truffles. She relied on these representations and warranties in deciding to purchase Sabatino Truffle Oil and these representations and warranties were part of the basis of the bargain in that she would not have purchased Sabatino Truffle Oil if she had known that the product was not, in fact, infused with black truffles.  However, the Sabatino Truffle Oil purchased by Plaintiff Mirza was mislabeled in that it was not infused with actual "Black Truffle[s]."

8.     Plaintiff Louise Crespo is a citizen of New York who resides in Brooklyn, New York.  In April of 2016, Plaintiff Crespo purchased a 3.4 fl. oz. bottle of Sabatino White Truffle Infused Olive Oil from Key Food in Brooklyn, New York.  The bottle she purchased prominently displayed the product name and represented that it was infused with "White Truffle" in large, bold letters.  She saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, infused with white truffles.  She relied on these representations and warranties in deciding to purchase Sabatino Truffle Oil and these representations and warranties were part of the basis of the bargain, in that she would

not have purchased Sabatino Truffle Oil if she had known that the product was not, in fact, infused with white truffles.  However, the Sabatino Truffle Oil purchased by Plaintiff Crespo was mislabeled in that it was not infused with actual "White Truffle[s]."

9.     Defendant Sabatino Truffles New York, LLC is a corporation existing under the laws of the State of New York, with its principal place of business as 400 East 54th Street, New York, New York.  Defendant Sabatino Truffles New York, LLC holds itself out as an importer of gourmet truffle oils and other Italian delicacies. Defendant Sabatino Truffles New York markets and sells these oils widely throughout the United States.  Plaintiffs reserve their rights to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Sabatino who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

10.     Defendant Sabatino North America, LLC is a corporation existing under the laws of the State of New York, with its principal place of business as 135 Front Ave., West Haven, Connecticut. Defendant Sabatino North America, LLC holds itself out as an importer of gourmet truffle oils and other Italian delicacies.  Defendant Sabatino North America, LLC markets and sells these oils widely throughout the United States.  Plaintiffs reserve their rights to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Sabatino who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).  This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has original subject-matter jurisdiction over this proposed

class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

13.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Quiroz is a citizen of California and purchased Sabatino Truffle Oil from Defendants in this District. Moreover, Defendants distributed, advertised, and sold Sabatino Truffle Oil, which is the subject of the present Complaint, in this District.

## FACTUAL BACKGROUND

14.     Nothing boosts the prestige (and price) of a food or beverage like the perception that it is traditional, hand-picked, fresh, or otherwise limited in production.

15.     For example, Whole Foods lists prices for its fruits and vegetables on what appear to be chalkboards. The implication is that prices change regularly as if responding to local crop conditions. In fact, the prices are permanently printed on the faux chalkboards, which are part of a marketing strategy meant to "evoke the image of Grapes of Wrath-era laborers piling box after box of fresh fruit into the store."

16.     But in a world full of manipulative marketers, the truffle is the real deal. A type of fungus that grows on tree roots, the truffle stands on the right side of the line between decomposition and decadence. While many are viewed as almost

worthless, a few truffle varieties found in Italy, France, Spain, and surrounding areas are esteemed as a luxurious addition to numerous dishes such as pasta, steaks, and foie gras.

17.     These truffles help dishes "jump off the plate" with an aroma that is captivating.  These fickle cousins of mushrooms have proven impossible to mass produce; they are still dug up individually by dogs that track their scent.

18.     The truffle stands in stark contrast to our era of convenience: the preservatives in bread that allow it to stay fresh for weeks and the year-round availability of seasonal fruits and vegetables.  Admirers contend that the truffle begins to lose its flavor as soon as it is pulled from the ground, and fresh truffles are seasonal.  The rarity of truffles has made them—at thousands of dollars per pound for Italy's prized white truffles—the most expensive food in the world.  In 2007, a Macau casino owner set a record by paying $330,000 for a 3.3-pound truffle unearthed in Tuscany.

19.     The combination of these two trends—the desire for a convenient, ever-ready supply of an ingredient, and a hunger for the traditional, the rare, and "real food"—has created an environment ripe for fraudulent behavior.  This, in turn, led to what seems to be a remarkably successful scam on foodie culture: truffle oil.

20.     Despite the name, some manufacturers produce "truffle oil" that does not contain even trace amounts of truffle; it is olive oil mixed with 2,4-dithiapentane, a compound that makes up part of the smell of truffles and is entirely the product of a laboratory.  Essentially, truffle oil is olive oil plus a synthetic injection imitating truffles' famous taste and smell.

21.     And Sabatino Truffle Oil is no exception.  It is a distant cry from oil infused with real truffles.

22.     What it does contain, however, is 2,4-dithiapentane—a petroleum-based, synthetically-produced imposter chemical that imitates the distinct taste and

smell of real truffles.

23.    The Material Safety Data Sheet on 2,4-dithiapentane has many cautions and warnings.  This compound is listed as a flammable, as well as being a severe eye, lung and skin irritant.  If ingested, this chemical "may cause CNS [central nervous system] depression," and if it is inhaled, it can lead to delayed pulmonary edema.

24.    And many consumers are tricked into purchasing what they believe to be truffle oil because 2,4-dithiapentane is often disguised on truffle oil product labels as "aroma," "flavor," or "essence."

25.    To make matters worse, according to the New York Times, "one teaspoon of 'truffle aroma,' the amount typically used in an eight-ounce bottle of white truffle oil (black truffle oil is made with a lesser quantity of the same chemical) costs about 40 cents."  By comparison, actual truffles cost hundreds or even thousands of dollars per ounce.

26.    Nonetheless, Sabatino capitalizes on this trickery to dupe consumers into paying a substantial price premium for oil that is not infused with actual truffles.

27.    Sabatino intentionally designs its packaging so that the words "White Truffle" or "Black Truffle," respectively, appear in large, bold lettering on the front of the Products' label.

28.     Reasonable consumers attach importance to Defendants' "White Truffle" and "Black Truffle" claims when making a purchasing decision.  Defendants' false and misleading representations and omissions thus have, and continue to, deceive reasonable consumers.

29.    Reasonable consumers must and do rely on food label representations and information in making purchasing decisions.

30.    Defendants' statements that the Products are infused with "White Truffle" or "Black Truffle," respectively, is material to a reasonable consumer's

purchase decision because reasonable consumers, such as Plaintiffs, care whether a food product is actually contains what Defendants purport, especially when the product claims to be infused with "White Truffle" or "Black Truffle," respectively, which carries with it a *significant* price premium.

31.    Defendants market and advertise the Products as infused with "White Truffle" or "Black Truffle," respectively, to increase sales derived from the Products. Defendants are well aware that the "White Truffle" and "Black Truffle" claims are material to reasonable consumers, and knowingly mislabeled their Products.

32.    Upon information and belief, in making the false, misleading, and deceptive representations and omissions, Defendants knew and intended that consumers would pay a price premium for Sabatino Truffle Oil if they were labeled as infused with "White Truffle" or "Black Truffle," a coveted delicacy.  Indeed, Defendants prominently marked the front packaging of Sabatino Truffle Oil with the words "White Truffle" and "Black Truffle," respectively, in large, bold font, precisely because they knew that consumers like Plaintiffs attach great importance to the presence of white truffle or black truffle in Sabatino Truffle Oil.

## CLASS ALLEGATIONS

33.    Plaintiffs seek to represent a class defined as all persons in the United States who purchased Sabatino Truffle Oil (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

34.    Plaintiff Quiroz also seeks to represent a subclass of all Class members who purchased Sabatino Truffle Oil in California (the "California Subclass").

35.    Plaintiff Mirza also seeks to represent a subclass of all Class members who purchased Sabatino Truffle Oil in Pennsylvania (the "Pennsylvania Subclass").

36.    Plaintiff Crespo also seeks to represent a subclass of all Class members who purchased Sabatino Truffle Oil in New York (the "New York Subclass").

37.    Members of the Class and Subclasses are so numerous that their

individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

38.    Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

a.    Whether Defendants misrepresented and/or failed to disclose material facts concerning Sabatino Truffle Oil;

b.    Whether Defendants' conduct was unfair and/or deceptive;

c.    Whether Defendants have been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon Defendants by Plaintiffs and the Class and Subclasses;

d.    Whether Defendants breached express warranties to Plaintiffs and the Class;

e.    Whether Defendants breached implied warranties to Plaintiffs and the Class;

f.    Whether Plaintiffs and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

39.    The claims of the named Plaintiffs are typical of the claims of the Class and Subclasses in that the named Plaintiffs purchased one or more containers of Sabatino Truffle Oil.

40.    Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they

seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

41.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

## COUNT I

### (Violation Of California Consumers Legal Remedies Act)

42.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

43.    Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

44.    This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

45.    Plaintiff Quiroz and the other members of the California Subclass are

"consumers," as the term is defined by California Civil Code § 1761(d), because they bought Sabatino Truffle Oil for personal, family, or household purposes.

46. Plaintiff Quiroz, the other members of the California Subclass, and Defendants have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

47. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in, the sale of goods to consumers.

48. As alleged more fully above, Defendants have violated the CLRA by falsely representing to Plaintiff Quiroz and the other members of the California Subclass that Sabatino Truffle Oil was infused with "White Truffle" and "Black Truffle," respectively, when, in fact, it is infused with artificial chemicals.

49. As a result of engaging in such conduct, Defendants have violated California Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

50. On March 24, 2017, a pre-suit demand letter was sent to Defendants via certified mail that provided notice of Defendants' violation of the CLRA and demanded that within thirty (30) days from that date, Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false, and/or deceptive practices complained of herein.  The letter also stated that if Defendants refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendants have failed to comply with the letter.

51. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Quiroz, on behalf of himself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendants' acts and practices.

## COUNT II
### (Violation Of California's Unfair Competition Law)

52.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

53.     Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

54.     By committing the acts and practices alleged herein, Defendants have violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

55.     Defendants have violated the UCL's proscription against engaging in unlawful conduct as a result of: (a) their violations of the CLRA, Cal. Civ. Code §§ 1770(a)(5), (a)(7), and (a)(9), as alleged above; and (b) their violations of the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, as alleged below.

56.     Defendants' acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

57.     As more fully described above, Defendants' misleading marketing, advertising, packaging, and labeling of Sabatino Truffle Oil is likely to deceive reasonable consumers.  Indeed, Plaintiff Quiroz and the other members of the California Subclass were unquestionably deceived regarding the true nature of Sabatino Truffle Oil, as Defendants' marketing, advertising, packaging, and labeling of the Sabatino Truffle Oil misrepresents and/or omits the true facts concerning the identity and characteristics of Sabatino Truffle Oil.  Said acts are fraudulent business practices.

58.     Defendants' acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

59.     Plaintiff Quiroz and the other California Subclass members suffered a substantial injury by virtue of buying Sabatino Truffle Oil which they would not

have purchased absent Defendants' unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Sabatino Truffle Oil.

60.     There is no benefit to consumers from deceptively marketing and labeling Sabatino Truffle Oil, which purports to be infused with "White Truffle" and "Black Truffle," respectively, when this claim is false.

61.     Plaintiff Quiroz and the other California Subclass members had no way of reasonably knowing that the Sabatino Truffle Oil they purchased was not as marketed, advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

62.     The gravity of the consequences of Defendants' conduct as described above outweighs any justification, motive, or reason, and such conduct is immoral, unethical, unscrupulous, offends established public policy, and is substantially injurious to Plaintiff Quiroz and the other members of the California Subclass.

63.     Defendants' violations of the UCL continue to this day.

64.     Pursuant to California Business and Professional Code § 17203, Plaintiff Quiroz and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendants to: (a) provide restitution to Plaintiff Quiroz and the other California Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff Quiroz's and the California Subclass' attorneys' fees and costs.

## COUNT III

### (Violation of California's False Advertising Law)

65.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

66.     Plaintiff Quiroz brings this cause of action on behalf of himself and

members of the California Subclass.

67.    As alleged more fully above, Defendants have falsely advertised Sabatino Truffle Oil by falsely claiming that it is infused with "White Truffle" and "Black Truffle," respectively, when it is not.

68.    Plaintiff Quiroz and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendants' violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*.

## COUNT IV

### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

69.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

70.    Plaintiff Crespo brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendants.

71.    By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

72.    The foregoing deceptive acts and practices were directed at consumers.

73.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Sabatino Truffle Oil to induce consumers to purchase same.

74.    Plaintiff Crespo and New York Subclass members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c)

Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively. As a result, Plaintiff Crespo and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

75.     On behalf of herself and other members of the New York Subclass, Plaintiff Crespo seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT V

## (False Advertising, New York Gen. Bus. Law § 350)

76.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

77.     Plaintiff Crespo brings this claim individually and on behalf of the members of the proposed New York Subclass.

78.     Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Sabatino Truffle Oil.

79.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

80.     This misrepresentation has resulted in consumer injury or harm to the public interest.

81.     Plaintiff Crespo and New York Subclass members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial

chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively. As a result, Plaintiff Crespo and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

82.     On behalf of herself and other members of the New York Subclass, Plaintiff Crespo seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT VI

### (Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. CONS. STAT. §§ 201-2, *et seq.*)

83.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

84.     Plaintiff Mirza asserts this claim on behalf of herself and the Pennsylvania Subclass.

85.     Defendants are "persons" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

86.     The packaging, labeling and display possessed by Plaintiff Mirza and members of the Pennsylvania Subclass constitutes "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

87.     The Sabatino Truffle Oil product that was ultimately possessed by

Plaintiff Mirza and members of the Pennsylvania Subclass was purchased primarily for personal purposes.

88.     Defendants' advertising, offering for sale, sale, or distribution of Sabatino Truffle Oil constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

89.     Defendants violated express warranties in the labeling and displaying of Sabatino Truffle Oil that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass.

90.     Defendants' actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts of practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

91.     The aforesaid actions of Defendants referenced above constitute unlawful actions proscribed by Section 201-3 of the UTPCPL.

92.     As a direct and proximate cause of the aforementioned unlawful actions of Defendants, Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss.

93.     Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Mirza and members of the Pennsylvania Subclass are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than One Hundred Dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

94.     In addition, Plaintiff Mirza is entitled to reimbursement for all reasonable attorneys' fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

## COUNT VII

**(Violation of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)**

95.     Plaintiffs hereby incorporate by reference the allegations contained in

all preceding paragraphs of this Complaint.

96.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

97.     Sabatino Truffle Oil is a consumer product as defined in 15 U.S.C. § 2301(1).

98.     Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

99.     Defendants are suppliers and warrantors as defined in 15 U.S.C. §§ 2301(4) and (5).

100.    In connection with the sale of Sabatino Truffle Oil, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

101.    In fact, Sabatino Truffle Oil is an adulterated product that is not infused with real "White Truffle" or "Black Truffle," but rather is infused with artificial chemicals that emulate the taste and smell of real truffles.

102.    By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*., thereby damaging Plaintiffs and Class members.

103.    Plaintiffs and Class members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did

not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

## COUNT VIII

### (Breach Of Express Warranty)

104.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

105.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

106.   Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

107.   In fact, Sabatino Truffle Oil is an adulterated product that is infused with artificial chemicals, and not by white truffles or black truffles.

108.   Plaintiffs and Class members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino

Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

## COUNT IX

### (Breach Of Implied Warranty Of Merchantability)

109.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

110.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

111.   Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, impliedly warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

112.   Defendants breached the warranty implied in the contract for the sale of Sabatino Truffle Oil because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Sabatino Truffle Oil is an adulterated product that is infused with artificial chemicals, not by "White Truffle" or "Black Truffle."  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

113.   Plaintiffs and Class members purchased Sabatino Truffle Oil in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

114.   Sabatino Truffle Oil was not altered by Plaintiffs or Class members.

115.   Sabatino Truffle Oil was defective when it left the exclusive control of Defendants.

116.   Defendants knew that Sabatino Truffle Oil would be purchased and used without additional testing by Plaintiffs and Class members.

117.   Sabatino Truffle Oil was defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

118.   Plaintiffs and Class members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

## COUNT X

### (Unjust Enrichment)

119.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

120.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

121.   Plaintiffs and Class members conferred benefits on Defendants by purchasing Sabatino Truffle Oil.

122.   Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Sabatino Truffle Oil. Retention of those moneys under these circumstances is unjust and inequitable because Sabatino Truffle Oil is an adulterated product that consists of artificial flavoring, not "White Truffle" or "Black Truffle," and resulted in purchasers being

denied the full benefit of their purchase because they did not purchase a product that was actually infused with "White Truffle" and "Black Truffle," respectively.

123.   Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

## COUNT XI

### (Negligent Misrepresentation)

124.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

125.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

126.   As discussed above, Defendants represented that Sabatino Truffle Oil is, in fact, infused with "White Truffle" and "Black Truffle," respectively, but failed to disclose that it is actually an adulterated product that is flavored by artificial chemicals, not by "White Truffle" and "Black Truffle."  Defendants had a duty to disclose this information.

127.   At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

128.   At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about Sabatino Truffle Oil.

129.   The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Sabatino Truffle Oil.

130.   Plaintiffs and Class members would not have purchased Sabatino Truffle Oil if the true facts had been known.

131.   The negligent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT XII

### (Fraud)

132.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

133.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

134.   As discussed above, Defendants provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Sabatino Truffle Oil, including but not limited to the fact that it is an adulterated product that is flavored by artificial chemicals, not by "White Truffle" and "Black Truffle," respectively.  These misrepresentations and omissions were made with knowledge of their falsehood.

135.   The misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Sabatino Truffle Oil.

136.   The fraudulent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class and California, Pennsylvania, and New York Subclasses as follows:

A.   For an order certifying the nationwide Class and the California, Pennsylvania, and New York Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.   For an order declaring that Defendants' conduct violates the statutes referenced herein;

C.   For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D.   For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.   For injunctive relief enjoining the illegal acts detailed herein;

F.   For prejudgment interest on all amounts awarded;

G.   For an order of restitution and all other forms of equitable monetary relief;

H.   For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all claims so triable.

1   Dated: May 2, 2017                Respectfully submitted,

2                                    **BURSOR & FISHER, P.A.**

3

4                                      By:_____*/s/ L. Timothy Fisher*_____

5                                          L. Timothy Fisher

6                                    L. Timothy Fisher (State Bar No. 191626)

7                                    Joel D. Smith (State Bar No. 244902)
                                      1990 North California Blvd., Suite 940

8                                    Walnut Creek, CA  94596
                                      Telephone: (925) 300-4455

9                                    Facsimile: (925) 407-2700
                                      Email: ltfisher@bursor.com

10                                          jsmith@bursor.com

11                                  **BURSOR & FISHER, P.A.**
                                  Scott A. Bursor (State Bar No. 276006)

12                                  888 Seventh Avenue
                                    New York, NY  10019

13                                  Telephone: (212) 989-9113

14                                  Facsimile:  (212) 989-9163
                                  E-Mail: scott@bursor.com

15

16                                *Counsel for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, L. Timothy Fisher, declare as follows:

1.      I am counsel for Plaintiffs, and I am a partner at Bursor & Fisher, P.A.  I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2.      The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Plaintiff Quiroz alleges that he resides in this District and purchased his Sabatino White Truffle Oil this District.

3.      Plaintiff Quiroz alleges that he purchased his Sabatino White Truffle Oil for household use from a World Market retail store in California.  He alleges that when he purchased his Sabatino White Truffle Oil, he relied on Defendant's representation that the product was infused with actual "White Truffles."  He understood that representation to mean that the Sabatino Truffle Oil did in fact, contain actual truffles.

4.      Plaintiff Quiroz alleges that Defendant's misrepresentation of its White Truffle Oil was an immediate cause of his decision to purchase Defendant's Product. He alleges that in all reasonable probability that he would not have agreed to purchase Defendant's White Truffle Oil, or he would have sought materially different terms, had he known that Defendant's representations were false and misleading.

5.      Plaintiff Quiroz alleges that Defendant's representation concerning the nature and characteristics of its White Truffle Oil played a substantial part, and so had been a substantial factor, in his decision to purchase the White Truffle Oil.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May 2, 2017 at Walnut Creek, California.

_____

L. Timothy Fisher