Mark D. Campbell (Bar No. CA 180528)
E-mail: mcampbell@sidley.com
Alexis Miller Buese (Bar No. CA 259812)
E-mail: alexis.buese@sidley.com
Rara Kang (Bar No. CA 307236)
E-mail: rkang@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendants*

L. Timothy Fisher (Bar No. CA 191626)
E-mail: ltfisher@bursor.com
Joel D. Smith (Bar No. CA 244902)
E-mail: jsmith@bursor.com
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700

Scott A. Bursor (Bar No. CA 276006)
E-mail: scott@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK QUIROZ, DOMINIQUE MIRZA, and LOUISE CRESPO, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SABATINO TRUFFLES NEW YORK, LLC and SABATINO NORTH AMERICA, LLC,<br><br>Defendants. | Case No.   8:17-cv-00783-DOC-KES<br><br>Assigned to: Hon. David O. Carter<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[[Proposed] Order Granting Stipulated Protective Order filed concurrently herewith] |

STIPULATED PROTECTIVE ORDER

  Defendants Sabatino Truffles New York, LLC and Sabatino North America, LLC ("Defendants") and Plaintiffs Patrick Quiroz, Dominique Mirza, and Louise Crespo ("Plaintiffs") (Defendants and Plaintiffs collectively, the "Parties"), by and through their respective attorneys of record, hereby stipulate that a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure may be entered by this Court as follows:

  1. **Purposes and Limitations**: Discovery is this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

  2. **Good Cause Statement**: This action is likely to involve trade secret and proprietary and commercial business documents and information, as well as personal customer information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business and manufacturing practices, information implicating privacy rights, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the Parties are permitted reasonably necessary uses of such

material in preparation for filing various motions and at trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **Applicability of Order**: This Order shall govern the handling of documents, initial disclosures, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party or third party in connection with the Litigation (this information is referred to as "Discovery Material"). As used in this Order, "Litigation" refers to the above-captioned action only. In addition, as used in this Order, "Producing Party" refers to the parties to this action and to third parties that give testimony or produce documents or other information, and "Receiving Party" refers to the parties to this action and to third parties that receive such information.

4. **Confidential Material**: Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Order if the Producing Party believes the Discovery Material contains information that requires the protections provided in this Order ("Confidential Material"). Confidential Material includes confidential, sensitive, or strategic information, including:

    a. Trade secrets, including the identity of employees;

    b. Information reflecting non-public business or financial information, and/or confidential competitive information that, if disclosed, could result in competitive harm to the Producing Party, including research, design, development, technical, marketing, planning, personal, commercial, or proprietary

information, as those terms are used in Rule 26(c) of the Federal Rules of Civil Procedure and any applicable case law interpreting that rule;

      c.     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute, regulation, or any applicable case law;

      d.     Information subject to federal or state privacy rights; or

      e.     Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" include extremely sensitive Confidential Material, the disclosure of which to a party, third party, or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5. **Designation Process**: The designation of Discovery Material as Confidential Material shall be made in the following manner:

      a.    **Documents**: In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to each page containing Confidential Material. For electronically stored information, the Producing Party shall provide written notice of the designation of the Confidential Material to the Receiving Party and affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a prominent place on the medium used to produce the information. If the Confidential Material is produced in an electronic form with a load file, the Producing Party shall note the confidentiality of the Confidential Material in the load file.

      b.    **Depositions and Other Proceedings**: In the case of depositions or other pre-trial testimony, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made (i) by a statement on the record during the proceeding in which the testimony is received, or (ii) by written

notice served on counsel of record in this Litigation within a period not to exceed thirty days after the receipt of the draft transcript ("draft transcript" does not include an ASCII or rough transcript); provided, however, that such period shall not extend beyond the fifth court day before the due date of any motion, where such motion due date was already fixed as of the date of the receipt of the draft transcripts. Before such period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Material. All portions of deposition transcripts not designated Confidential Material as provided in Paragraphs 5.b and 5.c shall be deemed not confidential.

       c.     **Non-Written Materials**: Any non-written Confidential Material (e.g., videotapes) may be designated as such by labeling the outside of the material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If a Receiving Party generates a "hard copy" transcription or printout from any designated non-written materials, the Receiving Party shall take reasonable steps to maintain the confidentiality of such materials.

       6.     **Inadvertent Failure to Designate**: The inadvertent failure to designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter. The inadvertent failure to designate may be remedied by supplemental written notice upon discovery of the inadvertent failure to designate, with the effect that the Discovery Material will be subject to the protections of this Order. The Producing Party shall notify all Receiving Parties of the proper designation of the Discovery Material as soon as practical after discovery of the error by the Producing Party and provide the Receiving Parties with a replacement of the Discovery Material in accordance with this Protective Order. Upon receipt of the properly designated Discovery Material: (a) the Discovery Material shall be treated by the Receiving Parties as if it had been

STIPULATED PROTECTIVE ORDER

timely designated as Confidential Material under this Protective Order; and (b) the Receiving Parties shall use reasonable efforts to identify any other persons or entities to whom the information in question was given. The Receiving Parties shall collect in good faith all such Confidential Material from persons and entities who would not have been entitled access thereto if the Discovery Material had been so designated at the outset. The Receiving Parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Discovery Material in their possession by destroying or returning to the Producing Party any such copies.

7.  **Inadvertent Production of Privileged Material**: The inadvertent or unintentional disclosure of information subject to a claim of privilege or protection, including the attorney-client privilege, attorney work-product, or any other privilege or protection, shall not constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other privilege or protection.

A party who discovers that it has produced Discovery Material containing privileged or protected information shall make a written request to all Receiving Parties for the return of such Discovery Material. Any party receiving notice that Discovery Material containing privileged information has been produced shall immediately return, destroy, sequester, or delete all copies of the privileged information, as well as any abstracts, charts, memoranda, notes, analyses, summaries, compilations, or indices of same, and provide a representation that all such information has been returned, destroyed, sequestered, or deleted, regardless of whether the Receiving Party disputes the claim of privilege. The Producing Party shall provide sufficient information to the Receiving Party regarding the asserted privilege(s) or protection(s) in the form of a privilege log. To the extent the claim of privilege is disputed, the Parties shall meet and confer to resolve any such dispute, and in the event such dispute cannot be resolved, the party receiving such information may promptly present the privileged information to the Court under seal pursuant to the applicable rules, and seek resolution from the Court regarding the claim of privilege.

The party receiving such information shall not use in any way or disclose to any person the disclosed privileged information until the claim of privilege is resolved either by the agreement of the Parties or by the Court. The party claiming the privilege shall preserve the disclosed privileged information until the claim of privilege is resolved either by the agreement of the Parties or by the Court.

This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d). Pursuant to Federal Rule of Evidence 502(d), any waiver of a privilege or protection for the purposes of this Litigation shall not serve as a waiver of said privilege or protection for the purposes of any other federal or state proceeding. Pursuant to Federal Rule of Evidence 502(e), insofar as the Parties reach an agreement on the effect of disclosure of information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

8. **De-designation**: Nothing in this Order shall be deemed to preclude a Producing Party from de-designating any Confidential Material at any time. The Producing Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Confidential Material.

9. **Notes of Confidential Material**: Any notes, memoranda, indices, or compilations based on Confidential Material that quote from or paraphrase Confidential Material shall be accorded the same status of confidentiality as the underlying Confidential Material and shall be subject to this Protective Order.

10. **Notice to Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within 14 days, the non-party may either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

11. **Persons Authorized to Receive Discovery Material Designated "Confidential"**: Discovery Material designated "Confidential" shall not be disclosed, summarized, described, or otherwise communicated to any person or entity, directly or indirectly, other than the following persons:

   a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal from it;

   b. Counsel of record in this Litigation, as well as paralegals, technical, and administrative employees working under the supervision of such counsel. Counsel of record shall be responsible for ensuring that the supervised personnel comply with this Order;

   c. Experts or consultants assisting counsel of record in this Litigation, provided the experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A;

   d. Plaintiffs to the extent they have a need to know the information for purposes of this Litigation, provided they have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A;

   e. Officers, directors or employees of parties who have a need to know such information for purposes of this Litigation;

   f. Graphics, translation, or design services retained by counsel of record for purposes of this Litigation, provided the services have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A. A signature by an authorized representative of the company who confirms that he or she has advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply shall be sufficient;

   g. Commercial copy vendors retained by counsel of record for purposes of this Litigation;

   h. During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of Confidential Material or who have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A (except that persons described in sub-paragraph (i) below do not need to sign Exhibit A to be shown Confidential Material in their depositions);

   i. Any person indicated by a document marked as Confidential Material to be an author, addressee, or recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material; and

   j. Any other person upon order of the Court or upon stipulation of the Producing Party.

  12. **Persons Authorized to Receive Discovery Material Designated "Highly Confidential – Attorneys' Eyes Only"**: Unless otherwise ordered by the Court or permitted in writing by the Producing Party, Discovery Material designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed, summarized, described, or otherwise communicated to any person or entity, directly or indirectly, other than the following persons:

   a. Counsel of record in this Litigation, as well as paralegals, technical, and administrative employees working under the supervision of such counsel. Counsel of record shall be responsible for ensuring that the supervised personnel comply with this Order;

   b. Experts or consultants assisting counsel of record in this Litigation, provided the experts and consultants have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A;

   c. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal from it;

    d. Commercial copy vendors retained by counsel of record for purposes of this Litigation;

    e. Graphics, translation, or design services retained by counsel of record for purposes of this Litigation, provided the services have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A. A signature by an authorized representative of the company who confirms that he or she has advised the relevant employees of the confidentiality obligations in this order and taken reasonable steps to comply shall be sufficient;

    f. During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of Confidential Material or who have signed the "Agreement Concerning Information Covered by Protective Order" attached as Exhibit A (except that persons described in sub-paragraph (g) below do not need to sign Exhibit A to be shown Confidential Material in their depositions); and

    g. Any person indicated by a document marked as Confidential Material to be an author, addressee, or recipient of the Confidential Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Material.

  13. **Use of Discovery Material**: Discovery Material containing Confidential Material shall be used solely for purposes of the Litigation, as defined in Paragraph 3 above, including prosecuting, defending, or attempting to settle this action and any appeal. Discovery Material containing Confidential Material shall not be used in any other federal or state proceeding. Any person or entity in possession of Discovery Material designated Confidential shall maintain those materials in accordance with Paragraph 16 below.

  14. **Agreement Must Be Signed Prior to Disclosure**: Each person to whom Confidential Material may be disclosed who is also required to sign the "Agreement Concerning Information Covered by Protective Order" (attached as Exhibit A) shall do so before the Material is disclosed.

15. **Exclusion of Individuals from Depositions**: Counsel for any Producing Party shall have the right to exclude from depositions any person who is not authorized by this Order to receive documents or information designated Confidential.

16. **Storage of Confidential Material**: The recipient of Confidential Material shall maintain it in a reasonably secure manner that ensures that access is limited to the persons authorized under this Order.

17. **Filing of Confidential Material**: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this Litigation any Confidential Material. The Parties acknowledge that this Order does not entitle the Parties to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. If a party's request to file Confidential Material under seal is denied by the Court, then that party may file the Confidential Material in the public record pursuant to Local Civil Rule 79-5(e)(2), unless otherwise instructed by the Court.

18. **No Prejudice**: Agreeing to be bound by this Protective Order, producing or receiving Confidential Material, or otherwise complying with the terms of this Order shall not:

   a. Prejudice the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures in this order adequately protect particular information;

   b. Prejudice the rights of any party to object to the authenticity or admissibility of any document, testimony, or other evidence subject to this Order;

   c. Prejudice the rights of a party to seek a determination by the Court whether any Confidential Material should be subject to the terms of this Order;

        d.      Prejudice the rights of a party to petition the Court for a protective order relating to any purportedly confidential information; or

        e.      Prevent a Producing Party from authorizing disclosure of its own Confidential Material to any person.

19.    **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge during the Litigation.

        a.      **Challenge**: The Receiving Party may challenge the propriety of a Confidential Material designation by sending the Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents or information subject to challenge; and (ii) describes the grounds for the challenge.

        b.      **Meet and Confer**: Once a challenge is made, the Producing Party will bear the burden of initiating a sufficient meet and confer (per Local Rule 37-1); and, if necessary, the Producing Party will bear the burdens of proof and persuasion in moving for a Protective Order (per Local Rule 37-2) to uphold the challenged Confidential Material designation. The Receiving Party must make de-designation requests in good faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

        c.      **Status of Challenged Designation Pending Judicial Determination**: Until the Court rules on a Motion for Protective Order, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

20.    **No Application to Public or Otherwise Available Information**: This Order shall not restrict a Receiving Party's use of information that (i) was lawfully in the Receiving Party's possession before it was designated as Confidential Material and that the Receiving Party is not otherwise obligated to treat as confidential; or (ii) has been voluntarily and intentionally published to the general public. If the Receiving Party believes the Producing Party has designated information that is

covered by any of the preceding categories as Confidential Material, the Receiving Party shall challenge the propriety of the designation using the procedure outlined in Paragraph 18 above. Any challenged designation remains in force until the propriety of the designation has been resolved.

21. **Additional Parties or Attorneys**: If additional parties join or intervene in this action, the newly joined parties shall not have access to Confidential Material until its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.

22. **Protective Order Remains in Force**: This Protective Order shall remain in force until modified, superseded, or terminated by consent of the parties or by order of the Court. This Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make any amendments to this Protective Order as the Court may deem appropriate.

23. **No Prejudice for Further Relief**: This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

24. **No Waiver of Grounds for Producing Material**: This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for not producing requested material.

25. **Conclusion of Litigation**: Within ninety days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, all persons having received Confidential Material shall either return it to counsel for the Producing Party or destroy it and, in either case, certify that fact to counsel for the Producing Party. Counsel of record for the parties may retain court papers, depositions, trial transcripts and attorney work product.

26. **No Loss of Confidential Status by Use in Litigation or Appeal**: If Confidential Material is used in any court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential through such use. Counsel shall comply with

all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of Confidential Material used in the course of any court proceedings.

27. **Protected Material Subpoenaed or Ordered Produced in Other Actions**: If any Receiving Party is served with a subpoena, order, document request, civil investigative demand, or other process seeking Confidential Material, the Receiving Party shall give prompt written notice within seven days of receipt to the Producing Party, and shall object to the production of the Confidential Material. The burden of engaging in any necessary motion practice to oppose production of Confidential Material shall fall upon the Producing Party.

**IT IS SO STIPULATED.**

Respectfully submitted,

Dated: July 28, 2017        SIDLEY AUSTIN LLP

By: */s/ Alexis Miller Buese*\*
      Alexis Miller Buese

*Attorneys for Defendants*
Sabatino Truffles New York, LLC and
Sabatino North America, LLC

Dated: July 28, 2017        BURSOR & FISHER, P.A.

By: */s/ L. Timothy Fisher*
      L. Timothy Fisher

*Attorneys for Plaintiffs*
Patrick Quiroz, Dominique Mirza, and
Louise Crespo

\* Filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A
# AGREEMENT CONCERNING INFORMATION
# COVERED BY PROTECTIVE ORDER

I, _____, acknowledge that I have received a copy of the Stipulation and Protective Order in this action (Case No. 8:17-cv-00783-DOC-KES) by the United States District Court for the Central District of California ("the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with it and be bound by its terms.

If I receive documents or information designated as Confidential Material (as defined in the Protective Order), I understand that it is provided to me pursuant to the terms and restrictions of the Protective Order.

I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

I submit to the jurisdiction of the United States District Court for the Central District of California for resolution of any matters pertaining to the Protective Order.

Dated:_____      Signed:_____

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2017, I electronically filed the foregoing **STIPULATED PROTECTIVE ORDER** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexis Miller Buese*
Alexis Miller Buese