1    Mark D. Campbell (Bar No. CA 180528)
     E-mail: mcampbell@sidley.com
2    Alexis Miller Buese (Bar No. CA 259812)
     E-mail: alexis.buese@sidley.com
3    Rara Kang (Bar No. CA 307236)
     E-mail: rkang@sidley.com
4    SIDLEY AUSTIN LLP
     555 West Fifth Street, Suite 4000
5    Los Angeles, CA 90013
     Telephone: (213) 896-6000
6    Facsimile: (213) 896-6600

7    *Attorneys for Defendants*

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   PATRICK QUIROZ, DOMINIQUE        Case No.      8:17-cv-00783-DOC-KES
     MIRZA, and LOUISE CRESPO, on
     behalf of themselves and all others   Assigned to: Hon. David O. Carter
12   similarly situated
                                        **MEMORANDUM OF POINTS AND**
13                 Plaintiffs,          **AUTHORITIES IN SUPPORT OF**
                                        **DEFENDANTS SABATINO**
14         v.                           **TRUFFLES NEW YORK, LLC AND**
                                        **SABATINO NORTH AMERICA,**
15   SABATINO TRUFFLES NEW              **LLC'S MOTION TO DISMISS THE**
     YORK, LLC and SABATINO             **AMENDED COMPLAINT**
16   NORTH AMERICA, LLC,
                                        *Filed concurrently herewith*:
17                 Defendants.          (1) Notice of Motion and Motion to
                                        Dismiss the Amended Complaint
18                                      (2) [Proposed] Order
                                        (3) Defendants' Request for Judicial
19                                      Notice in Support of Defendants' Motion
                                        to Dismiss the Amended Complaint
20
                                        Date:         September 11, 2017
21                                      Time:         8:30 a.m.
                                        Location:     Courtroom 9D
22
                                        Amended Complaint Filed: July 21, 2017
23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................... 1

BACKGROUND .................................................................... 3

ARGUMENT ....................................................................... 5

I.  Claims For Which Plaintiffs Lack Standing Exceed The Court's Subject Matter Jurisdiction .............................................................. 5

    A.  Plaintiffs Lack Standing To Assert Claims Based On Products They Did Not Purchase ...................................................... 6

II. Plaintiffs' Claims Are Time-Barred To The Extent They Are Brought On Behalf Of Putative Class Members Who Purchased The Products Outside Of The Applicable Limitations Period .............................. 7

III. Plaintiffs Fail To Meet The Basic Pleading Standards ..................... 8

IV. Plaintiffs Fail To Meet The Heightened Pleading Requirement For Claims Sounding In Fraud ...................................................... 11

    A.  Plaintiffs Have Not Alleged Each Defendant's Misconduct With Particularity ......................................................... 12

    B.  Plaintiffs Have Not Adequately Plead That The Products' Descriptions Were False ............................................... 13

    C.  Plaintiffs Fail To Adequately Allege Reliance Or Justifiable Reliance ........................................................... 15

V.  Plaintiffs' Negligent Misrepresentation Claims Fail For Additional Reasons ........................................................................ 17

    A.  The Economic Loss Doctrine Bars Plaintiffs' Claims ................ 17

    B.  No Privity Or Other Special Relationship Exists Between Defendants And Plaintiffs .......................................... 18

VI. Plaintiffs Fail To State Proper MMWA Claims As The Products' Descriptions Are Not Written Warranties .............................. 18

VII. Plaintiffs' Implied Warranty Claims Fail ................................ 19

    A.  Plaintiffs and Defendants Lack Privity ............................. 19

    B.  The Products Are Not Unfit For Ordinary Use ...................... 20

VIII. Plaintiffs' Unjust Enrichment Claims Fail ............................... 21

    A.  Unjust Enrichment Is Not A Cause Of Action In California ......... 21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      B.     No Relationship Exists Between New York Plaintiffs And Defendants......................................................................................21

           1.     If New York Plaintiffs' Consumer Protection Law Claims Survive, Their Unjust Enrichment Claims Are Duplicative.....21

IX.    Plaintiffs' Ascertainable Loss Is Not Adequately Alleged ..........................22

X.     Plaintiffs Cannot Assert California, New York, And Pennsylvania State Law Claims On Behalf Of A Nationwide Class ............................................24

CONCLUSION........................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................. 8, 9, 10, 16

*Atkinson v. Elk Corp. of Tex.,*
    142 Cal. App. 4th 212 (2006) ...................................................... 19

*Austin v. Albany Law Sch. of Union Univ.,*
    957 N.Y.S.2d 833 (N.Y. App. Div. 2013)....................................... 18

*B.L.M. v. Sabo & Deitsch,*
    55 Cal. App. 4th 823 (1997) ........................................................ 15

*Barron Partners, LP v. LAB123, Inc.,*
    593 F. Supp. 2d 667 (S.D.N.Y. 2009) ........................................... 18

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..................................................................... 8, 15

*Blum v. Yaretsky,*
    457 U.S. 991 (1982)....................................................................... 7

*Burke v. UPS,*
    No. 01-555, 2002 U.S. Dist. LEXIS 11289 (E.D. Pa. Jan. 9, 2002) ...... 18

*Cascade Yarns, Inc. v. Knitting Fever, Inc.,*
    No. C10-861RSM, 2013 U.S. Dist. LEXIS 189131 (W.D. Wash. Sept.
    10, 2013) ...................................................................................... 10

*Clemens v. DaimlerChryslyer Corp.,*
    534 F.3d 1017 (9th Cir. 2008) ...................................................... 19, 20

*Cole v. Lawrence,*
    701 A.2d 987 (Pa. Super. Ct. 1997) ............................................... 7

*Corsello v. Verizon N.Y., Inc.,*
    967 N.E.2d 1177 (N.Y. 2012) ....................................................... 22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

*Cortina v. Wal-Mart, Inc.*,
  No. 13-cv-02054, 2014 WL 2860285 (S.D. Cal. June 23, 2014)............... 11, 13, 14

*Crigger v. Fahnestock & Co.*,
  443 F.3d 230 (2d Cir. 2006) ................................................................. 15

*Doe v. SuccessfulMatch.com*,
  70 F. Supp. 3d 1066 (N.D. Cal. 2014)..................................................... 16

*Drobnak v. Anderson Corp.*,
  561 F.3d 778 (8th Cir. 2009) ................................................................. 15

*Dunkin v. Boskey*,
  82 Cal. App. 4th 171 (2000) .................................................................. 23

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005)................................................................................ 8

*Eckler v. Wal-Mart Stores, Inc.*,
  No. 12-CV-727-LAB-MDD, 2012 WL 5382218 (S.D. Cal. Nov. 1,
  2012) ....................................................................................................... 11

*Elkind v. Revlon Consumer Prods. Corp.*,
  No. 14-CV-2484 (JS) (AKT), 2015 WL 2344134 (E.D.N.Y. May 14,
  2015) ....................................................................................................... 17

*Erie Ins. Exch. v. Maier*,
  963 A.2d 907 (Pa. Super. Ct. 2008) ..................................................... 15

*Fleet Nat'l Bank v. Boyle*,
  No. Civ.A. 04CV1277LDD, 2005 WL 2455673 (E.D. Pa. Sept. 12,
  2005) ....................................................................................................... 17

*Frezza v. Google, Inc.*,
  No. 5:12-cv-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22,
  2013) ....................................................................................................... 25

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000).................................................................................. 5

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) ................................................. 11

iv

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ........................................................................ 22

*Gonzalez v. Planned Parenthood of L.A.*,
   No. CV 05-8818 AHM, 2011 WL 1481398 (C.D. Cal. Apr. 19, 2011).................. 12

*Haddock v. Countrywide Bank, NA*,
   No. 14-cv-6452, 2015 WL 9257316 (C.D. Cal. Oct. 27, 2015)............................. 21

*Hairston v. S. Beach Beverage Co., Inc.*,
   No. CV 12-1429-JFW, 2012 WL 1893818 (C.D. Cal. May 18, 2012)............... 6, 19

*Hanover Ins. Co. v. Ryan*,
   619 F. Supp. 2d 127 (E.D. Pa. 2007).................................................................... 11

*Hartless v. Clorox Co.*,
   No. 06CV2705 JAH(CAB), 2007 WL 3245260 (S.D. Cal. Nov. 2,
   2007) ...................................................................................................................... 20

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013).................................................................. 5

*Hines v. Overstock.com, Inc.*,
   No. 09 CV 991 (SJ), 2013 WL 4495667 (E.D.N.Y. Aug. 19, 2013) ..................... 11

*Hunt v. U.S. Tobacco Co.*,
   538 F.3d 217 (3d Cir. 2008) .................................................................................. 15

*Ingrao v. County of Albany*,
   No. 1:01-CV-730, 2006 WL 2827856 (N.D.N.Y. Oct. 2, 2006) ........................... 15

*In re iPhone Application Litig.*,
   No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20,
   2011) ...................................................................................................................... 12

*Jessani v. Monini N. Am., Inc.*,
   No. 17 Civ. 3257 (LLS) (S.D.N.Y. Aug. 3, 2017), ECF No. 18........................... 21

*Johns v. Bayer Corp.*,
   No. 09CV1935DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9,
   2010) ........................................................................................................................ 6

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) .................................................................... 11, 12, 15

v

*Kirsopp v. Yamaha Motor Co. Ltd.*,
  No. CV 14-00496 BRO, 2015 WL 11197829 (C.D. Cal. Jan. 7, 2015)...................7

*Koenig v. Boulder Brands, Inc.*,
  995 F. Supp. 2d 274 (S.D.N.Y. 2014) ....................................................22

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994)............................................................................5

*Leyva v. Medline Indus., Inc.*,
  716 F.3d 510 (9th Cir. 2013) ..............................................................23

*Marcus v. Frome*,
  275 F. Supp. 2d 496 (S.D.N.Y. 2003) ..................................................11

*Mathison v. Bumbo*,
  No. SA CV08-0369 DOC, 2008 WL 8797937 (C.D. Cal. Aug. 18,
  2008) ...................................................................................... 13, 20

*McCracken v. Exxon/Mobil Co.*,
  No. 08-2932, 2009 WL 3822041 (E.D. Pa. Nov. 12, 2009)....................20

*McGhee v. Arabian Am. Oil Co.*,
  871 F.2d 1412 (9th Cir. 1989) ............................................................25

*McWreath v. Range Res.—Appalachia, LLC*,
  81 F. Supp. 3d 448 (W.D. Pa. 2015) ....................................................15

*Melchior v. New Line Prods., Inc.*,
  106 Cal. App. 4th 779 (2003) ............................................................21

*Milin Pharmacy, Inc. v. Cash Register Sys., Inc.*,
  570 N.Y.S.2d 341 (N.Y. App. Div. 1991) ..............................................8

*Miller v. Gen. Motors Corp.*,
  471 N.Y.S.2d 280 (N.Y. App. Div. 1984) ............................................19

*Miller v. Ghirardelli Chocolate Co.*,
  912 F. Supp. 2d 861 (N.D. Cal. 2012) ....................................................5

*Mlejnecky v. Olympus Imaging Am., Inc.*,
  No. 2:10-CV-02630JAM-KJN, 2011 WL 1497096 (E.D. Cal. Apr. 19,
  2011) ...........................................................................................5

vi

*Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*,
   659 F. Supp. 2d 332 (N.D.N.Y. 2009) ....................................................... 7

*Moorer v. Stemgenex Med. Grp., Inc.*,
   No. 3:16-cv-02816-AJB-NLS, 2017 U.S. Dist. LEXIS 53294 (S.D. Cal. Apr. 6, 2017) ......................................................................................... 10

*Nelsen v. King Cnty.*,
   895 F.2d 1248 (9th Cir. 1990) ................................................................. 5

*Parkinson v. Hyundai Motor Am.*,
   258 F.R.D. 580 (C.D. Cal. 2008) ........................................................... 24

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ................................................................................ 24

*Princess Cruise Lines, Ltd. v. Superior Court*,
   179 Cal. App. 4th 36 (2009) ................................................................... 15

*Razuki v. Equity Residential Mgmt. LLC*,
   No. 15-cv-1057, 2016 WL 337758 (S.D. Cal. Jan. 26, 2016) ................ 21

*Reading Int'l v. Oaktree Capital Mgmt. LLC*,
   317 F. Supp. 2d 301 (S.D.N.Y. 2003) ................................................... 21

*Small v. Fritz Cos., Inc.*,
   30 Cal. 4th 167 (2003) ............................................................................ 15

*Smith v. Bristol-Myers Squibb Co.*,
   No 3:06-cv-6053 (FLW), 2009 WL 5216982 (D.N.J. Dec. 30, 2009) .... 11

*Solomon v. Canon USA, Inc.*,
   920 N.Y.S.2d 565 (N.Y. App. Div. 2010) ............................................. 19

*Sperry v. Crompton Corp.*,
   863 N.E.2d 1012 (N.Y. 2007) ................................................................ 21

*State Farm Mut. Auto. Ins. Co. v. Ficchi*,
   No. 10-555, 2011 U.S. Dist. LEXIS 64027 (E.D. Pa. June 10, 2011) .... 11

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................. 12

*Tait v. BSH Home Appliances Corp.*,
No. SACV 10-711 DOC (ANx), 2011 WL 1832941 (C.D. Cal. May
12, 2011) ................................................................................................... 19, 21

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ............................................................................................. 13

*Tiffin Motorhomes, Inc. v. Superior Court*,
202 Cal. App. 4th 24 (2011) ............................................................................... 17

*Tomasino v. Estee Lauder Cos. Inc.*,
44 F. Supp. 3d 251 (E.D.N.Y. 2014) .................................................................. 11

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods.*
*Liab. Litig.*,
288 F.R.D. 445 (C.D. Cal. 2013) ........................................................................ 23

*Tuosto v. Philip Morris USA Inc.*,
No. 05 Civ. 9384 (PKL), 2007 WL 2398507 (S.D.N.Y. Aug. 21,
2007) ...................................................................................................................... 18

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ............................................................. 12, 13, 15

*Viggiano v. Hansen Nat. Corp.*,
944 F. Supp. 2d 877 (C.D. Cal. May 13, 2013) ........................................ 19, 20

*In re Vioxx Class Cases*,
180 Cal. App .4th 116 (2009) ............................................................................. 23

*Wallace v. ConAgra Foods, Inc.*,
747 F.3d 1025 (8th Cir. 2014) ............................................................................ 11

*Wash. Mut. Bank, FA v. Superior Court*,
24 Cal. 4th 906 (2001) ........................................................................................ 24

*Watkins v. Vital Pharm., Inc.*,
No. CV 12-09374 SJO, 2013 WL 5972174 (C.D. Cal. Nov. 7, 2013) ........... 7

*Weinberg v. Sun Co., Inc.*,
565 Pa. 612 (2001) ............................................................................................... 11

*Williams v. Oberon Media, Inc.*,
No. cv-09-8764-JFW, 2010 WL 8453723 (C.D. Cal. Apr. 19, 2010) ............ 25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

**Statutes**

15 U.S.C. § 2301(6) ........................................................................................... 19

42 Pa. Cons. Stat. § 5524(7) ............................................................................... 7

42 Pa. Cons. Stat. § 5525(a) ............................................................................... 7

42 Pa. Cons. Stat. § 5525(a)(8) .......................................................................... 8

Cal. Bus. & Prof. Code § 17204 ......................................................................... 6

Cal. Bus. & Prof. Code § 17208 ......................................................................... 7

Cal. Bus. & Prof. Code § 17535 ......................................................................... 6

Cal. Civ. Code § 1780(a) .................................................................................... 6

Cal. Civ. Code § 1783 ........................................................................................ 7

Cal. Civ. Proc. Code § 338(d) ............................................................................ 7

Cal. Civ. Proc. Code § 339 ................................................................................. 7

Cal. Com. Code § 2725 ...................................................................................... 7

N.Y. C.P.L.R. § 213(1) ....................................................................................... 7

N.Y. C.P.L.R. § 214(2) ....................................................................................... 7

**Other Authorities**

Fed. R. Civ. P. 8(a) ............................................................................................ 8

Fed. R. Civ. P. 9(b) ..................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 8

Fed. R. Evid. 201(b) ......................................................................................... 13

U.S. Const. art. III .............................................................................................. 5

# **INTRODUCTION**

Defendant Sabatino North America, LLC[1] ("Sabatino" or, with Defendant Sabatino Truffles New York, LLC "Defendants") has deep roots in Italy and in its passion for truffles.  Beginning in 1911, in a small Italian town, the Sabatino family used dogs to help hunt for truffles, and then prepare those truffles following traditional recipes, keeping all their quality, taste and aroma.  Over the many years since 1911, the Sabatino family prides itself on carrying a range of high quality truffle products.  Despite Sabatino's unrelenting practice to create the ultimate truffle experience, Plaintiffs Patrick Quiroz, Dominique Mirza, and Louise Crespo ("Plaintiffs") purport to bring a nationwide class action lawsuit against Defendants alleging various violations of California, New York, Pennsylvania, and federal consumer protection statutes and state common law claims on the theory that Sabatino Tartufi White Truffle Infused Olive Oil All Natural with Natural Extracts and Sabatino Tartufi Black Truffle Infused Olive Oil All Natural with Natural Extracts (the "Products") are not "infused with actual" white or black truffles.

Plaintiffs' Amended Complaint is completely devoid of sufficient facts to support its allegations that Defendants' Products do not contain white or black truffles.  The sole allegations are that an unidentified "DNA analysis confirmed that [the Products]" do not contain any truffles and that "another truffle oil manufacturer" believes using actual truffles in truffle oil is not economically feasible.  These unsubstantiated allegations are insufficient.  Nowhere do Plaintiffs allege they tested the Products for the presence of any alleged artificial truffle flavoring, which is essential to their claim that the Products misleads consumers because it contains a chemicals.  Instead, Plaintiffs rely on the naked assertion that "some manufacturers" produce truffle oil that does not contain truffle, and that therefore the Defendants are

---

[1] Although part of the Sabatino family of companies, Sabatino Truffles New York, LLC does not market or sell truffles.  Rather, it is a seven-month-old real estate holding company established many months **after** Plaintiffs Mirza and Crespo are alleged to have purchased the Products.  *See* Defs.' Req. for Judicial Notice in Supp. of Defs.' Mot. to Dismiss the Am. Compl. ("Defs.' RJN") Ex. A.

1

no exception.  Plaintiffs provide no other facts to support their allegation that there is no truffle infusion, and no amount of repetition, hyperbole, and legal conclusions will compensate for Plaintiffs' pleading defects.

The Amended Complaint is deficient for multiple additional reasons.  First, it purports to assert claims for which Plaintiffs have no standing.  Each Plaintiff purchased only one of the two Products and lacks standing to assert claims based on a Product they did not purchase.

Second, by failing to limit their class definition to a specific time period, Plaintiffs purport to assert claims on behalf of putative class members whose claims are time-barred by the applicable limitations period.

Third, Plaintiffs' Amended Complaint is deficient with respect to claims sounding in fraud by failing to allege with particularity that each Defendant engaged in any misconduct, that the alleged misrepresentations were actually false, and that Plaintiffs relied on the alleged misrepresentations in purchasing the Products and did so justifiably.

Fourth, Plaintiffs' negligent misrepresentation claims, in particular, must also be dismissed under the economic loss doctrine and for Plaintiffs' failure to plead any special relationship between Defendants and Plaintiffs creating a duty to give correct information.

Fifth, no claims for alleged violations of the Magnuson-Moss Warranty Act ("MMWA") can be maintained because the Products' descriptions are not written warranties under the MMWA.

Sixth, Plaintiffs fail to state a claim for breach of the implied warranty of merchantability because Plaintiffs lack privity with Defendants and do not allege that the Products are unfit for ordinary use.

Seventh, Plaintiffs' unjust enrichment claims under California and New York law must be dismissed as California does not recognize such a cause of action, and any relationship between Plaintiffs and Defendants is too attenuated to allow for an

unjust enrichment claim under New York law.  Eighth, Plaintiffs fail to allege facts sufficient to demonstrate that they incurred an ascertainable loss.

Finally, Plaintiffs cannot assert California, New York, and Pennsylvania state law claims on behalf of a nationwide class based merely on putative class members' purchases of the Products in those states.  Plaintiffs have failed to plead facts showing that such states have significant contacts to the nationwide class members' claims to render the application of their laws constitutional.

## BACKGROUND

Plaintiffs allege that in 2016, they each purchased a bottle of Sabatino White Truffle Infused Olive Oil or Sabatino Black Truffle Infused Olive Oil from various retailers in California, Pennsylvania, and New York.  Am. Compl. ¶¶ 6-8.  Plaintiffs contend that the sale of the Products, and, indeed, all truffle oil products, is inherently fraudulent because truffle oil is little more than a "remarkably successful scam on foodie culture" and because "another truffle oil manufacturer recently acknowledged [that] it is not economically feasible for manufacturers to use actual truffles in truffle oil." *Id.* ¶¶ 19, 28.  Specifically, Plaintiffs assert that Defendants violated the law "by falsely representing … that Sabatino Truffle Oil was infused with 'White Truffle' and 'Black Truffle,' respectively, when, in fact, it is infused with artificial chemicals." *Id.* ¶ 51; *see also id.* ¶¶ 63, 70, 77, 84, 104, 109, 111, 121.

Based on this sweeping indictment of truffle oil as a whole, Plaintiffs leap to the conclusion that *every bottle* of truffle oil sold in the United States does not contain actual truffles, and thus concludes that the Defendants engaged in "false, misleading, and deceptive misbranding of their Sabatino White Truffle Infused Olive Oil and Sabatino Black Truffle Infused Olive Oil" because they are flavored with a "perfume known as '2,4-dithiapentane'" and are "not infused with real truffles." *Id.* ¶ 1.  Plaintiffs do not allege that the Products they purchased are identical to those of other manufacturers that supposedly do not contain trace amounts of truffle. *Id.* ¶ 20.  Nor do Plaintiffs allege any basis for what these other manufacturers do, or even purport to

3

tie what "some manufactures" do, to what Sabatino does.  *Id.*  Plaintiffs do not allege they even tested Sabatino's Products for the presence of any artificial flavoring, or have any independent basis to establish the veracity of the labeling.  Nor do Plaintiffs allege what type of DNA test was performed, what species of truffle they tested for, or what reference they used to determine whether the oil contains white or black truffle.  In fact, Plaintiffs do not even allege that the Products they purchased tasted bad.  Rather, Plaintiffs digress into a litany of purported bad acts and an alleged profit motive for the ultimate conclusory allegation that finds no factual support in the Amended Complaint.  *Id.* ¶¶ 19, 24, 25, 27, 29.

Plaintiffs allege they saw representations that the Products were infused with black or white truffles, relied on them in deciding to purchase the Products, and "would not have purchased [the Products] if he [or she] had known that [the Products were] not, in fact, infused with black [or white] truffles."  *Id.* ¶¶ 6-8.  But Plaintiffs allege no other facts regarding the particular circumstances of their purchases, including when or how they came to believe that the Products were misrepresented.

On behalf of themselves and putative class members who purchased the Products at any time in California, New York, or Pennsylvania, Plaintiffs assert seven claims for relief based on various alleged violations of California, New York, and Pennsylvania, and federal consumer protection laws, as well as five state common law claims.  *See id.* ¶¶ 45-139.[2]  Moreover, Plaintiffs purport to assert their MMWA claim and common law claims for breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud on behalf a

---

[2] Am. Compl. ¶¶ 45-54 (California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1785); *id.* ¶¶ 55-67 (California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210); *id.* ¶¶ 68-71 (California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*); *id.* ¶¶ 72-78 (deceptive acts or practices under New York Gen. Bus. Law § 349); *id.* ¶¶ 79-85 (false advertising under New York Gen. Bus. Law § 350); *id.* ¶¶ 86-97 (Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Const. Stat. §§ 201-2 *et seq.*); *id.* ¶¶ 98-106 (Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*); *id.* ¶¶ 107-111 (breach of express warranty); *id.* ¶¶ 112-121 (breach of implied warranty of merchantability); *id.* ¶¶ 122-126 (unjust enrichment); *id.* ¶¶ 127-134 (negligent misrepresentation); *id.* ¶¶ 135-139 (fraud).

putative nationwide class defined to capture any and all individuals who purchased one of the Products anywhere in the nation at any time.  *See id.* ¶ 36 ("Plaintiffs seek to represent a class defined as all persons in the United States who purchased Sabatino Truffle Oil."); *id.* ¶¶ 98-139.

## ARGUMENT

### I.      Claims For Which Plaintiffs Lack Standing Exceed The Court's Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  *E.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The case or controversy requirement under Article III of the U.S. Constitution "limits federal courts' subject matter jurisdiction by requiring that plaintiffs have standing."  *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630JAM-KJN, 2011 WL 1497096, at *1 (E.D. Cal. Apr. 19, 2011) (citing *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  "Standing is a jurisdictional element that must be satisfied prior to class certification."  *Nelsen v. King Cnty.*, 895 F.2d 1248, 1249-50 (9th Cir. 1990) (internal quotations omitted).  "If the litigant fails to establish standing, he may not 'seek relief on behalf of himself or any other member of the class,'" *id.* at 1250 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)), because prudential limitations on federal court jurisdiction require a plaintiff to "assert his own legal rights and interests, not those of others. . .."  *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012).

To establish Article III standing, Plaintiffs must demonstrate an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  The injury must be fairly traceable to Defendants' alleged misconduct and likely to be redressed by a favorable decision.  *Id.* at 181.  If the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction, a motion to dismiss for lack of subject matter jurisdiction will be granted. *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1138 (N.D. Cal. 2013).

5

## A.   Plaintiffs Lack Standing To Assert Claims Based On Products They Did Not Purchase

While Plaintiffs allege to have purchased one of the two Products, their claims are not limited to the actual product they purchased.  Quiroz and Crespo claim to have only purchased Sabatino White Truffle Infused Olive Oil.  Am. Compl. ¶¶ 6, 8. Nonetheless, Quiroz seeks to represent a California subclass of all putative class members, and Crespo seeks represent a New York Subclass of all putative class members, including those who purchased Sabatino Black Truffle Infused Olive Oil. *Id.* ¶¶ 37, 39.  Similarly, Mirza only purchased Sabatino Black Truffle Infused Olive Oil but seeks to represent a Pennstwombylvania subclass of all putative class members, including those who purchased Sabatino White Truffle Infused Olive Oil. *See id.* ¶¶ 7, 38.  For a product they never purchased, Plaintiffs have no basis to allege whether it was accurately represented, that Plaintiffs were misled by the product's labeling, or that the product caused them any injury.  Thus, Plaintiffs lack both constitutional and statutory standing[3] to assert claims based on products they never purchased.

The named plaintiff in a putative class action "cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon."  *Johns v. Bayer Corp.*, No. 09CV1935DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (dismissing all claims regarding a product not purchased by named plaintiff); *see also, e.g.*, *Hairston v. S. Beach Beverage Co., Inc.*, No. CV 12-1429-JFW (DTBx), 2012 WL 1893818, at *5 n.5 (C.D. Cal. May 18, 2012) ("Plaintiff cannot expand the scope of his claims to include a product he did not purchase." (internal quotations omitted)).  This is because a plaintiff may not make use of the class action procedure to assert claims that obviously could not be pursued

---

[3] The CLRA, FAL, and UCL require Plaintiffs to allege a legally cognizable injury. *See* Cal. Civ. Code § 1780(a) (CLRA requires "damage as a result of. . . [a] practice declared to be unlawful"); Cal. Bus. & Prof. Code §§ 17204, 17535 (UCL and FAL claims require the plaintiff to have suffered an "injury in fact" and have "lost money or property" as a result of the defendant's conduct).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

in a suit asserting only his or her own rights.  *See Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject.").  Accordingly, the claims based on alleged misrepresentations for a product Plaintiffs never purchased should be dismissed.

## II.   Plaintiffs' Claims Are Time-Barred To The Extent They Are Brought On Behalf Of Putative Class Members Who Purchased The Products Outside Of The Applicable Limitations Period

Plaintiffs assert twelve causes of action on behalf of a putative class defined as "all persons in the United States who purchased Sabatino Truffle Oil" without a defined class period.  Am. Compl. ¶ 36.  These claims are subject to two- to six-year statutes of limitations.[4]  Therefore, to the extent Plaintiffs assert claims on behalf of

---

[4] Negligent misrepresentation claims under California law, as well as fraud and negligent misrepresentation claims under Pennsylvania law, are subject to a two-year statute of limitations.  Cal. Civ. Proc. Code § 339 (negligent misrepresentation); 42 Pa. Cons. Stat. § 5524(7) (fraud and negligent misrepresentation).  Thus, Plaintiffs cannot assert these claims on behalf of consumers purchased the Products before May 3, 2015.

Claims based on CLRA, FAL, sections 349 and 350 of the New York General Business Law, common law fraud under California law, and unjust enrichment under New York law for monetary relief are subject to a three-year statute of limitations.  Cal. Civ. Proc. Code § 338(d) (fraud and FAL); Cal. Civ. Code § 1783 (CLRA); *Watkins v. Vital Pharm., Inc.*, No. CV 12-09374 SJO (JCx), 2013 WL 5972174, at *5 (C.D. Cal. Nov. 7, 2013) (noting three-year limitations period for CLRA claim); N.Y. C.P.L.R. §§ 213(1), 214(2).  Thus, Plaintiffs cannot assert these claims on behalf of consumers who purchased the Products before May 3, 2014.

Plaintiffs' claims based on the UCL, breaches of an express or implied warranty under California, Pennsylvania, and New York law, and unjust enrichment under Pennsylvania and New York law, and the MMWA are subject to a four-year statute of limitations period.  Cal. Bus. & Prof. Code § 17208 (UCL); Cal. Com. Code § 2725 (breach of express and implied warranty); 42 Pa. Cons. Stat. § 5525(a); *Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*, 659 F. Supp. 2d 332, 347-38 (N.D.N.Y. 2009) (applying four-year statute of limitations under section 2-275 of the Uniform Commercial Code to warranty claims); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997) (Pennsylvania claim for unjust enrichment subject to four-year statute of limitations under 42 Pa. Cons. Stat. § 5525(a)(4) applicable to actions based on a contract implied at law); *Kirsopp v. Yamaha Motor Co. Ltd.*, No. CV 14-00496 BRO (VBKx), 2015 WL 11197829, at *4 n.2 (C.D. Cal. Jan. 7, 2015) (applying the most analogous state statute of limitations for MMWA

putative class members who purchased the Products outside of the applicable limitations period, those claims are time-barred and must be dismissed.

## III.    Plaintiffs Fail To Meet The Basic Pleading Standards

This Court must dismiss Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, if accepting the allegations as true, the Amended Complaint fails to state facts which would support relief.  To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a) (requiring allegations "showing that the pleader is entitled to relief").  Plaintiffs must demonstrate "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), with factual allegations "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.  A complaint must include more "than labels and conclusions. . . a formulaic recitation of the elements of a cause of action will not do." *Id.*  Thus, while well-pleaded allegations of fact are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not.  *Iqbal*, 556 U.S. at 678.  These pleading rules were designed to protect parties from the situation here, *i.e.*, being exposed to expensive and time consuming litigation and discovery fishing expeditions based only on irrelevant facts and conclusory allegations.  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

Plaintiffs fail to allege sufficient facts to suggest that the Products at issue in *this* case actually are not infused with actual truffles, or that they contain a synthetic

---

claims).  Thus, Plaintiffs cannot assert these claims on behalf of consumers who purchased the Products before May 3, 2013.

Plaintiffs' claims based on the UTPCPL, as well as fraud-based negligent misrepresentation and common law fraud under New York law, are subject to a six-year statute of limitations.  42 Pa. Cons. Stat. § 5525(a)(8); *Milin Pharmacy, Inc. v. Cash Register Sys., Inc.*, 570 N.Y.S.2d 341, 341 (N.Y. App. Div. 1991) (negligent misrepresentation and fraud).  Thus, Plaintiffs cannot assert these claims on behalf of consumers who purchased the Products before May 3, 2011.

version of 2,4-dithiapentane.  While Plaintiffs assert that the Products are misrepresented because they "are flavored with an industrially produced, chemically-derived perfume known as '2,4-dithiapentane,'" they allege no facts demonstrating that the mere presence of 2,4-dithiapentane is equivalent to an absence of truffle infusion.[5]  Although Plaintiffs apparently are comfortable pleading only conclusory allegations regarding the ingredients in the Products, despite lacking factual support for these conclusions, this approach fails controlling standards of pleading.  *Iqbal*, 556 U.S. at 678.

Plaintiffs here make equally sweeping and unfounded allegations that the Product labeling is false because it is not infused with actual truffles, but the basis for this unsupported allegation is that it is a "scam on foodie culture" and that "[d]espite the name, *some* manufacturers produce 'truffle oil' that does not contain even trace amounts of truffle."  Am. Compl. ¶¶ 19, 20 (emphasis added).  Plaintiffs fail to allege *any* facts to support the conclusion that what "some manufactures do" is what Defendants in this case do.  To make this logical leap, Plaintiffs rely on the claim that "another truffle oil manufacturer recently acknowledged [that] it is not economically feasible for manufacturers to use actual truffles in truffle oil."  *Id.* ¶¶ 21, 28.  The conclusory statement of what Plaintiffs believe "some manufactures" do and "another truffle oil manufacturer['s]" opinion cannot demonstrate that Plaintiffs purchased truffle oil from Defendants that was not infused with actual truffles.

In an half-hearted attempt to fix this obvious shortcoming Plaintiffs' amended the Complaint to add the conclusory allegation that the Products were submitted for "DNA identification testing to test for the presence of actual truffles," which "confirmed that [the Products do] not contain any truffle whatsoever," *id.* ¶¶ 22-23.  But, this too fails to establish a plausible claim that the Products were misrepresented.

---

[5] Notably, in *Brumfield v. Trader Joe's Co.*, another "truffle oil" lawsuit filed by Plaintiffs' counsel in the Southern District of New York, Plaintiffs' counsel acknowledged that 2,4-dithiapentane would likely be present in any truffle oil, "whether made from real truffles or not."  *See* Defs.' RJN at 2 & Ex. B.

9

As an initial matter, Plaintiffs repeatedly allege that the Products were flavored with artificial chemicals, *id.* ¶¶ 1, 20, 21, 24, 51, 77, 84, 104, 106, 110, 111, 115, 121, 125, 129, 137, and that Plaintiffs would not have purchased the Products had they known they contained artificial chemicals, *id.* ¶¶ 77, 84, 106, 111, 121, 133.  However, Plaintiffs do not make any allegations that the Products were tested for artificial flavoring, which is the crux of Plaintiffs' claim that the Products' descriptions mislead consumers.  Ostensibly Plaintiffs failed to test for the synthetic, or tested and found no indication that there is any synthetics in the Products.  With nothing more than the naked assertion about the use of synthetics in the products, the claims fail.

Second, while Plaintiffs assert the "DNA identification testing" confirmed the Products do not contain truffle, they provide no information about the testing or any reason to believe it could "confirm" such a thing.  Plaintiffs provide no information about the type of DNA test performed, what species of truffle they tested for, or what reference they used to determine whether the oil contains white or black truffle.[6] There are no facts pled to even support that DNA tests can even detect the presence of truffle flavored by black truffles (as opposed to testing the specific piece of truffle to determine its particular species).  Plaintiffs simply provide no specific factual allegations that could plausibly support the conclusions giving rise to the claim.  *See Iqbal*, 556 U.S. at 678-82.  As such, Plaintiffs' allegations fail to meet the basic pleading standards and must be dismissed.  *See Moorer v. Stemgenex Med. Grp., Inc.*, No. 3:16-cv-02816-AJB-NLS, 2017 U.S. Dist. LEXIS 53294, at *21-24 (S.D. Cal. Apr. 6, 2017) (falsity of advertising claims regarding efficacy of defendants' products

---

[6] While DNA evidence may be reliable in identifying a match between a reference and a sample, proving the absence of truffles would, at minimum, require testing for any variety the Product might contain (and that all such species have had their DNA sequenced).  Plaintiffs have failed to plead any facts demonstrating what they even tested for, and without more information, Plaintiffs' reference to DNA testing establishes nothing about whether the Products contained artificial ingredients.  *See Cascade Yarns, Inc. v. Knitting Fever, Inc.*, No. C10-861RSM, 2013 U.S. Dist. LEXIS 189131, at *17 (W.D. Wash. Sept. 10, 2013) (mere detection of goat fibers labeled as cashmere through DNA testing not sufficient to show the presence of actual cashmere).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

not adequately alleged where plaintiffs did not allege that "Defendants' claims have actually been disproved" and "fail[ed] to mention the existence of any scientific study" showing that the claims were false or misleading); *Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727-LAB-MDD, 2012 WL 5382218, at *6-7 (S.D. Cal. Nov. 1, 2012) (finding no "facial plausibility" to plaintiff's false and misleading advertising claims where plaintiffs' studies "simply wouldn't show what [plaintiff] claims they do," thereby leaving the court with no facts from which to infer what defendant is liable for false advertising).[7]

## IV.   Plaintiffs Fail To Meet The Heightened Pleading Requirement For Claims Sounding In Fraud

Plaintiffs' claims sounding in fraud[8] should be dismissed because Plaintiffs

---

[7] *See also Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 258 (E.D.N.Y. 2014) (plaintiff failed to adequately plead that defendant's product claims were misleading where "plaintiff point[ed] to nothing, in the form of scientific evidence or otherwise, that could discredit [defendant's] statements" about its products); *cf. Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1030-31 (8th Cir. 2014) (injury from product defect insufficiently alleged because plaintiffs failed to allege that "*their product actually exhibited* the alleged defect" and relied on general allegation that they "paid a premium price for the [Products] purchased believing them to be 100% strictly kosher, when they weren't").

[8] In addition to their common law fraud claims, Plaintiffs' CLRA, UCL, FAL, and UTPCPL claims, as well as their claims for negligent misrepresentation under California, New York, and Pennsylvania law and unjust enrichment under New York and Pennsylvania law, sound in fraud. *See, e.g.*, Am. Compl. ¶ 54 (asserting UCL claim based on allegation that "[b]y commiting the acts and practices alleged herein, Defendants have violated [the UCL]. . . by engaging in unlawful, fraudulent, and unfair conduct"). Accordingly, they are subject to the Rule 9(b) heightened pleading standard. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."); *Cortina v. Wal-Mart, Inc.*, No. 13-cv-02054, 2014 WL 2860285, at *1-3 (S.D. Cal. June 23, 2014) (dismissing UCL, CLRA, and FAL claims because for failure to satisfy Rule 9(b)); *Weinberg v. Sun Co., Inc.*, 565 Pa. 612, 618 (2001) ("The UTPCPL's 'underlying foundation' is fraud prevention."); *Smith v. Bristol-Myers Squibb Co.*, No 3:06-cv-6053 (FLW), 2009 WL 5216982, at *6-7 (D.N.J. Dec. 30, 2009) (applying Rule 9(b) to UTPCPL claim); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (negligent misrepresentation claims must satisfy Rule 9(b)); *Marcus v. Frome*, 275 F. Supp. 2d 496, 503 (S.D.N.Y. 2003) (same); *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007) (same); *Hines v. Overstock.com, Inc.*, No. 09 CV 991 (SJ), 2013 WL 4495667, at *11 (E.D.N.Y. Aug. 19, 2013) (unjust enrichment claim premised on fraud must satisfy Rule 9(b)); *State Farm Mut. Auto. Ins. Co. v. Ficchi*, No. 10-555, 2011 U.S. Dist. LEXIS 64027, at *48-51 (E.D. Pa. June 10, 2011) (same).

have failed to plead these claims with the heightened particularity required by Rule 9(b).  Where, as here, Plaintiffs allege fraudulent conduct and rely on this conduct as the basis for their claims, such claims are grounded or sound in fraud and are subject to the heightened pleading standard of Rule 9(b).  Rule 9(b) requires Plaintiffs to "set forth *more* than neutral facts necessary to identify the transaction" and specifically allege "the who, what, when, where, and how of the misconduct charged."  *E.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04, 1106 (9th Cir. 2003) (requiring the circumstances constituting the alleged fraud [to] be specific enough to give defendants notice of the particular misconduct. . . so that they can defend against the charge and not just deny that they have done anything wrong").

## A. Plaintiffs Have Not Alleged Each Defendant's Misconduct With Particularity

The Amended Complaint impermissibly lumps all the "Defendants" together in the allegations, despite the fact that each Defendant is in a very different position. Where multiple defendants are involved, Plaintiffs must state with particularity each Defendant's alleged role in the fraud and cannot simply "lump multiple defendants together" in their pleading.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007); *see also Gonzalez v. Planned Parenthood of L.A.*, No. CV 05-8818 AHM (FMOx), 2011 WL 1481398, at *8 (C.D. Cal. Apr. 19, 2011) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant. . ." (internal quotations omitted)).  Plaintiffs "must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole."  *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

Plaintiffs fail to meet the Rule 9(b) standard in alleging misconduct as to both Defendants.  The entirety of the Amended Complaint references Defendants

collectively as "Defendants" or "Sabatino" and is silent on each Defendant's role in the alleged misbranding of the Products or any specific action each Defendant took. As mentioned above, Plaintiffs do not and cannot allege any specific misconduct as to Sabatino Truffles New York, LLC, as it is a seven-month-old real estate holding company established many months after Mirza and Crespo are alleged to have purchased the Products.[9]  Plaintiffs' sole individualized allegation is that each Defendant "holds itself out as an importer of gourmet truffle oils and other Italian delicacies" and "markets and sells these oils widely throughout the United States." Am. Compl. ¶¶ 9-10.  The heightened pleading standard, however, requires more than alleging that *someone* from one or more corporate entities said *something* misleading or concealed *something*.  *See Mathison v. Bumbo*, No. SA CV08-0369 DOC (ANx), 2008 WL 8797937, at *7 (C.D. Cal. Aug. 18, 2008) (fraud not plead with sufficient particularity where plaintiff contended all defendants were responsible for alleged misleading statements).  By alleging misconduct by "Defendants" collectively, Plaintiffs fall far from providing the required notice to Defendants under Rule 9(b) as to the nature of the claims being asserted against them and the particular conduct challenged for each Defendant.  *See, e.g.*, *Vess*, 317 F.3d at 1106.

## B.   Plaintiffs Have Not Adequately Plead That The Products' Descriptions Were False

Plaintiffs' fraud-based claims must be dismissed because the Amended Complaint fails to allege specific, non-conclusory facts required by Rule 9(b) supporting the falsity of the representation that the Products are "Black Truffle [or White Truffle] Infused Olive Oil."  *See, e.g.*, *Cortina v. Wal-Mart, Inc.*, No. 13-cv-02054 BAS (DHB), 2014 WL 2860285, at *1-3 (S.D. Cal. June 23, 2014) (dismissing

---

[9] In ruling on a motion to dismiss, the Court may consider facts that are properly subject to judicial notice.  *E.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also* Fed. R. Evid. 201(b).  That Sabatino Truffles New York, LLC was established on November 17, 2016 is a fact that "can be accurately and readily determined" from Sabatino Truffles New York, LLC's articles of incorporation filed with the New York Secretary of State.  *See* Defs.' RJN at 1-2.

UCL, CLRA, FAL, and other claims because plaintiff failed to sufficiently alleged that the challenged representations were misleading).  It is not sufficient for the conclusory allegations of falsity to be detailed; allegations of falsity must be supported by specific, "concrete" facts alleged in the complaint.  *Id.* at *2, *4.  In *Cortina*, like this case, to support her allegations that Wal-Mart's representations regarding Equate CoQ-10 were false and misleading, the plaintiff compared Equate Co-Q10 to competitor products, and based on that comparison, alleged that Equate Co-Q10's claims were not true.  *Id.*  The court dismissed the plaintiff's fraud-based claims for failure to meet the Rule 9(b) pleading standard; while the plaintiff had identified the purportedly misleading representations, the plaintiff's product comparisons were not sufficiently "concrete" and the alleged falsity of defendant's representations were not otherwise supported by specific facts in the complaint.  *Id.*

Here, Plaintiffs' fraud-based claims fail because there are no specific facts in the Amended Complaint supporting the alleged falsity of Defendants' Products.  Plaintiffs merely allege that the Products are not accurately represented because they "are flavored with an industrially produced, chemically-derived perfume known as '2,4-dithiapentane.'"  Am. Compl. ¶ 1.  Similar to *Cortina,* the only allegations that the labels are false are based on what Plaintiff thinks competitor companies may do. *Id.* ¶ 20.  But, nowhere in the Amended Complaint do Plaintiffs establish the basis for the allegation that Defendants use a chemically derived 2,4-dithiapentane or that what "some manufactures do" is what Defendants in this case do.  Plaintiffs allude to some "DNA identification testing" but nowhere to Plaintiffs allege they tested the Product for the presence of 2,4 dithiapentane, or any other alleged synthetic truffle flavoring. *Id.* ¶¶ 22, 23.  Such conclusory allegations fail to establish that Products contain artificial flavoring, as Plaintiffs claim, and are not in fact infused with black or white truffles.  Plaintiffs provide no other particular allegations demonstrating that Plaintiffs' alleged claim that the Products are flavored with a chemically derived 2,4-dithiapentane renders the Products' representations false, and as such, the claims must

be dismissed.  *See, e.g.*, *Drobnak v. Anderson Corp.*, 561 F.3d 778, 784 (8th Cir. 2009) (affirming dismissal of fraud-based claims because plaintiff failed to plead facts connecting an alleged defect to the products plaintiffs purchased).

### C.     Plaintiffs Fail To Adequately Allege Reliance Or Justifiable Reliance

A necessary element of Plaintiffs' CLRA, FAL, and UCL claims is Plaintiffs' reliance on the allegedly deceptive statements.  *Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal. App. 4th 36, 42-43, 46 (2009).  To maintain a UTPCPL claim for claims for fraud or negligent misrepresentation under California, New York, or Pennsylvania law, Plaintiffs must also plead that their reliance on the alleged misrepresentations was justified.[10]  Because these claims are grounded in fraud, Rule 9(b) requires that Plaintiffs pinpoint what representation they relied upon and *why*, *when* they determined the representation to be false, and *on what basis* they reached that conclusion.  *See, e.g.*, *Kearns*, 567 F.3d at 1124-25 (requiring plaintiffs to allege "the who, what, when, where, and how of the misconduct charged"); *Vess*, 317 F.3d 1097 at 1106 (same).  Merely stating that Plaintiffs justifiably relied without more is insufficient, as justifiable reliance is not presumed.  *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of a cause of action's elements will not do."); *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 227-28 (3d Cir. 2008) (rejecting plaintiff's argument for a presumption of reliance as "inconsistent with Pennsylvania case law").

Plaintiffs fail to meet this burden.  Plaintiffs' conclusory allegation that they "relied" on representations that the Products were infused with black or white truffle

---

[10] *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221-27 (3d Cir. 2008) (requiring justifiable reliance for UTPCPL claim); *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 174-75 (2003) (justifiable reliance is required for fraud claim); *McWreath v. Range Res.—Appalachia, LLC*, 81 F. Supp. 3d 448, 470 (W.D. Pa. 2015) (same); *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234-35 (2d Cir. 2006) (same); *B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 834 (1997) (negligent misrepresentation under California law requires justifiable reliance); *Ingrao v. County of Albany*, No. 1:01-CV-730, 2006 WL 2827856, at *12 (N.D.N.Y. Oct. 2, 2006) (justifiable reliance is an element of negligent misrepresentation under New York law); *Erie Ins. Exch. v. Maier*, 963 A.2d 907, 910 (Pa. Super. Ct. 2008) (Pennsylvania negligent misrepresentation claim requires justifiable reliance).

is not supported by facts sufficient to raise Plaintiffs' right to relief beyond mere speculation. *See Iqbal*, 556 U.S. at 678. Plaintiffs only allege that the Products are flavored with chemically derived 2,4-dithiapentane; that the Products were "mislabeled in that [they were] not infused with actual 'Black Truffle[s]' [or White Truffles]"; that Plaintiffs "relied on these representations and warranties in deciding to purchase Sabatino Truffle Oil"; and that "these representations and warranties were part of the basis of the bargain." Am. Compl. ¶¶ 1, 6-8. Plaintiffs also assert that "[r]easonable consumers attach importance to Defendants' 'White Truffle' and 'Black Truffle' claims when making a purchasing decision" and "must and do rely on food label representations and information in making purchasing decisions," *id.* ¶¶ 31-32, but these assertions have no bearing on whether *Plaintiffs* justifiably relied on Defendants' alleged misrepresentations. The Amended Complaint is silent about how Plaintiffs came to believe that the Products were misrepresented.[11] Plaintiffs allege that "many consumers are tricked into purchasing what they believe to be truffle oil because chemically derived 2,4-dithiapentane is often disguised on truffle oil product labels as 'aroma,' 'flavor,' or 'essence'" and that "another truffle oil manufacturer" opined that using actual truffles in truffle oil is not economically feasible. *Id.* ¶¶ 26, 28. Plaintiffs' knowledge of such observations, if assumed true, would directly undermine Plaintiffs' alleged reliance on the Product descriptions. But Defendants cannot adequately assess the circumstances of Plaintiffs' purported reliance and whether it was justified without additional allegations describing *when* or *how* Plaintiffs came to believe that the Product descriptions were false. *See Doe v. SuccessfulMatch.com*, 70 F. Supp. 3d 1066, 1082 (N.D. Cal. 2014) ("[W]ithout any allegation as to when Plaintiffs saw Defendant's representations, when Plaintiffs purchased Defendant's services, and when Plaintiffs discovered Defendant's allegedly

---

[11] Plaintiffs' allegations supporting their UTPCPL claim, for example, are silent on reliance. *See, e.g.*, Am. Compl. ¶ 95 (asserting that "Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss" without noting whether or how Plaintiffs justifiably relied on the alleged misrepresentations).

1  fraudulent conduct, Defendant is unable to actually 'defend against the charge and not

2  just deny that [it has] done anything wrong.'").

3  **V.    Plaintiffs' Negligent Misrepresentation Claims Fail For Additional Reasons**

4      **A.    The Economic Loss Doctrine Bars Plaintiffs' Claims**

5          At its core, this case is about the alleged economic losses suffered by Plaintiffs

6  as a result of the alleged misrepresentations in the Products' descriptions.  California,

7  New York, and Pennsylvania law apply the economic loss doctrine to bar negligent

8  misrepresentation claims where the alleged wrong has resulted only in economic loss,

9  rather than damage to person or property.  *See, e.g.*, *Tiffin Motorhomes, Inc. v.*

10 *Superior Court*, 202 Cal. App. 4th 24, 31 n.11 (2011) ("[A] claim based on

11 negligence. . . will not lie where the wrong has resulted only in economic loss rather

12 than actual damage to person or property."); *Elkind v. Revlon Consumer Prods. Corp.*,

13 No. 14-CV-2484 (JS) (AKT), 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015)

14 (applying the economic loss doctrine to bar negligent misrepresentation claims where

15 the purchaser did not allege personal injury or damage to property); *Fleet Nat'l Bank*

16 *v. Boyle*, No. Civ.A. 04CV1277LDD, 2005 WL 2455673, at *16-17 (E.D. Pa. Sept.

17 12, 2005) (dismissing negligent misrepresentation claim for purely economic losses

18 where defendant was not "in the business of providing information").

19         Plaintiffs' negligent misrepresentation claims allege that Plaintiffs incurred

20 some measure of economic losses.  *See* Am. Compl. ¶¶ 132, 134 (alleging that

21 Defendants' alleged negligent misrepresentations "actually induced" Plaintiffs to

22 purchase the products, thereby "caus[ing] damage" to Plaintiffs); *see also id.* ¶ 4

23 (claiming that Plaintiffs paid "a premium purchase price for a worthless product").

24 Plaintiffs do not allege that they suffered any personal injury or property damage from

25 their use or purchase of the Products, or that Defendants are in the business of

26 providing information.  Plaintiffs' alleged injury is therefore quintessentially

27 economic and barred by the economic loss doctrine.

28

**B.     No Privity Or Other Special Relationship Exists Between Defendants And Plaintiffs**

To state a claim for negligent misrepresentation under New York or Pennsylvania law, Plaintiffs must adequately plead that Defendants had a duty to give correct information as a result of some special relationship.  *See, e.g.*, *Austin v. Albany Law Sch. of Union Univ.*, 957 N.Y.S.2d 833, 844-45 (N.Y. App. Div. 2013) (requiring plaintiff to demonstrate "the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff" to support negligent misrepresentation claim); *Burke v. UPS*, No. 01-555, 2002 U.S. Dist. LEXIS 11289, at *11 (E.D. Pa. Jan. 9, 2002) (dismissing negligent misrepresentation claim where plaintiff could not establish "some special relationship, contractual or otherwise," creating a duty).  Plaintiffs' conclusory allegation that "Defendants had a duty to disclose" that the Products are "adulterated product[s] that [are] flavored by artificial chemicals," Am. Compl. ¶ 129, does not establish the type of special relationship necessary to sustain a negligent misrepresentation claim.  *See, e.g.*, *Barron Partners, LP v. LAB123, Inc.*, 593 F. Supp. 2d 667, 674 (S.D.N.Y. 2009) (dismissing negligent misrepresentation counterclaim for lack of a "special relationship" where the parties "were merely a buyer and seller of corporate stock"). *Tuosto v. Philip Morris USA Inc.*, No. 05 Civ. 9384 (PKL), 2007 WL 2398507, at *14 (S.D.N.Y. Aug. 21, 2007) (finding "no privity where there is no contact between parties and where defendant had no knowledge of the identity of the specific plaintiff" and noting that "mass communication cannot establish privity with unidentified members of the public" (internal quotations and citations omitted)).  Because Plaintiffs do not allege any contact with Defendants beyond their purchases of the Products, no special relationship grounded in privity or otherwise can be shown to support Plaintiffs' negligent misrepresentation claims under New York or Pennsylvania law.

**VI.    Plaintiffs Fail To State Proper MMWA Claims As The Products' Descriptions Are Not Written Warranties**

18

To meet the statutory definition of a "written warranty," a label representation must constitute a "written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is *defect free or will meet a specified level of performance over a specified period of time*." 15 U.S.C. § 2301(6) (emphasis added). Descriptions of products are not written warranties under the MMWA. *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 897-98 (C.D. Cal. May 13, 2013) ("premium" and "all natural flavors" were product descriptions, not written warranties under the MMWA); *Hairston*, 2012 WL 1893818, at *6 ("all natural with vitamins" was not a written warranty and thus warranted dismissal of MMWA claim with prejudice). Representations that the Products are "Black Truffle [or White Truffle] Infused" are product descriptions, not promises that a product is "defect free" or "will meet a specified level of performance over a specified period of time." Accordingly, Plaintiffs cannot state a MMWA claim based on these representations.

## VII. Plaintiffs' Implied Warranty Claims Fail

### A.   Plaintiffs and Defendants Lack Privity

Plaintiffs cannot state a claim for breach of the implied warranty of merchantability under California or New York law if they do not "stand in vertical contractual privity with the defendant." *Clemens v. DaimlerChryslyer Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).[12]  A buyer and seller stand in privity if they are in

---

[12] *See also Atkinson v. Elk Corp. of Tex.*, 142 Cal. App. 4th 212, 229 (2006) (dismissing claim for breach of implied warranty where plaintiff and defendant were not in privity); *Tait v. BSH Home Appliances Corp.*, No. SACV 10-711 DOC (ANx), 2011 WL 1832941, at *4 (C.D. Cal. May 12, 2011) (dismissing breach of implied warranty claim based on California and New York law for plaintiffs' failure to allege vertical privity with defendants); *Solomon v. Canon USA, Inc.*, 920 N.Y.S.2d 565, 567 (N.Y. App. Div. 2010) (implied warranty claim dismissed because plaintiff was not in privity with defendant); *Miller v. Gen. Motors Corp.*, 471 N.Y.S.2d 280, 282 (N.Y. App. Div. 1984) (stating that in New York, where the only economic loss is alleged, "a cause of action does not lie against a remote [seller] for the breach of an implied warranty").

19

"adjoining links of the distribution chain." *Id.* An end consumer who buys from a retailer is not in privity with a manufacturer. *Id.*

In this case, Plaintiffs admit that they purchased the Products directly from *retailers*, not Defendants. Am. Compl. ¶ 6 (stating that Quiroz purchased "from World Market in California"); *id.* ¶ 7 (stating that Mirza purchased "from World Market in Pennsylvania"); *id.* ¶ 8 (stating that Crespo purchased "from Key Food in Brooklyn, New York"). Therefore, Plaintiffs' breach of the implied warranty of merchantability claim based on California and New York law fails as a matter of law and must be dismissed. *See Hartless v. Clorox Co.*, No. 06CV2705 JAH(CAB), 2007 WL 3245260, at *2 (S.D. Cal. Nov. 2, 2007) (dismissing claim for breach of implied warranty of merchantability for failure to allege privity); *cf. Mathison*, 2008 WL 8797937, at *8 (privity not adequately alleged where plaintiff did not identify the specific defendants from whom the class members purchased the products).

## B.     The Products Are Not Unfit For Ordinary Use

To allege a breach of the implied warranty of merchantability under California, New York, or Pennsylvania law, a complaint must allege that a product lacks "even the most basic degree of fitness for ordinary use." *Jessani v. Monini N. Am., Inc.*, No. 17 Civ. 3257 (LLS) (S.D.N.Y. Aug. 3, 2017), ECF No. 18 (internal quotations omitted).[13] Here, Plaintiffs concede that the Products "imitates the distinct taste and smell of real truffles," *see, e.g.*, Am. Compl. ¶ 20, 21, 24, and do not allege that the Products are unfit for use as a flavored oil. In *Jessani,* the court granted defendant's motion to dismiss the implied warranty of merchantability claim regarding truffle flavored olive oil where plaintiffs failed to allege that defendant's product was unfit

---

[13] *See also Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 896-97 (C.D. Cal. 2013) (dismissing implied warranty of merchantability claim regarding a diet soda because plaintiff failed to allege any facts suggesting that the soda is not fit for use as a diet soft drink); *McCracken v. Exxon/Mobil Co.*, No. 08-2932, 2009 WL 3822041, at *5 (E.D. Pa. Nov. 12, 2009) (finding implied warranty of merchantability claim inadequately plead where plaintiff never asserted that the product malfunctioned or was defective).

for use as a flavored olive oil.  *Jessani*, No. 17 Civ. 3257, ECF No. 18, at 2. Likewise, it is axiomatic that Plaintiffs' same claim here must be dismissed.

## VIII.  Plaintiffs' Unjust Enrichment Claims Fail

### A.    Unjust Enrichment Is Not A Cause Of Action In California

It is well-established that "there is no cause of action in California for unjust enrichment."  *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *see also Razuki v. Equity Residential Mgmt. LLC*, No. 15-cv-1057 BEN (JLB), 2016 WL 337758, at *3 (S.D. Cal. Jan. 26, 2016) (finding no cause of action for unjust enrichment under California law); *Haddock v. Countrywide Bank, NA*, No. 14-cv-6452 PSG (FFMx), 2015 WL 9257316, at *17 (C.D. Cal. Oct. 27, 2015) (same); *Tait*, 2011 WL 1832941, at *5 (same).  Therefore, Plaintiffs' unjust enrichment claim based on California law should be dismissed.

### B.    No Relationship Exists Between New York Plaintiffs And Defendants

While privity between Plaintiffs and Defendants is not required for unjust enrichment claims under New York law, some non-attenuated relationship between the parties must be alleged because an unjust enrichment claim is quasi-contractual in nature.  *See, e.g.*, *Sperry v. Crompton Corp.*, 863 N.E.2d 1012, 1018 (N.Y. 2007) (finding that the purchaser of tires and the producers of chemicals used in the tires' rubber was too attenuated to support unjust enrichment claim); *see also Reading Int'l v. Oaktree Capital Mgmt. LLC*, 317 F. Supp. 2d 301, 333-34 (S.D.N.Y. 2003) (dismissing unjust enrichment claim for failure to allege "a contractual or quasi-contractual relationship with defendants" or a "prior course of dealings with defendants").  Here, Crespo alleges that she purchased Defendants' Product from a third-party retailer in New York.  Am. Compl. ¶ 8.  Because Plaintiffs fail to allege any non-attenuated connection to Defendants, the unjust enrichment claim under New York law must be dismissed.

#### 1.    If New York Plaintiffs' Consumer Protection Law Claims Survive, Their Unjust Enrichment Claims Are Duplicative

21

In the event that Plaintiffs' claims under sections 349 and 350 of the New York General Business Law survive dismissal (which they should not as discussed above), the New York unjust enrichment claims should be dismissed as duplicative.  An unjust enrichment claim "is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012).  New York courts have routinely dismissed as duplicative unjust enrichment claims that are based on the same allegations underlying New York consumer protection law claims.[14]

Plaintiffs' unjust enrichment claim is grounded in the same allegations underlying their New York statutory claims—i.e., that they suffered pecuniary loss when they purchased the Products in reliance on the Products' allegedly misleading descriptions.[15]  Therefore, Plaintiffs' unjust enrichment claim under New York law should be dismissed if their New York consumer protection law claims withstand dismissal.[16]

## IX.    Plaintiffs' Ascertainable Loss Is Not Adequately Alleged

Plaintiffs have not pleaded sufficient facts to put Defendants on notice of their basis for monetary relief.  Plaintiffs must plead sufficient facts showing that they are

---

[14] *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290-91 (S.D.N.Y. 2014) (unjust enrichment claim held duplicative where claim based on N.Y. Gen. Bus. Law section 349 survived dismissal); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014) (dismissing unjust enrichment claim where Gen. Bus. Law section 349 and express warranty claims survived and concluding that unjust enrichment could not be plead in the alternative).

[15] *Compare* Am. Compl. ¶¶ 77-78, 84-85 (seeking monetary relief under N.Y. Gen. Bus. Law section 350 because the New York Plaintiffs would allegedly "not have purchased [the Products] had they known that [they] were infused with artificial chemicals, and not infused with 'White Truffle' and 'Black Truffle'"), *with id.* ¶¶ 124-126 (alleging that Plaintiffs "conferred benefits on Defendants by purchasing" the Products and were "denied the full benefit of their purchase because they did not purchase a product that was actually infused with 'White Truffle' and 'Black Truffle'").

[16] Plaintiffs' additional allegation in their Amended Complaint regarding how Defendants were purportedly unjustly enriched by Plaintiffs' purchases of the Products, *see* Am. Compl. ¶ 125, fails to remedy any of the foregoing bases for dismissal of Plaintiffs' unjust enrichment claims.

22

entitled to damages and the basis for those damages.  *See Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ("[P]laintiffs must be able to show that their damages stemmed from the defendant's actions that created the legal liability."); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*, 288 F.R.D. 445, 449 n.5 (C.D. Cal. 2013) (holding that, to plead a claim under the CLRA, UCL, or FAL, plaintiffs must show that they suffered damage or injury).  Plaintiffs must be able to quantify not only the amount that they paid, but also the value of what they received.  "The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution." *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 131 (2009).  This is because "a party seeking restitution must generally return any benefit that it has received." *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 198 (2000) (internal quotations and citation omitted).  Accordingly, restitutive recovery requires evidence of the actual value of what the plaintiff received. *In re Vioxx*, 180 Cal. App. 4th at 131.

Here, while Plaintiffs allege that they "would not have purchased [the Products] absent Defendants' unlawful, fraudulent, and unfair marketing, advertising, packaging, and labeling" or "had they known that [the Products were] infused with artificial chemicals," *e.g.*, Am. Compl. ¶¶ 62, 77, 84, 106, they do not allege that they paid more for the Products than they are valued.  Instead, Plaintiffs merely state that the Products are "worthless" and were sold at a price higher than they should have been. *See id.* ¶¶ 1, 4.  These conclusory allegations fails to provide the *facts* necessary to establish an ascertainable loss arising from their purchase: i.e. what alternative product they might have purchased, and the cost of any alternative product available to them.  Instead, Plaintiffs make an assertion based on a price to fluid ounce comparison with another random plain olive oil product in the market. *Id.* ¶ 4.  But a comparison with another plain olive oil product has no bearing on whether the Products' purchase price reflected the Products' value or whether Plaintiffs suffered any monetary loss by purchasing the Products at that price.  In fact, Plaintiffs do not

allege they compared the Products to any other truffle infused olive oil that would have provided them the truffle flavor they were seeking.  Because Plaintiffs have failed to plead an actual financial loss, the Amended Complaint should be dismissed.

## X. Plaintiffs Cannot Assert California, New York, And Pennsylvania State Law Claims On Behalf Of A Nationwide Class

To assert California, New York, or Pennsylvania claims on behalf of putative class members who are not residents of those states, the class action proponent must show that each state has "significant contact or significant aggregation of contacts" to the claims of each class member.  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985); *see also Wash. Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 921 (2001). To show minimum contacts, courts look to defendants' principal place of business, headquarters, state of incorporation, residences of proposed class members, locations of defendants' departments or agents involved in preparing the advertising and other misrepresentations at issue in the litigation, and the volume of defendants' business in the state.  *See Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 598 (C.D. Cal. 2008); *cf. id.* (holding that application of California law comported with due process because plaintiffs alleged that defendant's relevant operations and substantial business were located in California, many of the alleged wrongful acts emanated from California, and a large volume of defendant's sales occurred in California).  Such a showing is necessary to ensure that application of California, New York, or Pennsylvania law is constitutional.  *See Phillips Petroleum Co.*, 472 U.S. at 821.

Here, Plaintiffs have failed to allege facts that would enable a nationwide class to assert claims under California, New York, or Pennsylvania law.  Plaintiffs purport to bring this action on behalf of "a class defined as all persons in the United States who purchased Sabatino Truffle Oil," encompassing any and all purchasers of the Products at any time, whether or not they reside in California, New York, or Pennsylvania.  Am. Compl. ¶ 36.  Plaintiffs have not alleged that the claims by putative class members who are not residents of California, New York, or

24

1   Pennsylvania arise from those states' significant contacts to Plaintiffs' claims.

2   Plaintiffs merely allege that Defendants are New York corporations, that Sabatino

3   Truffles New York, LLC maintains its principal place of business in New York, and

4   that Defendants are "importer[s] of gourmet truffle oils and other Italian delicacies"

5   and "market[] and sell[] these oils widely throughout the United States." *Id.* ¶¶ 9-10.

6   No other facts, such as the volume of Defendants' businesses in California, New

7   York, or Pennsylvania or the location from which Defendants' alleged

8   misrepresentations emanated, are alleged to suggest that these states have sufficient

9   contacts to ensure that application of these states' laws to non-resident putative class

10  members' claims is proper.  Because Plaintiffs have failed to meet their burden to

11  show that they can plausibly pursue claims under these states' laws on behalf of non-

12  resident putative class members, Plaintiffs' nationwide claims for harms suffered by

13  consumers residing in other states should be dismissed.[17]

## **CONCLUSION**

15      For the foregoing reasons, Defendants respectfully request that this Court

16  dismiss the Amended Complaint with prejudice.

Respectfully submitted,

Dated:      August 4, 2017            SIDLEY AUSTIN LLP

By: */s/ Alexis Miller Buese*
Alexis Miller Buese

*Attorneys for Defendants*
Sabatino Truffles New York, LLC and
Sabatino North America, LLC

---

[17] *See McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1425-26 (9th Cir. 1989) (affirming that different jurisdictions have a "significant interest" in regulating alleged fraud perpetrated against persons within their borders); *Frezza v. Google, Inc.*, No. 5:12-cv-00237-RMW, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 22, 2013) (granting motion to dismiss, citing differences in scienter as "not trivial or wholly immaterial"); *Williams v. Oberon Media, Inc.*, No. cv-09-8764-JFW (AGRx), 2010 WL 8453723, at *8 (C.D. Cal. Apr. 19, 2010) ("Each of the fifty states has an interest in the application of its law to its residents.").

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2017, I electronically filed the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS SABATINO TRUFFLES NEW YORK, LLC AND SABATINO NORTH AMERICA, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT** with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexis Miller Buese*
Alexis Miller Buese