# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 17-0783-DOC (KES)                    Date:  September 18, 2017

Title: QUIROZ V. SABATINO TRUFFLES NEW YORK, LLC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [25]**

Before the Court is Defendant Sabatino Truffles New York, LLC and Sabatino North America, LLC's (collectively, "Defendants") Motion to Dismiss ("Motion") (Dkt. 25).[1] The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS IN PART, and DENIES IN PART, Defendants' Motion.

---

[1] Defendants' brief does not comport with the Local Rules in its use of footnotes. *See, e.g.*, Mot. at 7, 11. If Defendants formatted it correctly, its brief would be well over the twenty-five page limit set forth in Local Rule 11-6. The parties are to follow the letter and spirit of the Local Rules in all future briefing filed with the Court.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 2

I.    **Background**

    A.    **Facts**

      The Court adopts the facts set out in Plaintiffs Patrick Quiroz, Dominique Mirza, and Louise Crespo's (collectively, "Plaintiffs") First Amended Complaint ("FAC") (Dkt. 21).

      Defendants hold themselves out as importers of gourmet truffle oils and other Italian delicacies. FAC ¶¶ 9–10. They market and sell these oils widely throughout the United States. *Id.* The bottles of oil in question are labeled as "Black Truffle Infused Olive Oil" and "White Truffle Infused Olive Oil" (collectively, "Sabatino Truffle Oil"). *Id.* ¶ 3.

      In April 2016, Louise Crespo ("New York Plaintiff"), a resident of Brooklyn, New York, purchased a 3.4 fluid ounce bottle of Sabatino Truffle Oil from Key Food in Brooklyn, New York. *Id.* ¶ 8. Prior to making her purchase, she saw that the label on the bottle read "Sabatino White Truffle Infused Olive Oil." *Id.*

      In July 2016, Dominique Mirza ("Pennsylvania Plaintiff"), a resident of East Stroudsburg, Pennsylvania, purchased a 3.4 fluid ounce bottle of Sabatino Black Truffle Infused Olive Oil from World Market in Pennsylvania. *Id.* ¶ 7. Prior to making her purchase, she saw that the label on the bottle read "Sabatino Black Truffle Infused Olive Oil." *Id.*

      Finally, in December 2016, Patrick Quiroz ("California Plaintiff"), a resident of Orange, California, purchased a 3.4 fluid ounce bottle of Sabatino White Truffle Infused Olive Oil from World Market in California. *Id.* ¶ 6. Prior to making his purchase, he saw that the label on the bottle read "Sabatino White Truffle Infused Olive Oil." *Id.*

      Each Plaintiff understood the representations on the products' labels to mean that the products were, in fact, infused with either white or black truffles. *Id.* ¶¶ 6–8. Each Plaintiff relied on these representations in deciding to purchase the products. *Id.* They would not have purchased the products if they had known that the products were not, in fact, infused with white or black truffles. *Id.*

      Sabatino Truffle Oil was submitted to a laboratory for DNA identification testing to test for the presence of actual truffles. *Id.* ¶ 22. The DNA analysis confirmed that Sabatino Truffle Oil does not contain any truffle whatsoever. *Id.* ¶ 23. Instead, the oil

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

contains 2,4-dithiapentane—a petroleum-based, synthetically-produced chemical that imitates the distinct taste and smell of real truffles. *Id.* ¶ 24.

### B.    Procedural History

Plaintiffs initiated this action on May 3, 2017 (Dkt. 1).

On July 21, 2017, Plaintiffs filed the operative complaint, the First Amended Complaint. Plaintiffs allege twelve causes of action: (1) violation of California Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750–85; (2) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17500 *et seq.*; (3) violation of California's False Advertising Law ("FAL"), California Business & Professions Code § 17500 *et seq.*; (4) violation of New York's deceptive acts or practices law, New York General Business Law § 349; (5) violation of New York's false advertising law, New York General Business Law § 350; (6) violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pennsylvania Consolidated Statute § 201-2 *et seq.*; (7) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; (8) breach of express warranty; (9) breach of implied warranty of merchantability; (10) unjust enrichment; (11) negligent misrepresentation; and (12) fraud.

On August 4, 2017, Defendants filed the instant Motion. Plaintiffs opposed on August 21, 2017 ("Opp'n") (Dkt. 30). Defendants replied on August 28, 2017 ("Reply") (Dkt. 31).

## II.    Legal Standard

### A.    Rule 12(b)(1)

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a court lacks subject matter jurisdiction due to a plaintiff's lack of Article III standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (stating Article III standing bears on the court's subject matter jurisdiction, and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1)).

The "irreducible constitutional minimum" of Article III standing contains three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 4

hypothetical. *Id.*; *see also Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Lujan*, 504 U.S. at 560. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* Ultimately, the plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561.

**B.     Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 5

granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

For claims sounding in fraud, a complaint must be dismissed when a plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see* Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff alleging such claims to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Further, if the plaintiff claims a statement is false or misleading, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false*." Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

## C.    Request for Judicial Notice

Defendants have asked the Court to take judicial notice of two documents. *See* Defendants' Request for Judicial Notice ("RJN") (Dkt. 26) at 1. The Court may take judicial notice of court filings and other matters of public record. Fed. R. Evid. 201(b); *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998). Therefore, the Court takes judicial notice of the following documents, filed with the Court as Exhibits 1 and 2 to Defendants' Request for Judicial Notice:

- Sabatino Truffles New York, LLC's ("STNY") articles of incorporation filed with the New York Secretary of State on November 17, 2016.

- Pre-Motion Letter Regarding Opposition to Motion to Dismiss Amended Complaint, filed on July 18, 2017 by plaintiffs in *Brumfield v. Trader Joe's Co.*, Case No. 17-cv-3239 (LGS), ECF No. 23.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                              Date: September 18, 2017

Page 6

## III.    Discussion

### A.    Standing to Assert Claims Based on Products Plaintiffs Did Not Purchase

Plaintiffs assert numerous state and federal claims against Defendants relating to Plaintiffs' purchase of Sabatino Truffle Oil. FAC ¶¶ 45–139. Plaintiffs seek to represent themselves and all other similarly situated purchasers of Sabatino Truffle Oil throughout the United States. *Id.* at ¶ 5.

Defendants argue Plaintiffs lack standing to assert claims based on products they did not actually purchase because they have no basis to allege whether those products were accurately represented, whether Plaintiffs were misled by the products' labeling, or whether the product caused Plaintiffs any injury. Mot. at 6. Defendants further argue that a "named plaintiff in a putative class action cannot expand the scope of his claims to include a product he did not purchase or advertisements relating to a product that he did not rely upon." *Id*. Therefore, Defendants argue that the New York and California Plaintiffs should not be allowed to represent the putative subclass of purchasers that purchased "Sabatino Black Truffle Infused Olive Oil," and the Pennsylvania Plaintiff should not be allowed to represent the putative subclass of purchasers that purchased "Sabatino White Truffle Infused Olive Oil." *Id.* at 6–7.

Plaintiffs contend that (1) Plaintiffs' claims apply equally to both products because they are substantially similar in that they have nearly identical packaging and neither contain truffles; and (2) Defendants' arguments are premature and better suited for the class certification stage. Opp'n at 5.

To establish Article III standing, a plaintiff must demonstrate an injury in fact which is traceable to the defendant's acts and redressable by a court decision. *Lujan*, 504 U.S. at 560–61. In a class action, standing is satisfied if "at least one of the named plaintiffs meets the requirements." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007).

Most California district courts find that a named plaintiff has standing to bring an action for products they did not purchase so long as the unpurchased product is substantially similar to the purchased product. *See, e.g.*, *Sonner v. Schwabe N. Am, Inc.*, 231 F. Supp. 3d 502, 506–07 (C.D. Cal. 2017) (finding plaintiff had standing to bring claims on behalf of purchasers of products she did not purchase based on substantial similarity in the products' ingredients); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1005–06 (N.D. Cal. 2012) (finding plaintiff had standing to bring claims on behalf of purchasers of products he did not purchase based on similar product label

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                    Date: September 18, 2017

Page 7

misrepresentations). The inquiry hinges on "whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014). The issue of whether there are material differences in the products is better suited for the class certification stage. Indeed, "the issue of whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) (internal quotations omitted).

Here, Plaintiffs contend that the White Truffle and Black Truffle Oils are substantially similar in that they have nearly identical packaging, neither contain truffles, and both contain a synthetic substitute. FAC ¶¶ 21–24. The Court finds there is substantial similarity between Defendants' White Truffle Infused Olive Oil and Black Truffle Infused Olive Oil. Both products are packaged and designed in a substantially similar way. FAC ¶¶ 3–4. Furthermore, Plaintiffs' allegations apply equally to both. *Id.* Therefore, at this time, the Court will not dismiss Plaintiffs' claims on this basis.

**B.      Statute of Limitations**

Defendants argue that Plaintiffs' undefined putative class must be kept within the confines of the statutes of limitations applicable to each cause of action. Mot. at 7–8. Plaintiffs claims are subject to statutes of limitations that impose a limit of between two and six years.

California claims based on negligent misrepresentation grounded in negligence, as well as Pennsylvania claims based on fraud and negligent misrepresentation, are subject to a two-year statute of limitations. *See Ventura Cty. Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1530–31 (1996); 42 Pa. Cons. Stat. § 5524(7).

California claims based on CLRA, FAL, common law fraud, unjust enrichment claims grounded on mistake, and negligent misrepresentation grounded in fraud are subject to a three-year statute of limitations. *See* Cal. Civ. Code § 1783 (CLRA); Cal. Civ. Proc. Code § 338(h) (FAL); *Kline v. Turner*, 87 Cal. App. 4th 1369, 1373–74 (2001) (fraud); *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 348 (2008) (unjust enrichment based on mistake); *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920 (2009) (negligent misrepresentation based on fraud).

New York claims based on General Business Law ("GBL") §§ 349 and 350 are also subject to a three-year statute of limitations. *See* N.Y. C.P.L.R. § 214(2).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                    Date: September 18, 2017

Page 8

Claims based on the Magnuson-Moss Warranty Act are subject to a four-year statute of limitations. *See Hooper v. Lockheed Martin Corp.*, 688 F.3d 1037, 1044 (9th Cir. 2012) (explaining that a federal court applies the most closely analogous state statute of limitations when a federal statute contains no express statute of limitations); *see also Rooney v. Sierra Pac. Windows*, 566 F. App'x 573, 576 (9th Cir. 2014) (applying California's most closely analogous statute of limitation of four years); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 531 (E.D.N.Y. 2012) (same); *Keller v. Volkswagen of Am., Inc.*, 733 A.2 642, 644 (Pa. 1999) (same).

California claims based on the UCL, breach of express warranty, or breach of implied warranty are also subject to a four-year statute of limitations. *See* Cal. Bus. & Prof. Code § 17208 (UCL); Cal. Com. Code § 2725 (breach of express and implied warranty)

Pennsylvania claims based on the unjust enrichment, and New York and Pennsylvania claims based on breach of express or implied warranty and unjust enrichment, are also subject to a four-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5525(a); *Cole v. Lawrence*, 701 A.2d 987, 989 (Pa. Super. Ct. 1997) (applying a four-year statute of limitations to actions based on a contract implied at law); *Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc.*, 659 F. Supp. 2d 332, 347–38 (N.D.N.Y. 2009) (applying four-year statute of limitations under § 2-275 of the Uniform Commercial Code to warranty claims);

Finally, Pennsylvania claims based on UTPCPL and New York claims based on negligent misrepresentation grounded in fraud, unjust enrichment, and common law fraud are subject to a six-year statute of limitations. *See Fazio v. Guardian Life Ins. Co. of Am.*, 62 A.3d 396, 410–11 (Pa. Super. Ct. 2012) (UTPCPL); *Milin Pharmacy, Inc. v. Cash Register Sys., Inc.*, 570 N.Y.S.2d 341, 341 (N.Y. App. Div. 1991) (negligent misrepresentation and fraud); N.Y. C.P.L.R. § 213(8) (unjust enrichment).

The named Plaintiffs purchased their products between April and December of 2016. *See* FAC ¶¶ 6–8. Thus, the purchases were made within the relevant statutes of limitation for all causes of action, and therefore none are barred on this basis. In regards to members of the putative class(es), the Court will address statute of limitation issues, should they be relevant, at the class certification stage.

## C.     Failure to State a Claim

Defendants attack the gravamen of Plaintiffs' FAC by arguing that they have pled insufficient facts to suggest the products in this case—Black Truffle Infused Olive Oil

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 9

and White Truffle Infused Olive Oil—are not infused with actual truffles, but are instead infused with a synthetic version known as 2,4-dithiapentane. Mot. at 9.

The FAC unequivocally states, "Sabatino Truffle Oil was submitted to a laboratory for DNA identification testing to test for the presence of actual truffle [which] confirmed [it] does not contain any truffle whatsoever. What it does contain, however, is 2,4-dithiapentane . . . ." FAC ¶¶ 22–24. Defendants argue that "Plaintiffs provide no information about the testing or any reason to believe it could 'confirm' such thing." Mot. at 9–10. However, this argument attacks the legitimacy of the testing procedure itself, which is an issue better suited for discovery. The Court finds Plaintiffs' factual contentions are sufficient to state a plausible claim that Sabatino Truffle Oil does not contain any truffle whatsoever, but instead contains 2,4-dithiapentane. *See Manzarek*, 519 F.3d at 1031 (accepting the factual allegations in the complaint as true and construing the pleadings in light most favorable to the nonmoving party at the motion to dismiss stage).

In addition, the Court agrees with Plaintiffs that "[a]s an initial matter, whether a reasonable consumer is likely to be deceived is an issue of fact that is inappropriate for decision on a motion to dismiss." Opp'n at 9.

Accordingly, the Court DENIES Defendants' Motion to Dismiss based on the failure to state a claim.

### D.    Negligent Misrepresentation

Defendants argue that Plaintiffs' negligent misrepresentation claims under California, New York, and Pennsylvania law fail because the economic loss doctrine acts as a complete bar to those claims in each state, and because Plaintiffs have not met New York and Pennsylvania's special relationship requirements. Mot. at 17–19.

Defendants argue that this case is about Plaintiffs' alleged economic losses suffered because of the alleged misrepresentations on the products' label. *Id*. at 17. Therefore, Defendants argue that the economic loss doctrine acts as a complete bar to Plaintiffs' negligent misrepresentation claims. *Id.*

Neither the California Supreme Court nor the Ninth Circuit have decisively addressed whether the economic loss doctrine bars negligent misrepresentation claims where the injury is solely economic. *See Crystal Springs Upland School v. Fieldturf USA, Inc.* 219 F. Supp. 3d 962, 968–70 (2016) (addressing the split in authority). However, in the context of class action lawsuits involving fraudulent or misleading representations on products, district courts regularly invoke the economic loss doctrine to bar negligent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 10

misrepresentation claims where some form of physical harm is not alleged. *See, e.g.*, *Michael v. Honest Co. Inc.*, No. LA CV15-07059 JAK (AGRx), 2016 WL 8902574, at *23–24 (C.D. Cal. Dec. 6, 2016) (dismissing plaintiffs' negligent misrepresentation claim stemming from a misleading product label based on purely economic losses); *Strumlauf v. Starbucks Corp.*, 192 F. Supp. 3d 1025, 1035 (N.D. Cal. 2016) (quoting *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 777 (1997)) (dismissing with prejudice plaintiff's negligent misrepresentation claim stemming from underfilled coffee drinks based on purely economic damages); *Ladore v. Sony Compt. Entm't Am., LLC*, 75 F. Supp. 3d 1065, 1074–75 (N.D. Cal. 2014) (dismissing plaintiff's negligent misrepresentation claim stemming from a defective video game based on purely economic damages). This Court agrees that the economic loss doctrine acts as a bar to claims for negligence—including negligent misrepresentation—where a plaintiff's damages are purely economic.

Here, Plaintiffs base their damages on the premium price they paid for truffle oil as compared to the value of what they contend was actually a worthless product. FAC ¶ 4. Plaintiffs do not allege any harm to themselves or their property. Based on the purely economic nature of their damages, the Court finds that the economic loss doctrine bars Plaintiffs' California negligent misrepresentation claim.

As Defendants point out, Plaintiffs do not contest that the economic loss doctrine bars their New York and Pennsylvania negligent misrepresentation claims. Reply at 13–14. Indeed, Plaintiffs' failure to address these arguments constitutes waiver, and allows the Court to grant Defendants' motion on this basis alone. *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citing *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)).

In light of Plaintiffs' waiver of their New York and Pennsylvania negligent misrepresentation claims, the Court does not address Defendants' arguments regarding New York and Pennsylvania's privity and special relationship requirements in a negligent misrepresentation action.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Plaintiffs' California, New York, and Pennsylvania negligent misrepresentation claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 11

### E.     Claims Sounding in Fraud

Defendants argue that all of Plaintiffs' claims sounding in fraud should be dismissed for failing to adhere to the heightened particularity requirements of Rule 9(b). Specifically, Defendants assert (1) Plaintiffs impermissibly lump both defendants together in their allegations, (2) Plaintiffs do not adequately plead that Sabatino Truffle Oil's descriptions are false, and (3) Plaintiffs fail to adequately allege reliance or justifiable reliance. Mot. at 11–17. The Court addresses each argument in turn.

### 1.     Misconduct of Each Defendants

Defendants argue that Plaintiffs have failed to plead with particularity the misconduct of each defendant—STNY and Sabatino North America, LLC—to support their claims sounding in fraud. Mot. at 12–13. Specifically, Plaintiffs lump both Defendants together in their FAC and do not specify each Defendants' role in the alleged misbranding of the Sabatino Truffle Oil. *Id.*

Defendants further argue that Plaintiffs cannot allege any specific misconduct in this case against STNY because STNY is a real estate holding company established on November 17, 2016, well after the New York and Pennsylvania Plaintiffs purchased their products. *Id.* However, the articles of incorporation, of which the Court took judicial notice, do not state what type of company STNY is. Without further information, the Court declines to dismiss STNY at this time. *See* RJN Ex. A at 1–3.

In the Ninth Circuit, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in fraud." *U.S. v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (internal citation and quotations omitted). A plaintiff must identify the role of each defendant in the alleged fraudulent scheme. *Id.* However, a pleading is sufficient when it contains "collective allegations to describe the actions of multiple defendants who are alleged to have engaged in precisely the same conduct." *Id.*

Plaintiffs allege both Defendants engaged in precisely the same conduct—*i.e.* marketing and selling truffle oil that does not contain actual truffles, but rather a synthetic substitute. FAC ¶¶ 9–10, 21–24. The Court therefore finds that, as to the roles of each Defendant, Plaintiffs have pled sufficient facts to support their fraud-based causes of action against both Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                         Date: September 18, 2017

Page 12

## 2.    False Representation

Defendants also contend Plaintiffs have failed to plead facts with sufficient particularity to support their contention that the representations on the bottle labels were actually false. Mot. at 13–15.

Plaintiffs allege that "[t]he front label of the packaging of Sabatino Truffle Oil represents in extra-large, bold lettering that the product is infused with 'White Truffle' and 'Black Truffle,' respectively" and the FAC includes a depiction of the products' packaging. FAC ¶ 3. Plaintiffs allege that "Sabatino Truffle Oil was submitted to a laboratory for DNA identification testing to test for the presence of actual truffle[, which] confirmed [it] does not contain any truffle whatsoever. What it does contain, however, is 2,4-dithiapentane . . . ." FAC ¶¶ 22–24. The Court finds these facts sufficient to support Plaintiffs' contentions that the Sabatino Truffle Oils were falsely represented as products containing truffles.

## 3.    Reliance

Finally, Defendants contend that the FAC failed to allege with particularity that Plaintiffs justifiably relied on the alleged misrepresentations in purchasing the Sabatino Truffle Oils. Mot. at 15–17. Therefore, Defendants contend Plaintiffs have not met the "reliance" element of their CLRA, FAL, and UCL claims or the "justifiable reliance" element of their UTPCPL, fraud, or negligent misrepresentation claims in California, New York, and Pennsylvania. The Court addresses each state's law in turn.

### a.    California

For fraud and negligent misrepresentation claims in California, reasonable reliance is found if the "circumstances were such to make it reasonable for the plaintiff to accept the defendant's statements without an independent inquiry or investigation." *Goonewardene v. ADP, LLC*, 5 Cal. App. 5th 154, 178 (2016). The reasonableness of the reliance is based on the plaintiff's knowledge and experience. *Id.* Because the Court has dismissed Plaintiffs' California negligent misrepresentation claim with prejudice, it will only address Plaintiffs' California fraud claim.

Here, Plaintiffs allege that before his purchase, California Plaintiff saw that the label of the Sabatino White Truffle Infused Olive Oil included the words "White Truffle." FAC ¶ 6. He relied on this representation in deciding to purchase the Sabatino White Truffle Infused Olive Oil and would not have purchased the oil if he had known that it was not, in fact, infused with white truffle. *Id.* It was reasonable for the California

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 13

Plaintiff to accept Defendants' representations without an independent inquiry or investigation. Furthermore, given California Plaintiff's status as an average consumer, he does not possess the knowledge or experience to have been able to determine at the time of purchase whether the oil in fact contained white truffles. Therefore, the Court finds Plaintiffs have satisfied the reasonable reliance requirement for California fraud.

Reliance under the CLRA is found when "without the misrepresentation, the plaintiff would not have acted as he did." *Moran v. Prime Healthcare Mgmt. Inc.*, 3 Cal. App. 5th 1131, 1152 (2016). As indicated above, the California Plaintiff alleges he would not have purchased the Sabatino Truffle Oil had he known that it was not infused with white truffle. FAC ¶ 6. Therefore, the Court finds Plaintiffs have satisfied the reasonable reliance requirement under the CLRA.

For California UCL and FAL claims, reliance is inferred from a misrepresentation of material fact. *Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 229–30 (2013). To satisfy the pleading requirement for reliance under these statutes, "a plaintiff need only allege a misrepresentation of material fact." *Id.* As discussed above, Plaintiffs' allegations that California Plaintiff purchased the Sabatino Truffle Oil based on representations on the packaging falsely stating the oil contained truffles are sufficient to allege a misrepresentation of material fact. Therefore, the Court finds Plaintiffs have satisfied the reliance requirement of their California UCL and FAL claims.

### b.    New York

For a fraud claim under New York law, "justifiable reliance does not exist where a party has the means to discover the true nature of the transaction by the exercise of ordinary intelligence, and fails to makes use of those means." *Kurtz v. Foy*, 884 N.Y.S.2d 498, 501 (2009).

Here, Plaintiffs allege that before her purchase, New York Plaintiff saw that the label of the Sabatino White Truffle Infused Olive Oil included the words "White Truffle." FAC ¶ 8. She relied on this representation in deciding to purchase the Sabatino White Truffle Infused Olive Oil and would not have purchased the oil if she had known that it was not, in fact, infused with white truffle. *Id.* There is no evidence that the New York Plaintiff had the means to discover the true nature of the transaction—that the product did not contain white truffles—when making her purchase, and Defendants do not argue otherwise. In fact, no exercise of ordinary intelligence would have revealed the alleged true nature of the product. Therefore, the Court finds that Plaintiffs have satisfied the justifiable reliance element of their New York fraud claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

Page 14

In determining whether reliance was justifiable in a negligent misrepresentation claim, New York law requires the finder of fact to consider "whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose." *Jones v. Halstead Mgmt. Co., LLC*, 81 F. Supp. 3d 324, 338 (S.D.N.Y. 2015).

Here, Defendants imported, marketed, and sold the Sabatino Truffle Oil, and therefore, held the unique expertise to know exactly what ingredients were used in making the product. FAC ¶¶ 9–10, 129–32. Furthermore, Defendants represented on their products' labels that the products contained either white or black truffles, knowing that consumers would purchase the product for that very reason. There is no indication that a special relationship of trust or confidence existed between the parties; nevertheless the rest of the factors weigh in Plaintiffs' favor. Therefore, the Court finds that the New York Plaintiffs have satisfied the justifiable reliance element of their New York negligent misrepresentation claim.

### c.       Pennsylvania

To bring a private cause of action under the UTPCPL, Pennsylvania law requires a plaintiff to show that "he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Yocca v. Pittsburg Steelers Sports, Inc.*, 578 Pa. 479, 501 (2004). Evidence of reliance must be more than a causal connection between the misrepresentation and the harm. *Slapikas v. First Am. Title Ins. Co.*, 298 F.R.D. 285, 294 (W.D. Pa. 2014). "[A] plaintiff must show that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation." *Coleman v. Commonwealth Land Title Ins. Co.*, 318 F.R.D. 275, 284 (E.D. Pa. 2016).

Here, Plaintiffs allege that before her purchase, Pennsylvania Plaintiff saw that the label of the Sabatino Black Truffle Infused Olive Oil included the words "Black Truffle." FAC ¶ 7. She relied on this representation in deciding to purchase the Sabatino Black Truffle Infused Olive Oil and would not have purchased the oil if she had known that it was not, in fact, infused with black truffle. *Id.* This is sufficient to demonstrate that she justifiably purchased the product in the first place because of the alleged misrepresentation. Therefore, the Court finds that Plaintiffs have sufficiently alleged facts to satisfy the justifiable reliance requirement of the UTPCPL.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                   Date: September 18, 2017

Page 15

In analyzing Pennsylvania fraud claims, Pennsylvania courts find that "whether reliance on an alleged misrepresentation is justified depends on whether the recipient knew or should have known that the information supplied was false." *Porreco v. Porreco*, 571 Pa. 61, 70–71 (2002). "Where the means of obtaining the information in question were not equal, the representations of the person believed to possess superior information may be relied upon." *Id.* As analyzed above, before purchasing the bottle of Sabatino Truffle Oil, Pennsylvania Plaintiff read the representation on the label that indicated that the oil was infused with black truffles. FAC ¶ 7. There is no indication that she knew or should have known that the Sabatino Truffle Oil was not infused with truffles. In addition, Defendants clearly have greater means of determining whether their products in fact contain truffles. Therefore, Plaintiffs' allegations satisfy the justifiable reliance element of fraud under Pennsylvania law.

Finally, Pennsylvania courts analyze justifiable reliance in the negligent misrepresentation context by considering "the relationship of the parties involved and the nature of the transaction when determining whether one party's reliance on the allegedly fraudulent representations of another is justifiable." *Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 135 (3d Cir. 2005) (quoting *Rempel v. Nationwide Life Ins. Co., Inc.*, 471 Pa. 404, 408 (1977)). In Pennsylvania, "[t]he right to rely upon a representation is generally held to be a question of fact." *Id.* (quoting *Silverman v. Bell Sav. & Loan Ass'n*, 367 Pa. Super. 464, 474 (1987)). Here, the relationship between Pennsylvania Plaintiff and Defendants is that of a product distributor and an average consumer. Whether Pennsylvania Plaintiff, as a consumer, justifiably relied on Defendants' misrepresentations is a question of fact that the Court will not address at the motion to dismiss stage. At this stage, however, the Court finds Plaintiffs' allegations on this element to be sufficient.

Because the Court finds that Plaintiffs have adequately pled all of the requisite elements of their fraud-based claims, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' claims sounding in fraud.

### F.    **Magnuson-Moss Warranty Act Claim**

Defendants argue that the words "White Truffle Infused Olive Oil" and "Black Truffle Infused Olive Oil" are product descriptions and not written warranties as defined by MMWA, 15 U.S.C. § 2301 *et seq.*

The MMVA defines a written warranty as:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                    Date: September 18, 2017

> any written affirmation of fact or written promise made in
> connection with the sale of a consumer product by a supplier to a
> buyer which relates to the nature of the material or workmanship and
> affirms or promises that such material or workmanship is defect free
> or will meet a specified level of performance over a specified period
> time.

15 U.S.C. § 2301(6)(A).

Here, the bottles' labels describe the essence of the products as an olive oil infused with either black or white truffles. These representations are descriptions, and a product's description does not fall within the scope of the MMWA's written warranty definition. *See, e.g.*, *Perez v. Monster Inc.*, 149 F. Supp. 3d 1176, 1183 (N.D. Cal. 2016) ("Statements merely describing the materials contained in a product are not considered written warranties under the MMWA because such statements do not guarantee performance or lack of defects."); *Viggiano v. Hansen Nat. Corp*., 944 F. Supp. 2d 877, 897–98 (C.D. Cal. 2013) (holding that "premium" and "all natural flavors" are product descriptions, not written warranties under the MMWA); *Anderson*, 888 F. Supp. 2d. at 1004 (holding "all natural" is not a written warranty as defined by the MMWA).

Next, Plaintiffs allege that the products are defective under the MMWA. However, courts find that allegations of synthetic materials in products are insufficient to sustain a cause of action under the MMWA, because this is not a defect within the meaning of the statute. *See Dorsey v. Rockhard Laboratories, LLC*, No. CV 13-07557 DDP (RZx), 2014 WL 4678969, at *9 (N.D. Cal. Sept. 19, 2014) ("While a product that is 'synthetic' and 'artificial' may not be defective, a product that is ineffective is."); *Astiana v. Dreyer's Grand Ice Cream Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *3 (N.D. Cal. July 20, 2012) (holding that synthetic ingredients are not defects under the MMVA).

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' Magnuson-Moss Warranty Act claim.

### G.    Implied Warranty of Merchantability

Defendants argue Plaintiffs cannot state a claim for implied warranty of merchantability because California and New York require vertical contractual privity between the parties. Mot. at 19. Furthermore, they argue that Plaintiffs fail to allege that the products lacked even the most basic degree of fitness for ordinary use as required by California, New York, and Pennsylvania law. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0783-DOC (KES)                              Date: September 18, 2017

### 1.    California

The California Commercial Code implies a warranty of merchantability that the goods are fit for the ordinary purposes for which such goods are used. *See* Cal. Com. Code § 2314(2)(c). "[I]mplied warranty of merchantability, which arises by operation of law, is breached when the goods do not conform to the promises or affirmations contained on the container or label or are not fit for the ordinary purposes for which the goods are used." *Martinez v. Metabolife Intern., Inc.*, 113 Cal. App. 4th 181, 189 (2003) (quoting *Hauter v. Zogarts*, 14 Cal. 3d 104, 117–18 (1975)). "The general rule is that privity of contract is required in an action for breach of either express or implied warranty." *Burch v. Super. Ct.*, 223 Cal. App. 4th 1411, 1423 (2014). However, "California law does not require privity for implied warranty claims involving sealed food products." *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 932–33 (N.D. Cal. 2014) (quoting *Klein v. Duchess Sandwich Co.*, 14 Cal. 2d 272, 284 (1939)); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th. Cir. 2008) (recognizing exceptions to the privity requirement including foodstuffs, pesticides, and pharmaceuticals). Furthermore, California law does not require privity when "the plaintiff relies on written labels or advertisements of the manufacturer." *Clemens*, 534 F.3d at 1023.

Plaintiffs allege that the Sabatino Truffle Oil does not conform to its labels' promise or affirmation that the product contains black or white truffles, because testing revealed the oil in fact does not contain truffles. FAC ¶¶ 1–4, 22–24. These allegations are sufficient to establish a breach of implied warranty of merchantability. Plaintiffs meet both exceptions to the privity requirement. It is axiomatic that Sabatino Truffle Oil is a food product because the primary purpose of this product is for ingestion and introduction into the human body; the Court makes the reasonable inference that the oil is also sealed. Second, Plaintiffs allege they relied on the representations on the products' label in deciding to make their purchase. *Id.* ¶ 6–9. Thus, Plaintiffs have sufficiently alleged facts that demonstrate that their California implied warranty claim falls within the sealed food products exception to California's privity requirement.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' California implied warranty of merchantability claim.

### 2.    New York

Under New York law, a claim for implied warranty of merchantability "requires a showing of privity between the manufacturer and the plaintiff when there is no claim for

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                              Date: September 18, 2017

Page 18

personal injuries." *Adirondack Combustion Techs., Inc. v. Unicontrol, Inc.*, 793 N.Y.S. 2d 576, 579 (2005).

Here, Plaintiffs do not attempt to establish privity with Defendants. Instead, Plaintiffs cite a case from 1938 to argue that the food product exception to privity also applies in New York. Opp'n at 15. However, New York has not adopted this exception and still requires privity absent any personal injury. *See Welch v. Schiebelhuth*, 169 N.Y.S. 2d 309, 310 (1957) ("The general rule is that a manufacturer or seller of food . . . is not liable to third persons, under an implied warranty who have no contractual relations with him."); *see also Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015) (refusing to apply a food product or medicine exception to New York's privity requirement). Thus, Plaintiffs have not demonstrated that they meet New York's privity requirement for implied warranty of merchantability.

Given this finding, the Court finds it unnecessary to analyze whether the product is fit for ordinary purpose under New York law.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' New York implied warranty of merchantability claim.

### 3.    Pennsylvania

Under Pennsylvania law, "a warranty that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *Am. Atelier, Inc. v. Materials, Inc.*, 675 F. App'x 149, 152 (3d Cir. 2017).

> The Pennsylvania Supreme Court has explained that the concept of "merchantability" does not require that the goods be the best quality, or the best obtainable, but it does require that they have an inherent soundness which makes them suitable for the purpose for which they are designed, that they be free from significant defects, that they perform in the way that goods of that kind should perform, and that they be of reasonable quality within expected variations and for the ordinary purpose for which they are used.

*Id.* (citing *Gall by Gall v. Allegheny Cty. Health Dep't.*, 521 Pa. 68, 75 (1989)).

However, Defendants provide no authority on how Pennsylvania interprets fitness for ordinary use, and the Court has not found any. Plaintiffs allege that the products were defective because they did not contain any truffles, but instead contained a synthetic

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                Date: September 18, 2017

Page 19

substitute. FAC ¶ 115–20. This is sufficient to allege a lack of merchantability as defined above.

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' Pennsylvania implied warranty of merchantability claim.

### H.    Unjust Enrichment Claims

Defendants argue that Plaintiffs cannot sustain an unjust enrichment cause of action because (1) California does not recognize unjust enrichment as a cause of action, and (2) Plaintiffs and Defendants' relationship is too attenuated to sustain an unjust enrichment cause of action in New York. Mot. at 21. In the alternative, Defendants argue that Plaintiffs' common law cause of action is duplicative of New York's General Business Law §§ 349 and 350. *Id.* at 21–22.

### 1.    California

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citing *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010)). Instead, unjust enrichment is "a theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Id.* at 762. "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).

Here, Plaintiffs argue that their unjust enrichment claims are grounded in quasi-contract. Opp'n at 17. California Plaintiff alleges that before his purchase, he saw that the bottle of Sabatino Truffle Oil represented on its label that it was infused with "White Truffle." FAC ¶ 6. He relied on that representation in deciding to purchase the Sabatino Truffle Oil and would not have purchased it if he had known that it was not, in fact, infused with white truffle. *Id.* As a result, Defendants have been unjustly enriched in retaining the revenues derived from the Plaintiffs' purchases of the Sabatino Truffle Oil. FAC ¶¶ 125–26. The Court finds these allegations sufficient to support an unjust enrichment cause of action grounded in quasi-contract under California law. *See Astiana*, 789 F.3d at 762 (holding that plaintiffs stated a cause of action for quasi-contract by alleging that defendants enticed them to purchase products through false and misleading labeling which resulted in unjust enrichment).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                Date: September 18, 2017

Page 20

Accordingly, the Court DENIES Defendants' Motion to Dismiss Plaintiffs' California unjust enrichment claim.

## 2.    New York

To sustain an unjust enrichment cause of action under New York law, Plaintiffs must establish "(1) that the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *GFRE, Inc. v. U.S. Bank, N.A.*, 13 N.Y.S. 3d 452, 454 (2015). Furthermore, unjust enrichment requires "a connection between the parties that [is] not too attenuated." *Georgia Malone & Co., Inc. v. Rieder*, 19 N.Y.3d 511, 517–18 (2004).

Here, New York Plaintiff indirectly purchased Defendants' product through retailer Key Food. FAC ¶ 8. This type of relationship is not considered too attenuated to sustain an unjust enrichment cause of action. *See Cox v. Microsoft Corp.*, 778 N.Y.S. 2d 147, 149 (2004) (allowing an indirect purchaser to assert an unjust enrichment claim against the manufacturer).

However, New York regularly dismisses unjust enrichment claims when they are duplicative of other claims. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)

> unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled. An unjust enrichment claim is not available where it simply duplicates or replaces a conventional contract or tort claim.

*Id.* (internal citations omitted).

Plaintiffs predicate their unjust enrichment claim on the same set of facts that support their other New York law-based claims—*i.e.* New York Plaintiff purchased the Sabatino Truffle Oil based on representations on the packaging stating it contained truffles, when in fact it did not, thereby conferring a benefit on Defendants. FAC ¶¶ 4–9. New York courts regularly dismiss unjust enrichment claims when they appear duplicative of other claims. *See, e.g.*, *Eagle v. Emigrant Savings Bank*, 49 N.Y.S.3d 124, 125 (2017) (affirming dismissal of plaintiff's unjust enrichment claim for being

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                          Date: September 18, 2017

Page 21

duplicative of his breach of contract claim); *Corsello*, 18 N.Y.3d at 791 (dismissing plaintiffs' unjust enrichment claim for being duplicative of their trespassing and deception claims); *Cooper, Bamundo, Hecht & Longworth, LLP v. Kuzinski*, 789 N.Y.S.2d 508, 510 (2005) (assigning error to the lower court for not dismissing plaintiff's unjust enrichment claim for being duplicative of his breach of contract claim). Because Plaintiffs' unjust enrichment claim in this case is duplicative of their New York General Business Law claims under §§ 349 and 350, the Court DISMISSES WITH PREJUDICE Plaintiffs' New York unjust enrichment claim as duplicative.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiffs' New York unjust enrichment claim.

## I.      Ascertainable Loss

Defendants argue that the FAC must be dismissed because Plaintiffs have not plead sufficient facts to establish an actual financial loss. Mot. at 22–23.

In the FAC, Plaintiffs allege they paid a premium price for the Sabatino Truffle Oil on account of the misrepresentation that the Sabatino Truffle Oil contained truffles when it did not. FAC ¶ 4. Plaintiffs also allege that they would not have purchased the oil if they had known that the product was not, in fact, infused with truffles. *Id.* ¶¶ 6–7. They provide a sales pricing chart to illustrate the premium price of the Sabatino Truffle Oil as compared to other olive oils. *Id.* at 4.

Courts often address any issues regarding determination of damages at the class certification stage. *See, e.g.*, *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (addressing economic injury issues at the class certification stage); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*, 288 F.R.D. 445, 449 (C.D. Cal. 2013) (same); *In re Vioxx Class Cases* 180 Cal. App. 4th 116, 131 (2009) (same). The Court finds the above facts are sufficient to establish an actual financial loss at this stage, and will address further issues with Plaintiffs' determination of damages at the class certification stage.

## J.      Ascertaining California, New York, and Pennsylvania State Law Claims on Behalf of a Nationwide Class

Finally, Defendants argue that Plaintiffs cannot assert California, New York, and Pennsylvania state law claims on behalf of a nationwide class because they have not shown that each state has had significant contact or significant aggregation of contacts to the claims of each class member. Mot. at 24–25. In the context of class action

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0783-DOC (KES)                                    Date: September 18, 2017

Page 22

certification, the Supreme Court has found "that for a State's substantive law to be selected in a constitutionally permissible manner, that State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985).

Defendants' arguments relate to the application of state laws to a putative class and do not relate to the sufficiency of Plaintiffs' FAC. Defendant's concerns are therefore raised prematurely. *See Whitson v. Bumbo, Ltd.*, No. C 07-05597 MPH, 2008 WL 2080855, at *1 (N.D. Cal. May 14, 2008) (refusing to dismiss a complaint because plaintiffs alleged causes of action based on multiple states' laws). They are more appropriately addressed if and when Plaintiff moves for class certification. The Court will not dismiss Plaintiffs' claims on this basis.

## IV.    Disposition

For the foregoing reasons, the Court DENIES IN PART and GRANTS IN PART Defendants' Motion to Dismiss. The Court DISMISSES WITH PREJUDICE New York unjust enrichment claims. The Court DISMISSES WITHOUT PREJUDICE Plaintiffs' California, New York, and Pennsylvania negligent misrepresentation claims, Magnuson-Moss Warranty Act claim, and New York implied warranty of merchantability claim.

Plaintiffs may file an amended complaint, if desired, on or before **October 16, 2017**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                         Initials of Deputy Clerk: djg
CIVIL-GEN