1
Mark D. Campbell (SBN 180528)
mcampbell@sidley.com
2
Alexis Miller Buese (SBN 259812)
alexis.buese@sidley.com
3
SIDLEY AUSTIN LLP
555 West Fifth Street
4
Los Angeles, CA 90013
Telephone: +1 213 896 6000
5
Facsimile: +1 213 896 6600

6
Attorneys for Defendants
SABATINO TRUFFLES NEW YORK,
7
LLC and SABATINO NORTH
AMERICA, LLC
8

UNITED STATES DISTRICT COURT
9
CENTRAL DISTRICT OF CALIFORNIA
10

11

12
PATRICK QUIROZ, DOMINQUE
MIRZA, and LOUISE CRESPO, on
13
behalf of themselves and all other
similarly situated, ,
14

15
                Plaintiffs,

16
        v.

17
SABATINO TRUFFLES NEW YORK,
18
LLC and SABATINO NORTH
AMERICA, LLC,
19

20
                Defendants.

21

22

23

24

25

26

27

28

Case No.  8:17-cv-00783-DOC-KES

Assigned to: Hon. David O. Carter,
Ctrm. 9D

**DEFENDANTS SABATINO
TRUFFLES NEW YORK, LLC AND
SABATINO NORTH AMERICA,
LLC'S ANSWER TO PLAINTIFFS'
AMENDED CLASS ACTION
COMPLAINT**

Amended Complaint Filed:  July 21, 2017

1       Defendants Sabatino Truffles New York, LLC and Sabatino North America,

2   LLC ("Defendants"), for their answer and defenses to the Amended Class Action

3   Complaint filed herein by Plaintiffs Patrick Quiroz, Dominique Mirza and Louise

4   Crespo, on behalf of themselves and all others similarly situated ("Plaintiffs") hereby

5   state as follows:

6

7                               **INTRODUCTION**

8   **PARAGRAPH NO. 1:**

9       This is a class action against Sabatino Truffles New York, LLC and Sabatino

10  North America, LLC (collectively, "Sabatino" or "Defendants") for the false,

11  misleading, and deceptive misbranding of their Sabatino White Truffle Infused Olive

12  Oil and Sabatino Black Truffle Infused Olive Oil (the "Products" or "Sabatino Truffle

13  Oil") sold to consumers.  Sabatino markets their truffle oil as being infused with actual

14  "White Truffle[s]" or "Black Truffle[s]," respectively.  But Sabatino Truffle Oil is

15  nothing of the sort; instead of flavoring its oil with actual "White Truffle[s]" or "Black

16  Truffle[s]," Defendants' Products are flavored with an industrially produced,

17  chemically-derived perfume known as "2,4-dithiapentane."  Despite the absence of

18  actual "White Truffle" or "Black Truffle," Sabatino Truffle Oil is sold at a substantial

19  price premium over olive oil not infused with real truffles.

20  **RESPONSE TO PARAGRAPH NO. 1:**

21      Defendants admit that Plaintiffs purport to bring a class action alleging that

22  Defendants Sabatino White Truffle Infused Olive Oil and Sabatino Black Truffle

23  Infused Olive Oil (the "Products") is falsely, misleadingly, and deceptively

24  misbranded.  Defendants otherwise deny the remaining allegations in Paragraph 1.

25  **PARAGRAPH NO. 2:**

26      2,4-dithiapentane, also known as "formaldehyde dimethyl mercaptal," is

27  synthetically prepared by the acid-catalyzed addition of methyl mercaptan to

28  formaldehyde.  Although it emulates the taste and smell of truffles, it is *not* truffle.

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

**RESPONSE TO PARAGRAPH NO. 2:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 3:**

Sabatino's misbranding is intentional.  The front label and packaging of Sabatino Truffle Oil represents in extra-large, bold lettering that the product is infused with "White Truffle" and "Black Truffle," respectively:



DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

**RESPONSE TO PARAGRAPH NO. 3:**

Defendants deny the Products are misbranded.  Defendants admit that the Products labels state "Black Truffle infused Olive Oil" and "White Truffle Infused Olive Oil."  Defendants otherwise deny the remaining allegations in Paragraph 3.

**PARAGRAPH NO. 4:**

The mislabeling of Sabatino Truffle Oil renders the product completely worthless.  By mislabeling its products, Sabatino dupes consumers into purchasing something that is not truffle oil.  Nevertheless, Sabatino Truffle Oil is labeled and sold as premium truffle oil, and it commands a *significant* price premium over other olive oil products.  For example, Sabatino Truffle Oil commands a 934% - 990% price premium, per fluid ounce, over a competing olive oil brand:

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Sabatino White Truffle Infused Olive Oil | 3.4 fl. oz. | $16.50 | $4.80 per fl. oz. |
| Sabatino Black Truffle Infused Olive Oil | 3.4 fl. oz. | $15.50 | $4.55 per fl. oz. |
| Bertoli Extra Virgin Olive Oil | 8.5 fl. oz. | $3.78 | $0.44 per fl. oz. |

Plaintiffs and class members have thus been hit with a costly double-whammy: a premium purchase price for a worthless product.

**RESPONSE TO PARAGRAPH NO. 4:**

Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

**PARAGRAPH NO. 5:**

Through this lawsuit, Plaintiffs seek to recover, for themselves and all others similarly situated purchasers of Sabatino Truffle Oil in the United States, damages against Defendants for breach of the Magnuson-Moss Warranty Act, breaches of express and implied warranty, unjust enrichment, negligent misrepresentation, fraud,

3

1  and violations of New York, Pennsylvania, and California's false advertising and

2  consumer protection laws.

3  **RESPONSE TO PARAGRAPH NO. 5:**

4      Defendants admit that Plaintiffs purport that they are seeking to recover

5  damages against Defendants for breach breaches of express and implied warranty,

6  unjust enrichment, fraud, and violations of New York, Pennsylvania, and California's

7  false advertising and consumer protection laws.  Pursuant to the Court's September

8  18, 2017 Order, the Court dismissed the New York Unjust enrichment claims,

9  Plaintiffs California New York and Pennsylvania negligent misrepresentation claims,

10  Magnuson Moss Warranty Act claim, and New York implied warranty of

11  merchantability claim, accordingly Defendants do not need to respond to those

12  allegations.  Defendants deny any remaining allegations of Paragraph 5 of the

13  Amended Complaint.

14  **THE PARTIES**

15  **PARAGRAPH NO. 6:**

16      Plaintiff Patrick Quiroz is a citizen of California who resides in Orange,

17  California.  In December of 2016, Plaintiff Quiroz purchased a 3.4 fl. oz. bottle of

18  Sabatino White Truffle Infused Olive Oil from World Market in California.  The bottle

19  he purchased prominently displayed the product name and represented that it was

20  infused with "White Truffle" in large, bold letters.  He saw these representations prior

21  to and at the time of purchase, and understood them as representations and warranties

22  that the product was, in fact, infused with white truffles.  He relied on these

23  representations and warranties in deciding to purchase Sabatino Truffle Oil and these

24  representations and warranties were part of the basis of the bargain in that he would

25  not have purchased Sabatino Truffle Oil if he had known that the product was not, in

26  fact, infused with white truffles.  However, the Sabatino Truffle Oil purchased by

27  Plaintiff Quiroz was mislabeled in that it was not infused with actual "White

28  Truffle[s]."

**RESPONSE TO PARAGRAPH NO. 6:**

Defendants deny that the product is mislabeled.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining portions of Paragraph 6 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 7:**

Plaintiff Dominique Mirza is a citizen of Pennsylvania who resides in East Stroudsburg, Pennsylvania.  In July of 2016, Plaintiff Mirza purchased a 3.4 fl. oz. bottle of Sabatino Black Truffle Infused Olive Oil from World Market in Pennsylvania.  The bottle she purchased prominently displayed the product name and represented that it was infused with "Black Truffle" in large, bold letters.  She saw these representations prior to and at the time of purchase, and understood them as representations and warranties that the product was, in fact, infused with black truffles.  She relied on these representations and warranties in deciding to purchase Sabatino Truffle Oil and these representations and warranties were part of the basis of the bargain in that she would not have purchased Sabatino Truffle Oil if she had known that the product was not, in fact, infused with black truffles.  However, the Sabatino Truffle Oil purchased by Plaintiff Mirza was mislabeled in that it was not infused with actual "Black Truffle[s]."

**RESPONSE TO PARAGRAPH NO. 7:**

Defendants deny that the product is mislabeled.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remaining portions of Paragraph 7 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 8:**

Plaintiff Louise Crespo is a citizen of New York who resides in Brooklyn, New York.  In April of 2016, Plaintiff Crespo purchased a 3.4 fl. oz. bottle of Sabatino White Truffle Infused Olive Oil from Key Food in Brooklyn, New York.  The bottle

1  she purchased prominently displayed the product name and represented that it was

2  infused with "White Truffle" in large, bold letters.  She saw these representations prior

3  to and at the time of purchase, and understood them as representations and warranties

4  that the product was, in fact, infused with white truffles.  She relied on these

5  representations and warranties in deciding to purchase Sabatino Truffle Oil and these

6  representations and warranties were part of the basis of the bargain, in that she would

7  not have purchased Sabatino Truffle Oil if she had known that the product was not, in

8  fact, infused with white truffles.  However, the Sabatino Truffle Oil purchased by

9  Plaintiff Crespo was mislabeled in that it was not infused with actual "White

10  Truffle[s]."

11  **RESPONSE TO PARAGRAPH NO. 8:**

12      Defendants deny that the product is mislabeled.  Defendants lack sufficient

13  knowledge or information to form a belief as to the truth of the allegations in the

14  remaining portions of Paragraph 8 of the Amended Complaint and on that basis deny

15  those allegations.

16  **PARAGRAPH NO. 9:**

17      Defendant Sabatino Truffles New York, LLC is a corporation existing under the

18  laws of the State of New York, with its principal place of business as 400 East 54th

19  Street, New York, New York.  Defendant Sabatino Truffles New York, LLC holds

20  itself out as an importer of gourmet truffle oils and other Italian delicacies.  Defendant

21  Sabatino Truffles New York markets and sells these oils widely throughout the United

22  States.  Plaintiffs reserve their rights to amend this Complaint to add different or

23  additional defendants, including without limitation any officer, director, employee,

24  supplier, or distributor of Sabatino who has knowingly and willfully aided, abetted, or

25  conspired in the false and deceptive conduct alleged herein

26  **RESPONSE TO PARAGRAPH NO. 9:**

27      Defendants admit that Sabatino Truffles New York, LLC is a corporation

28  existing under the laws of the State of New York, with its principal place of business

1  as 400 East 54th Street, New York, New York. Defendants deny the remaining

2  allegations of Paragraph 9 of the Amended Complaint.

3  **PARAGRAPH NO. 10:**

4  Defendant Sabatino North America, LLC is a corporation existing under the

5  laws of the State of New York, with its principal place of business as 135 Front Ave.,

6  West Haven, Connecticut.  Defendant Sabatino North America, LLC holds itself out

7  as an importer of gourmet truffle oils and other Italian delicacies.  Defendant Sabatino

8  North America, LLC markets and sells these oils widely throughout the United States.

9  Plaintiffs reserve their rights to amend this Complaint to add different or additional

10  defendants, including without limitation any officer, director, employee, supplier, or

11  distributor of Sabatino who has knowingly and willfully aided, abetted, or conspired in

12  the false and deceptive conduct alleged herein.

13  **RESPONSE TO PARAGRAPH NO. 10:**

14  Defendants admit that Sabatino North America, LLC is a corporation existing

15  under the laws of the State of New York, with its principal place of business as 135

16  Front Ave., West Haven, Connecticut.  Defendants admit that Sabatino North

17  America, LLC imports truffle.  Paragraph 10 otherwise asserts legal conclusions to

18  which no response is required.  To the extent a response is required, Defendants deny

19  all remaining allegations in Paragraph 10.

20  **JURISDICTION AND VENUE**

21  **PARAGRAPH NO. 11:**

22  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal

23  question).  This Court has supplemental jurisdiction over state law claims pursuant to

24  28 U.S.C. § 1367.

25  **RESPONSE TO PARAGRAPH NO. 11:**

26  Paragraph 11 asserts legal conclusions to which no response is required.  To the

27  extent a response is required, Defendants deny that there is federal subject matter

28  jurisdiction.

7

**PARAGRAPH NO. 12:**

This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

**RESPONSE TO PARAGRAPH NO. 12:**

Paragraph 12 asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that the allegations in Paragraph 12.

**PARAGRAPH NO. 13:**

Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff Quiroz is a citizen of California and purchased Sabatino Truffle Oil from Defendants in this District.  Moreover, Defendants distributed, advertised, and sold Sabatino Truffle Oil, which is the subject of the present Complaint, in this District.

**RESPONSE TO PARAGRAPH NO. 13:**

Defendants admit that the Product was sold in this judicial district.  Paragraph 13 otherwise asserts legal conclusions to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and on that basis deny those allegations.

**FACTUAL BACKGROUND**

**PARAGRAPH NO. 14:**

Nothing boosts the prestige (and price) of a food or beverage like the perception that it is traditional, hand-picked, fresh, or otherwise limited in production.

**RESPONSE TO PARAGRAPH NO. 14:**

Paragraph 14 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 15:**

For example, Whole Foods lists prices for its fruits and vegetables on what appear to be chalkboards.  The implication is that prices change regularly as if responding to local crop conditions.  In fact, the prices are permanently printed on the faux chalkboards, which are part of a marketing strategy meant to "evoke the image of Grapes of Wrath-era laborers piling box after box of fresh fruit into the store."

**RESPONSE TO PARAGRAPH NO. 15:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 16:**

But in a world full of manipulative marketers, the truffle is the real deal.  A type of fungus that grows on tree roots, the truffle stands on the right side of the line between decomposition and decadence.  While many are viewed as almost worthless, a few truffle varieties found in Italy, France, Spain, and surrounding areas are esteemed as a luxurious addition to numerous dishes such as pasta, steaks, and foie gras.

**RESPONSE TO PARAGRAPH NO. 16:**

Paragraph 16 asserts legal conclusions and argument to which no response is

9

required.  To the extent a response is required, Defendants admit truffle is added to numerous dishes such as pasta, steaks, and foie gras.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 17:**

These truffles help dishes "jump off the plate" with an aroma that is captivating. These fickle cousins of mushrooms have proven impossible to mass produce; they are still dug up individually by dogs that track their scent.

**RESPONSE TO PARAGRAPH NO. 17:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 18:**

The truffle stands in stark contrast to our era of convenience: the preservatives in bread that allow it to stay fresh for weeks and the year-round availability of seasonal fruits and vegetables.  Admirers contend that the truffle begins to lose its flavor as soon as it is pulled from the ground, and fresh truffles are seasonal.  The rarity of truffles has made them—at thousands of dollars per pound for Italy's prized white truffles—the most expensive food in the world.   In 2007, a Macau casino owner set a record by paying $330,000 for a 3.3-pound truffle unearthed in Tuscany.

**RESPONSE TO PARAGRAPH NO. 18:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 19:**

The combination of these two trends—the desire for a convenient, ever-ready supply of an ingredient, and a hunger for the traditional, the rare, and "real food" – has created an environment ripe for fraudulent behavior.  This, in turn, led to what seems

to be a remarkably successful scam on foodie culture: truffle oil.

**RESPONSE TO PARAGRAPH NO. 19:**

Paragraph 19 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants deny the allegations of Paragraph 19 of the Amended Complaint.

**PARAGRAPH NO. 20:**

Despite the name, some manufacturers produce "truffle oil" that does not contain even trace amounts of truffle; it is olive oil mixed with 2,4-dithiapentane, a compound that makes up part of the smell of truffles and is entirely the product of a laboratory.  Essentially, truffle oil is olive oil plus a synthetic injection imitating truffles' famous taste and smell.

**RESPONSE TO PARAGRAPH NO. 20:**

Paragraph 20 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny that the White Truffle Infused Olive Oil and Black Truffle Infused Olive Oil sold by Sabatino North America, LLC contain any synthetic ingredients, including synthetically produced 2,4-dithiapentane.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 21:**

And Sabatino Truffle Oil is no exception.  It is a distant cry from oil infused with real truffles.

**RESPONSE TO PARAGRAPH NO. 21:**

Defendants deny the allegations of Paragraph 21 of the Amended Complaint.

**PARAGRAPH NO. 22:**

In fact, Sabatino Truffle Oil was submitted to a laboratory for DNA identification testing to test for the presence of actual truffle.

11

**RESPONSE TO PARAGRAPH NO. 22:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 23:**

Unsurprisingly, the DNA analysis confirmed that Sabatino Truffle Oil does not contain any truffle whatsoever.

**RESPONSE TO PARAGRAPH NO. 23:**

Defendants deny the allegations of Paragraph 23 of the Amended Complaint.

**PARAGRAPH NO. 24:**

What it does contain, however, is 2,4-dithiapentane – a petroleum-based, synthetically-produced imposter chemical that imitates the distinct taste and smell of real truffles.

**RESPONSE TO PARAGRAPH NO. 24:**

Defendants deny the allegations of Paragraph 24 of the Amended Complaint.

**PARAGRAPH NO. 25:**

The Material Safety Data Sheet on 2,4-dithiapentane has many cautions and warnings.  This compound is listed as a flammable, as well as being a severe eye, lung and skin irritant.  If ingested, this chemical "may cause CNS [central nervous system] depression," and if it is inhaled, it can lead to delayed pulmonary edema.

**RESPONSE TO PARAGRAPH NO. 25:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 26:**

And many consumers are tricked into purchasing what they believe to be truffle oil because 2,4-dithiapentane is often disguised on truffle oil product labels as "aroma," "flavor," or "essence."

**RESPONSE TO PARAGRAPH NO. 26:**

Paragraph 26 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 27:**

To make matters worse, according to the New York Times, "one teaspoon of 'truffle aroma,' the amount typically used in an eight-ounce bottle of white truffle oil (black truffle oil is made with a lesser quantity of the same chemical) costs about 40 cents."  By comparison, actual truffles cost hundreds or even thousands of dollars per ounce.

**RESPONSE TO PARAGRAPH NO. 27:**

Paragraph 27 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 28:**

As another truffle oil manufacturer recently acknowledged, it is not economically feasible for manufacturers to use actual truffles in truffle oil.

**RESPONSE TO PARAGRAPH NO. 28:**

Paragraph 27 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 29:**

Nonetheless, Sabatino capitalizes on this trickery to dupe consumers into paying a substantial price premium for oil that is not infused with actual truffles.

**RESPONSE TO PARAGRAPH NO. 29:**

Defendants deny the allegations of Paragraph 29 of the Amended Complaint.

**PARAGRAPH NO. 30:**

Sabatino intentionally designs its packaging so that the words "White Truffle" or "Black Truffle," respectively, appear in large, bold lettering on the front of the Products' label.

**RESPONSE TO PARAGRAPH NO. 30:**

Defendants deny the allegations of Paragraph 30 of the Amended Complaint.

**PARAGRAPH NO. 31:**

Reasonable consumers attach importance to Defendants' "White Truffle" and "Black Truffle" claims when making a purchasing decision.  Defendants' false and misleading representations and omissions thus have, and continue to, deceive reasonable consumers.

**RESPONSE TO PARAGRAPH NO. 31:**

Paragraph 31 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants deny the allegations of Paragraph 31 of the Amended Complaint.

**PARAGRAPH NO. 32:**

Reasonable consumers must and do rely on food label representations and information in making purchasing decisions.

**RESPONSE TO PARAGRAPH NO. 32:**

Paragraph 32 asserts legal conclusions and argument to which no response is required.  To the extent a response is required Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 33:**

Defendants' statements that the Products are infused with "White Truffle" or "Black Truffle," respectively, is material to a reasonable consumer's purchase

1  decision because reasonable consumers, such as Plaintiffs, care whether a food

2  product is actually contains what Defendants purport, especially when the product

3  claims to be infused with "White Truffle" or "Black Truffle," respectively, which

4  carries with it a *significant* price premium.

5  **RESPONSE TO PARAGRAPH NO. 33:**

6      Paragraph 33 asserts legal conclusions and argument to which no response is

7  required.  To the extent a response is required Defendants deny the allegations in

8  Paragraph 33 of the Amended Complaint.

9  **PARAGRAPH NO. 34:**

10     Defendants market and advertise the Products as infused with "White Truffle"

11 or Black Truffle," respectively, to increase sales derived from the Products.

12 Defendants are well aware that the "White Truffle" and "Black Truffle" claims are

13 material to reasonable consumers, and knowingly mislabeled their Products.

14 **RESPONSE TO PARAGRAPH NO. 34:**

15     Paragraph 34 asserts legal conclusions and argument to which no response is

16 required.  To the extent a response is required Defendants deny the allegations in

17 Paragraph 34 of the Amended Complaint.

18 **PARAGRAPH NO. 35:**

19     Upon information and belief, in making the false, misleading, and deceptive

20 representations and omissions, Defendants knew and intended that consumers would

21 pay a price premium for Sabatino Truffle Oil if they were labeled as infused with

22 "White Truffle" or "Black Truffle," a coveted delicacy.  Indeed, Defendants

23 prominently marked the front packaging of Sabatino Truffle Oil with the words

24 "White Truffle" and "Black Truffle," respectively, in large, bold font, precisely

25 because they knew that consumers like Plaintiffs attach great importance to the

26 presence of white truffle or black truffle in Sabatino Truffle Oil.

27 **RESPONSE TO PARAGRAPH NO. 35:**

28     Paragraph 35 asserts legal conclusions and argument to which no response is

1   required.  To the extent a response is required Defendants deny the allegations in

2   Paragraph 35 of the Amended Complaint.

3   **CLASS ALLEGATIONS**

4   **PARAGRAPH NO. 36:**

5       Plaintiffs seek to represent a class defined as all persons in the United States

6   who purchased Sabatino Truffle Oil (the "Class").  Excluded from the Class are

7   persons who made such purchase for purpose of resale.

8   **RESPONSE TO PARAGRAPH NO. 36:**

9       Defendants admit that that Plaintiffs purport to represent a class they define as:

10  "a class defined as all persons in the United States who purchased Sabatino Truffle Oil

11  (the "Class").  Excluded from the Class are persons who made such purchase for

12  purpose of resale."  Defendants deny the remaining allegations in Paragraph 36.

13  **PARAGRAPH NO. 37:**

14      Plaintiff Quiroz also seeks to represent a subclass of all Class members who

15  purchased Sabatino Truffle Oil in California (the "California Subclass").

16  **RESPONSE TO PARAGRAPH NO. 37:  '**

17      Defendants admit that Plaintiff Quiroz purports to represent a subclass he

18  defines as "all Class members who purchased Sabatino Truffle Oil in California (the

19  "California Subclass")." Defendants deny the remaining allegations in Paragraph 37.

20  **PARAGRAPH NO. 38:**

21      Plaintiff Mirza also seeks to represent a subclass of all Class members who

22  purchased Sabatino Truffle Oil in Pennsylvania (the "Pennsylvania Subclass").

23  **RESPONSE TO PARAGRAPH NO. 38:**

24      Defendants admit that Plaintiff Mirza purports to represent a subclass she

25  defines as "all Class members who purchased Sabatino Truffle Oil in Pennsylvania

26  (the "Pennsylvania Subclass")." Defendants deny the remaining allegations in

27  Paragraph 38.

28

**PARAGRAPH NO. 39:**

Plaintiff Crespo also seeks to represent a subclass of all Class members who purchased Sabatino Truffle Oil in New York (the "New York Subclass").

**RESPONSE TO PARAGRAPH NO. 39:**

Defendants admit that Plaintiff Crespo purports to represent a subclass he defines as "all Class members who purchased Sabatino Truffle Oil in New York (the "New York Subclass")." Defendants deny the remaining allegations in Paragraph 38.

**PARAGRAPH NO. 40:**

Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

**RESPONSE TO PARAGRAPH NO. 40:**

Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

**PARAGRAPH NO. 41:**

Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a.    Whether Defendants misrepresented and/or failed to disclose material facts concerning Sabatino Truffle Oil;

    b.    Whether Defendants' conduct was unfair and/or deceptive;

    c.    Whether Defendants have been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon Defendants by Plaintiffs and the Class and Subclasses;

    d.    Whether Defendants breached express warranties to Plaintiffs and

the Class;

    e.    Whether Defendants breached implied warranties to Plaintiffs and the Class;

    f.    Whether Plaintiffs and the Class have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

**RESPONSE TO PARAGRAPH NO. 41:**

Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

**PARAGRAPH NO. 42:**

The claims of the named Plaintiffs are typical of the claims of the Class and Subclasses in that the named Plaintiffs purchased one or more containers of Sabatino Truffle Oil.

**RESPONSE TO PARAGRAPH NO.42:**

Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

**PARAGRAPH NO. 43:**

Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

**RESPONSE TO PARAGRAPH NO. 43:**

Defendants deny the allegations in Paragraph 43 of the Amended Complaint.

**PARAGRAPH NO. 44:**

The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members.   Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and

1    multiplies the burden on the judicial system presented by the complex legal and

2    factual issues of this case.  Individualized litigation also presents a potential for

3    inconsistent or contradictory judgments.  In contrast, the class action device presents

4    far fewer management difficulties and provides the benefits of single adjudication,

5    economy of scale, and comprehensive supervision by a single court on the issue of

6    Defendants' liability.  Class treatment of the liability issues will ensure that all claims

7    and claimants are before this Court for consistent adjudication of the liability issues.

8    **RESPONSE TO PARAGRAPH NO. 44:**

9        Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

10

11                              **CAUSES OF ACTION**

12                                    **COUNT I**

13               **(Violation of California Consumers Legal Remedies Act)**

14   **PARAGRAPH NO. 45:**

15       Plaintiffs hereby incorporate by reference the allegations contained in all

16   preceding paragraphs of this Complaint.

17   **RESPONSE TO PARAGRAPH NO. 45:**

18       Defendants incorporate by reference their responses contained in all preceding

19   paragraphs.

20   **PARAGRAPH NO. 46:**

21       Plaintiff Quiroz brings this cause of action on behalf of himself and members of

22   the California Subclass.

23   **RESPONSE TO PARAGRAPH NO. 46:**

24       Defendants admit that Plaintiff Quiroz purports to bring this cause of action on

25   behalf of himself and Members of the purported California Subclass. Defendants deny

26   the remaining allegations in Paragraph 46.

27   **PARAGRAPH NO. 47:**

28       This cause of action is brought pursuant to California's Consumers Legal

---

                                     19

1   Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

2   **RESPONSE TO PARAGRAPH NO. 47:**

3       Paragraph 47 asserts legal conclusions and argument to which no response is

4   required.  To the extent a response is required, Defendants deny the allegations of

5   Paragraph 47 of the Amended Complaint.

6   **PARAGRAPH NO. 48:**

7       Plaintiff Quiroz and the other members of the California Subclass are

8   "consumers," as the term is defined by California Civil Code § 1761(d), because they

9   bought Sabatino Truffle Oil for personal, family, or household purposes.

10  **RESPONSE TO PARAGRAPH NO. 48:**

11      Paragraph 48 asserts legal conclusions and argument to which no response is

12  required.  To the extent a response is required, Defendants deny the allegations of

13  Paragraph 48 of the Amended Complaint.

14  **PARAGRAPH NO. 49:**

15      Plaintiff Quiroz, the other members of the California Subclass, and Defendants

16  have engaged in "transactions," as that term is defined by California Civil Code

17  § 1761(e).

18  **RESPONSE TO PARAGRAPH NO. 49:**

19      Paragraph 49 asserts legal conclusions and argument to which no response is

20  required.  To the extent a response is required, Defendants deny the allegations of

21  Paragraph 49 of the Amended Complaint.

22  **PARAGRAPH NO. 50:**

23      The conduct alleged in this Complaint constitutes unfair methods of

24  competition and unfair and deceptive acts and practices for the purpose of the CLRA,

25  and the conduct was undertaken by Defendants in transactions intended to result in,

26  and which did result in, the sale of goods to consumers.

27  **RESPONSE TO PARAGRAPH NO. 50:**

28      Paragraph 50 asserts legal conclusions and argument to which no response is

1  required.  To the extent a response is required, Defendants deny the allegations of

2  Paragraph 50 of the Amended Complaint.

3  **PARAGRAPH NO. 51:**

4      As alleged more fully above, Defendants have violated the CLRA by falsely

5  representing to Plaintiff Quiroz and the other members of the California Subclass that

6  Sabatino Truffle Oil was infused with "White Truffle" and "Black Truffle,"

7  respectively, when, in fact, it is infused with artificial chemicals.

8  **RESPONSE TO PARAGRAPH NO. 51:**

9      Paragraph 51 asserts legal conclusions and argument to which no response is

10  required.  To the extent a response is required, Defendants deny the allegations of

11  Paragraph 51 of the Amended Complaint.

12  **PARAGRAPH NO. 52:**

13      As a result of engaging in such conduct, Defendants have violated California

14  Civil Code §§ 1770(a)(5), (a)(7), and (a)(9).

15  **RESPONSE TO PARAGRAPH NO. 52:**

16      Paragraph 52 asserts legal conclusions and argument to which no response is

17  required.  To the extent a response is required, Defendants deny the allegation of

18  Paragraph 52 of the Amended Complaint.

19  **PARAGRAPH NO. 53:**

20      On March 24, 2017, a pre-suit demand letter was sent to Defendants via

21  certified mail that provided notice of Defendants' violation of the CLRA and

22  demanded that within thirty (30) days from that date, Defendants correct, repair,

23  replace or otherwise rectify the unlawful, unfair, false, and/or deceptive practices

24  complained of herein.  The letter also stated that if Defendants refused to do so, a

25  complaint seeking damages in accordance with the CLRA would be filed.  Defendants

26  have failed to comply with the letter.

27  **RESPONSE TO PARAGRAPH NO. 53:**

28      Defendants admit that Plaintiffs' counsel sent a letter purporting to constitute a

1    notice under section 1782 of the CLRA.  Defendants otherwise deny the remaining

2    allegations in Paragraph 53 of the Amended Complaint.

3    **PARAGRAPH NO. 54:**

4          Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff Quiroz,

5    on behalf of himself and all other members of the California Subclass, seeks injunctive

6    relief, compensatory damages, punitive damages, and restitution of any ill-gotten

7    gains due to Defendants' acts and practices.

8    **RESPONSE TO PARAGRAPH NO. 54:**

9          Paragraph 54 asserts legal conclusions and argument to which no response is

10   required.  To the extent a response is required, Defendants deny the allegation of

11   Paragraph 54 of the Amended Complaint.

12                               **COUNT II**

13              **(Violation of California's Unfair Competition Law)**

14   **PARAGRAPH NO. 55:**

15         Plaintiffs hereby incorporate by reference the allegations contained in all

16   preceding paragraphs of this Complaint.

17   **RESPONSE TO PARAGRAPH NO. 55:**

18         Defendants incorporate by reference their responses contained in all preceding

19   paragraphs.

20   **PARAGRAPH NO. 56:**

21         Plaintiff Quiroz brings this cause of action on behalf of himself and members of

22   the California Subclass.

23   **RESPONSE TO PARAGRAPH NO. 56:**

24         Defendants admit that Plaintiff Quiroz purports to bring this cause of action on

25   behalf of himself and Members of the purported California Subclass. Defendants deny

26   the remaining allegations in Paragraph 56.

27   **PARAGRAPH NO. 57:**

28         By committing the acts and practices alleged herein, Defendants have violated

1  California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-

2  17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair

3  conduct.

4  **RESPONSE TO PARAGRAPH NO. 57:**

5      Paragraph 57 asserts legal conclusions and argument to which no response is

6  required.  To the extent a response is required, Defendants deny the allegations of

7  Paragraph 57 of the Amended Complaint.

8  **PARAGRAPH NO. 58:**

9      Defendants have violated the UCL's proscription against engaging in unlawful

10  Conduct as a result of: (a) their violations of the CLRA, Cal. Civ. Code §§ 1770(a)(5),

11  (a)(7), and (a)(9), as alleged above; and (b) their violations of the FAL, Cal. Bus. &

12  Prof. Code §§ 17500 *et seq*., as alleged below.

13  **RESPONSE TO PARAGRAPH NO. 58:**

14      Paragraph 58 asserts legal conclusions and argument to which no response is

15  required.  To the extent a response is required, Defendants deny the allegations of

16  Paragraph 58 of the Amended Complaint.

17  **PARAGRAPH NO. 59:**

18      Defendants' acts and practices described above also violate the UCL's

19  proscription against engaging in fraudulent conduct.

20  **RESPONSE TO PARAGRAPH NO. 59:**

21      Paragraph 59 asserts legal conclusions and argument to which no response is

22  required.  To the extent a response is required, Defendants deny the allegations of

23  Paragraph 59 of the Amended Complaint.

24  **PARAGRAPH NO. 60:**

25      As more fully described above, Defendants' misleading marketing, advertising,

26  packaging, and labeling of Sabatino Truffle Oil is likely to deceive reasonable

27  consumers.  Indeed, Plaintiff Quiroz and the other members of the California Subclass

28  were unquestionably deceived regarding the true nature of Sabatino Truffle Oil, as

1   Defendants' marketing, advertising, packaging, and labeling of the Sabatino Truffle

2   Oil misrepresents and/or omits the true facts concerning the identity and

3   characteristics of Sabatino Truffle Oil.  Said acts are fraudulent business practices.

4   **RESPONSE TO PARAGRAPH NO. 60:**

5         Paragraph 60 asserts legal conclusions and argument to which no response is

6   required.  To the extent a response is required, Defendants deny the allegations of

7   Paragraph 60 of the Amended Complaint.

8   **PARAGRAPH NO. 61:**

9         Defendants' acts and practices described above also violate the UCL's

10   proscription against engaging in unfair conduct.

11   **RESPONSE TO PARAGRAPH NO. 61:**

12         Paragraph 61 asserts legal conclusions and argument to which no response is

13   required.  To the extent a response is required, Defendants deny the allegations of

14   Paragraph 61 of the Amended Complaint.

15   **PARAGRAPH NO. 62:**

16         Plaintiff Quiroz and the other California Subclass members suffered a

17   substantial injury by virtue of buying Sabatino Truffle Oil which they would not have

18   purchased absent Defendants' unlawful, fraudulent, and unfair marketing, advertising,

19   packaging, and labeling, or by virtue of paying an excessive premium price for the

20   unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled

21   Sabatino Truffle Oil.

22   **RESPONSE TO PARAGRAPH NO. 62:**

23         Paragraph 62 asserts legal conclusions and argument to which no response is

24   required.  To the extent a response is required, Defendants deny the allegations of

25   Paragraph 62 of the Amended Complaint.

26   **PARAGRAPH NO. 63:**

27         There is no benefit to consumers from deceptively marketing and labeling

28   Sabatino Truffle Oil, which purports to be infused with "White Truffle" and "Black

1   Truffle," respectively, when this claim is false.

2   **RESPONSE TO PARAGRAPH NO. 63:**

3         Paragraph 63 asserts legal conclusions and argument to which no response is

4   required.  To the extent a response is required, Defendants deny the allegations of

5   Paragraph 63 of the Amended Complaint.

6   **PARAGRAPH NO. 64:**

7         Plaintiff Quiroz and the other California Subclass members had no way of

8   reasonably knowing that the Sabatino Truffle Oil they purchased was not as marketed,

9   advertised, packaged, or labeled.  Thus, they could not have reasonably avoided the

10   injury each of them suffered.

11   **RESPONSE TO PARAGRAPH NO. 64:**

12         Paragraph 64 asserts legal conclusions and argument to which no response is

13   required.  To the extent a response is required, Defendants deny the allegations of

14   Paragraph 64 of the Amended Complaint.

15   **PARAGRAPH NO. 65:**

16         The gravity of the consequences of Defendants' conduct as described above

17   outweighs any justification, motive, or reason, and such conduct is immoral, unethical,

18   unscrupulous, offends established public policy, and is substantially injurious to

19   Plaintiff Quiroz and the other members of the California Subclass.

20   **RESPONSE TO PARAGRAPH NO. 65:**

21         Paragraph 65 asserts legal conclusions and argument to which no response is

22   required.  To the extent a response is required, Defendants deny the allegations of

23   Paragraph 65 of the Amended Complaint.

24   **PARAGRAPH NO. 66:**

25         Defendants' violations of the UCL continue to this day.

26   **RESPONSE TO PARAGRAPH NO. 66:**

27         Paragraph 66 asserts legal conclusions and argument to which no response is

28   required.  To the extent a response is required, Defendants deny the allegations of

Paragraph 66 of the Amended Complaint.

**PARAGRAPH NO. 67:**

Pursuant to California Business and Professional Code § 17203, Plaintiff Quiroz and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendants to: (a) provide restitution to Plaintiff Quiroz and the other California Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff Quiroz's and the California Subclass' attorneys' fees and costs.

**RESPONSE TO PARAGRAPH NO. 67:**

Defendants admit that Plaintiff Quiroz purports to seek an order of this Court that includes, but is not limited to, an order requiring Defendants to: (a) provide restitution to Plaintiff Quiroz and the other California Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; and (c) pay Plaintiff Quiroz's and the California Subclass' attorneys' fees and costs. Defendants deny the remaining allegations of Paragraph 67 of the Amended Complaint.

**COUNT III**

**(Violation of California's False Advertising Law)**

**PARAGRAPH NO. 68:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 68:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 69:**

Plaintiff Quiroz brings this cause of action on behalf of himself and members of the California Subclass.

**RESPONSE TO PARAGRAPH NO. 69:**

Defendants admit that Plaintiff Quiroz purports to bring this cause of action on

26

1  behalf of himself and Members of the purported California Subclass. Defendants deny
2  the remaining allegations in Paragraph 69.

3  **PARAGRAPH NO. 70:**

4      As alleged more fully above, Defendants have falsely advertised Sabatino
5  Truffle Oil by falsely claiming that it is infused with "White Truffle" and "Black
6  Truffle," respectively, when it is not.

7  **RESPONSE TO PARAGRAPH NO. 70:**

8      Paragraph 70 asserts legal conclusions and argument to which no response is
9  required.  To the extent a response is required, Defendants deny the allegations of
10  Paragraph 70 of the Amended Complaint.

11  **PARAGRAPH NO. 71:**

12      Plaintiff Quiroz and the other members of the California Subclass have suffered
13  injury in fact and have lost money or property as a result of Defendants' violations of
14  California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*.

15  **RESPONSE TO PARAGRAPH NO. 71:**

16      Paragraph 71 asserts legal conclusions and argument to which no response is
17  required.  To the extent a response is required, Defendants deny the allegations of
18  Paragraph 71 of the Amended Complaint.

19                          **COUNT IV**

20      **(Deceptive Acts or Practices, New York Gen. Bus. Law § 349)**

21  **PARAGRAPH NO. 72:**

22      Plaintiffs hereby incorporate by reference the allegations contained in all
23  preceding paragraphs of this Complaint.

24  **RESPONSE TO PARAGRAPH NO. 72:**

25      Defendants incorporate by reference their responses contained in all preceding
26  paragraphs.

27  **PARAGRAPH NO. 73:**

28      Plaintiff Crespo brings this claim individually and on behalf of the members of

1  the proposed New York Subclass against Defendants.

2  **RESPONSE TO PARAGRAPH NO. 73:**

3       Defendants admit that Plaintiff Crespo purports to bring this cause of action on

4  behalf of himself and Members of the purported New York Subclass. Defendants deny

5  the remaining allegations in Paragraph 73.

6  **PARAGRAPH NO. 74:**

7       By the acts and conduct alleged herein, Defendants committed unfair or

8  deceptive acts and practices by misrepresenting that Sabatino Truffle Oil was, in fact,

9  infused with "White Truffle" and "Black Truffle," respectively.

10 **RESPONSE TO PARAGRAPH NO. 74:**

11      Paragraph 74 asserts legal conclusions and argument to which no response is

12 required.  To the extent a response is required, Defendants deny the allegations of

13 Paragraph 74 of the Amended Complaint.

14 **PARAGRAPH NO. 75:**

15      The foregoing deceptive acts and practices were directed at consumers.

16 **RESPONSE TO PARAGRAPH NO. 75:**

17      Paragraph 75 asserts legal conclusions and argument to which no response is

18 required.  To the extent a response is required, Defendants deny the allegations of

19 Paragraph 75 of the Amended Complaint.

20 **PARAGRAPH NO. 76:**

21      The foregoing deceptive acts and practices are misleading in a material way

22 because they fundamentally misrepresent the characteristics of Sabatino Truffle Oil to

23 induce consumers to purchase same.

24 **RESPONSE TO PARAGRAPH NO. 76:**

25      Paragraph 76 asserts legal conclusions and argument to which no response is

26 required.  To the extent a response is required, Defendants deny the allegations of

27 Paragraph 76 of the Amended Complaint.

28

**PARAGRAPH NO. 77:**

Plaintiff Crespo and New York Subclass members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiff Crespo and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

**RESPONSE TO PARAGRAPH NO. 77:**

Paragraph 77 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 77 of the Amended Complaint.

**PARAGRAPH NO. 78:**

On behalf of herself and other members of the New York Subclass, Plaintiff Crespo seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

**RESPONSE TO PARAGRAPH NO. 78:**

Paragraph 78 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 78 of the Amended Complaint.

/ / /

/ / /

/ / /

## COUNT V

### (False Advertising, New York Gen. Bus. Law § 350)

**PARAGRAPH NO. 79:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 79:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 80:**

Plaintiff Crespo brings this claim individually and on behalf of the members of the proposed New York Subclass.

**RESPONSE TO PARAGRAPH NO. 80:**

Defendants admit that Plaintiff Crespo purports to bring this cause of action on behalf of himself and Members of the purported New York Subclass. Defendants deny the remaining allegations in Paragraph 80.

**PARAGRAPH NO. 81:**

Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the nature of the ingredients contained in Sabatino Truffle Oil.

**RESPONSE TO PARAGRAPH NO. 81:**

Paragraph 81 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 81 of the Amended Complaint.

**PARAGRAPH NO. 82:**

The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

**RESPONSE TO PARAGRAPH NO. 82:**

Paragraph 82 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 82 of the Amended Complaint.

**PARAGRAPH NO. 83:**

This misrepresentation has resulted in consumer injury or harm to the public interest.

**RESPONSE TO PARAGRAPH NO. 83:**

Paragraph 83 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 83 of the Amended Complaint.

**PARAGRAPH NO. 84:**

Plaintiff Crespo and New York Subclass members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiff Crespo and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

**RESPONSE TO PARAGRAPH NO. 84:**

Paragraph 84 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 84 of the Amended Complaint.

**PARAGRAPH NO. 85:**

On behalf of herself and other members of the New York Subclass, Plaintiff Crespo seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

**RESPONSE TO PARAGRAPH NO. 85:**

Paragraph 85 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 85 of the Amended Complaint.

**COUNT VI**

**(Violation of Pennsylvania's Unfair Trade Practices**

**and Consumer Protection Law ("UTPCPL"),**

**72 Pa. Cons. Stat. §§ 201-2, *et seq*.)**

**PARAGRAPH NO. 86:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 86:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 87:**

Plaintiff Mirza asserts this claim on behalf of herself and the Pennsylvania Subclass.

**RESPONSE TO PARAGRAPH NO. 87:**

Defendants admit that Plaintiff Mirza purports to bring this cause of action on behalf of herself and Members of the purported Pennsylvania Subclass. Defendants deny the remaining allegations in Paragraph 87.

**PARAGRAPH NO. 88:**

Defendants are "persons" pursuant to the terms of Section 201-2(2) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

**RESPONSE TO PARAGRAPH NO. 88:**

Paragraph 88 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 88 of the Amended Complaint.

**PARAGRAPH NO. 89:**

The packaging, labeling and display possessed by Plaintiff Mirza and members of the Pennsylvania Subclass constitutes "documentary material" pursuant to the terms of Section 201-2(1) of the UTPCPL.

**RESPONSE TO PARAGRAPH NO. 89:**

Paragraph 89 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 89 of the Amended Complaint.

**PARAGRAPH NO. 90:**

The Sabatino Truffle Oil product that was ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass was purchased primarily for personal purposes.

**RESPONSE TO PARAGRAPH NO. 90:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 of the Amended Complaint and on that basis deny those allegations.

**PARAGRAPH NO. 91:**

Defendants' advertising, offering for sale, sale, or distribution of Sabatino Truffle Oil constitutes "trade" or "commerce" as defined by Section 201-2(3) of the UTPCPL.

**RESPONSE TO PARAGRAPH NO. 91:**

Paragraph 91 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 91 of the Amended Complaint.

**PARAGRAPH NO. 92:**

Defendants violated express warranties in the labeling and displaying of Sabatino Truffle Oil that were ultimately possessed by Plaintiff Mirza and members of the Pennsylvania Subclass.

**RESPONSE TO PARAGRAPH NO. 92:**

Paragraph 92 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 92 of the Amended Complaint.

**PARAGRAPH NO. 93:**

Defendants' actions at issue in this litigation constitute "unfair methods of competition" and "unfair or deceptive acts of practices" pursuant to Sections 201-2(4)(v), (vii), (xiv) and (xxi) of the UTPCPL.

**RESPONSE TO PARAGRAPH NO. 93:**

Paragraph 93 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 93 of the Amended Complaint.

**PARAGRAPH NO. 94:**

The aforesaid actions of Defendants referenced above constitute unlawful actions proscribed by Section 201-3 of the UTPCPL.

**RESPONSE TO PARAGRAPH NO. 94:**

Paragraph 94 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 94 of the Amended Complaint.

**PARAGRAPH NO. 95:**

As a direct and proximate cause of the aforementioned unlawful actions of Defendants, Plaintiff Mirza and members of the Pennsylvania Subclass have suffered economic loss.

**RESPONSE TO PARAGRAPH NO. 95:**

Paragraph 95 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 95 of the Amended Complaint.

**PARAGRAPH NO. 96:**

Pursuant to Section 201-9.2 of the UTPCPL, Plaintiff Mirza and members of the Pennsylvania Subclass are entitled to a judgment in an amount up to three times the actual damages sustained, but not less than One Hundred Dollars ($100.00), and the Court may provide such additional relief as it deems necessary and proper, including punitive damages.

**RESPONSE TO PARAGRAPH NO. 96:**

Paragraph 96 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 96 of the Amended Complaint.

**PARAGRAPH NO. 97:**

In addition, Plaintiff Mirza is entitled to reimbursement for all reasonable attorneys' fees and costs incurred as a result of bringing this action pursuant to Section 201-9.2 of the UTPCPL.

**RESPONSE TO PARAGRAPH NO. 97:**

Paragraph 97 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 97 of the Amended Complaint.

/ / /

/ / /

## COUNT VII

**(Violation of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)**

**PARAGRAPH NO. 98:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 98:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 99:**

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

**RESPONSE TO PARAGRAPH NO. 99:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 100:**

Sabatino Truffle Oil is a consumer product as defined in 15 U.S.C. § 2301(1).

**RESPONSE TO PARAGRAPH NO. 100:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 101:**

Plaintiffs and Class members are consumers as defined in 15 U.S.C. § 2301(3).

**RESPONSE TO PARAGRAPH NO. 101:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 102:**

Defendants are suppliers and warrantors as defined in 15 U.S.C. §§ 2301(4) and (5).

**RESPONSE TO PARAGRAPH NO. 102:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 103:**

In connection with the sale of Sabatino Truffle Oil, Defendants issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

**RESPONSE TO PARAGRAPH NO. 103:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 104:**

In fact, Sabatino Truffle Oil is an adulterated product that is not infused with real "White Truffle" or "Black Truffle," but rather is infused with artificial chemicals that emulate the taste and smell of real truffles.

**RESPONSE TO PARAGRAPH NO. 104:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 105:**

By reason of Defendants' breach of warranty, Defendants violated the statutory rights due to Plaintiffs and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*., thereby damaging Plaintiffs and Class members.

**RESPONSE TO PARAGRAPH NO. 105:**

Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 106:**

Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for

1   Sabatino Truffle Oil because it is sold at a price premium when compared to similar

2   products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did

3   not have the characteristics, uses, or benefits as promised, namely that it was infused

4   with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiffs and

5   members of the Class have been damaged either in the full amount of the purchase

6   price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle

7   Oil as warranted and Sabatino Truffle Oil as actually sold

8   **RESPONSE TO PARAGRAPH NO. 106:**

9        Pursuant to the Court's order of September 18, 2017, dismissing the Magnuson-

10  Moss Warranty Act claim, Defendants do not need to respond to this paragraph.

11  **COUNT VIII**

12  **(Breach of Express Warranty)**

13  **PARAGRAPH NO. 107:**

14       Plaintiffs hereby incorporate by reference the allegations contained in all

15  preceding paragraphs of this Complaint.

16  **RESPONSE TO PARAGRAPH NO. 107:**

17       Defendants incorporate by reference their responses contained in all preceding

18  paragraphs.

19  **PARAGRAPH NO. 108:**

20       Plaintiffs bring this claim individually and on behalf of the members of the

21  proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass

22  against Defendants.

23  **RESPONSE TO PARAGRAPH NO. 108:**

24       Defendants admit that Plaintiffs purport to bring this claim individually and on

25  behalf of the Members of the purported Class, New York Subclass, Pennsylvania

26  Subclass and California Subclass. Defendants deny the remaining allegations in

27  Paragraph 108.

28

38

**PARAGRAPH NO. 109:**

Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

**RESPONSE TO PARAGRAPH NO. 109:**

Paragraph 109 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 109 of the Amended Complaint.

**PARAGRAPH NO. 110:**

In fact, Sabatino Truffle Oil is an adulterated product that is infused with artificial chemicals, and not by white truffles or black truffles.

**RESPONSE TO PARAGRAPH NO. 110:**

Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

**PARAGRAPH NO. 111:**

Plaintiffs and Class members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

**RESPONSE TO PARAGRAPH NO. 111:**

Paragraph 111 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of

Paragraph 111 of the Amended Complaint.

**COUNT IX**

**(Breach of Implied Warranty of Merchantability)**

**PARAGRAPH NO. 112:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 112:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 113:**

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

**RESPONSE TO PARAGRAPH NO. 113:**

Defendants admit that Plaintiffs purports to bring this claim individually and on behalf of Members of the purported Pennsylvania Subclass and California Subclass. The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass.  Defendants deny the remaining allegations in Paragraph 73.

**PARAGRAPH NO. 114:**

Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, impliedly warranted that Sabatino Truffle Oil was, in fact, infused with "White Truffle" and "Black Truffle," respectively.

**RESPONSE TO PARAGRAPH NO. 114:**

The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass.  Paragraph 114 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 114.

**PARAGRAPH NO. 115:**

Defendants breached the warranty implied in the contract for the sale of Sabatino Truffle Oil because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Sabatino Truffle Oil is an adulterated product that is infused with artificial chemicals, not by "White Truffle" or "Black Truffle." As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

**RESPONSE TO PARAGRAPH NO. 115:**

The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass. Paragraph 115 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 115.

**PARAGRAPH NO. 116:**

Plaintiffs and Class members purchased Sabatino Truffle Oil in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

**RESPONSE TO PARAGRAPH NO. 116:**

The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass. Paragraph 115 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 115.

**PARAGRAPH NO. 117:**

Sabatino Truffle Oil was not altered by Plaintiffs or Class members.

**RESPONSE TO PARAGRAPH NO. 117:**

The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 117 of the Amended Complaint and on that basis deny those allegations.

1    deny the remaining allegations in Paragraph 115.

2    **PARAGRAPH NO. 118:**

3         Sabatino Truffle Oil was defective when it left the exclusive control of

4    Defendants.

5    **RESPONSE TO PARAGRAPH NO. 118:**

6         The Court's order of September 18, 2017, dismissed the Breach of Implied

7    Warranty of Merchantability as to the New York Subclass.  Paragraph 118 asserts

8    legal conclusions and argument to which no response is required.  To the extent a

9    response is required, Defendants deny the remaining allegations in Paragraph 118.

10   **PARAGRAPH NO. 119:**

11        Defendants knew that Sabatino Truffle Oil would be purchased and used

12   without additional testing by Plaintiffs and Class members.

13   **RESPONSE TO PARAGRAPH NO. 119:**

14        The Court's order of September 18, 2017, dismissed the Breach of Implied

15   Warranty of Merchantability as to the New York Subclass.  Paragraph 119 asserts

16   legal conclusions and argument to which no response is required.  To the extent a

17   response is required, Defendants deny the remaining allegations in Paragraph 119.

18   **PARAGRAPH NO. 120:**

19        Sabatino Truffle Oil was defectively designed and unfit for its intended

20   purpose, and Plaintiffs and Class members did not receive the goods as warranted.

21   **RESPONSE TO PARAGRAPH NO. 120:**

22        The Court's order of September 18, 2017, dismissed the Breach of Implied

23   Warranty of Merchantability as to the New York Subclass.  Paragraph 120 asserts

24   legal conclusions and argument to which no response is required.  To the extent a

25   response is required, Defendants deny the remaining allegations in Paragraph 120.

26   **PARAGRAPH NO. 121:**

27        Plaintiffs and Class members were injured as a direct and proximate result of

28   Defendants' violation because (a) they would not have purchased Sabatino Truffle Oil

had they known that it was infused with artificial chemicals, and not infused with "White Truffle" and "Black Truffle," respectively, (b) they overpaid for Sabatino Truffle Oil because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Sabatino Truffle Oil did not have the characteristics, uses, or benefits as promised, namely that it was infused with "White Truffle" and "Black Truffle," respectively.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Sabatino Truffle Oil or in the difference in value between Sabatino Truffle Oil as warranted and Sabatino Truffle Oil as actually sold.

**RESPONSE TO PARAGRAPH NO. 121:**

The Court's order of September 18, 2017, dismissed the Breach of Implied Warranty of Merchantability as to the New York Subclass.  Paragraph 121 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 121.

**COUNT X**

**(Unjust Enrichment)**

**PARAGRAPH NO. 122:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 122:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 123:**

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

**RESPONSE TO PARAGRAPH NO. 123:**

Defendants admit that Plaintiffs purports to bring this claim on behalf of

43

1    himself and Members of the purported Pennsylvania Subclass and California

2    Subclass.  The Court's order of September 18, 2017, dismissed the Unjust Enrichment

3    claim as to the New York Subclass.  Defendants deny the remaining allegations in

4    Paragraph 123.

5    **PARAGRAPH NO. 124:**

6         Plaintiffs and Class members conferred benefits on Defendants by purchasing

7    Sabatino Truffle Oil.

8    **RESPONSE TO PARAGRAPH NO. 124:**

9         The Court's order of September 18, 2017, dismissed the Unjust Enrichment

10   claim as to the New York Subclass.  Paragraph 124 asserts legal conclusions and

11   argument to which no response is required.  To the extent a response is required,

12   Defendants deny the remaining allegations in Paragraph 124.

13   **PARAGRAPH NO. 125:**

14        Defendants have been unjustly enriched in retaining the revenues derived from

15   Plaintiffs and Class members' purchases of Sabatino Truffle Oil.  Retention of those

16   moneys under these circumstances is unjust and inequitable because Sabatino Truffle

17   Oil is an adulterated product that consists of artificial flavoring, not "White Truffle" or

18   "Black Truffle," and resulted in purchasers being denied the full benefit of their

19   purchase because they did not purchase a product that was actually infused with

20   "White Truffle" and "Black Truffle," respectively.

21   **RESPONSE TO PARAGRAPH NO. 125:**

22        The Court's order of September 18, 2017, dismissed the Unjust Enrichment

23   claim as to the New York Subclass.  Paragraph 125 asserts legal conclusions and

24   argument to which no response is required.  To the extent a response is required,

25   Defendants deny the remaining allegations in Paragraph 125.

26   **PARAGRAPH NO. 126:**

27        Because Defendants' retention of the non-gratuitous benefits conferred on them

28   by Plaintiffs and Class members is unjust and inequitable, Defendants must pay

1   restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the

2   Court.

3   **RESPONSE TO PARAGRAPH NO. 126:**

4          The Court's order of September 18, 2017, dismissed the Unjust Enrichment

5   claim as to the New York Subclass.  Paragraph 126 asserts legal conclusions and

6   argument to which no response is required.  To the extent a response is required,

7   Defendants deny the remaining allegations in Paragraph 126.

8                                    **COUNT XI**

9                          **(Negligent Misrepresentation)**

10  **PARAGRAPH NO. 127:**

11         Plaintiffs hereby incorporate by reference the allegations contained in all

12  preceding paragraphs of this Complaint.

13  **RESPONSE TO PARAGRAPH NO. 127:**

14         Pursuant to the Court's order of September 18, 2017, dismissing the California,

15  New York and Pennsylvania negligent misrepresentation claims, Defendants do not

16  need to respond to this paragraph.

17  **PARAGRAPH NO. 128:**

18         Plaintiffs bring this claim individually and on behalf of the members of the

19  proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass

20  against Defendants.

21  **RESPONSE TO PARAGRAPH NO. 128:**

22         Pursuant to the Court's order of September 18, 2017, dismissing the California,

23  New York and Pennsylvania negligent misrepresentation claims, Defendants do not

24  need to respond to this paragraph.

25  **PARAGRAPH NO. 129:**

26         As discussed above, Defendants represented that Sabatino Truffle Oil is, in fact,

27  infused with "White Truffle" and "Black Truffle," respectively, but failed to disclose

28  that it is actually an adulterated product that is flavored by artificial chemicals, not by

"White Truffle" and "Black Truffle."  Defendants had a duty to disclose this information.

**RESPONSE TO PARAGRAPH NO. 129:**

Pursuant to the Court's order of September 18, 2017, dismissing the California, New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 130:**

At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

**RESPONSE TO PARAGRAPH NO. 130:**

Pursuant to the Court's order of September 18, 2017, dismissing the California, New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 131:**

At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about Sabatino Truffle Oil.

**RESPONSE TO PARAGRAPH NO. 131:**

Pursuant to the Court's order of September 18, 2017, dismissing the California, New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 132:**

The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Sabatino Truffle Oil.

**RESPONSE TO PARAGRAPH NO. 132:**

Pursuant to the Court's order of September 18, 2017, dismissing the California,

New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 133:**

Plaintiffs and Class members would not have purchased Sabatino Truffle Oil if the true facts had been known.

**RESPONSE TO PARAGRAPH NO. 133:**

Pursuant to the Court's order of September 18, 2017, dismissing the California, New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**PARAGRAPH NO. 134:**

The negligent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

**RESPONSE TO PARAGRAPH NO. 134:**

Pursuant to the Court's order of September 18, 2017, dismissing the California, New York and Pennsylvania negligent misrepresentation claims, Defendants do not need to respond to this paragraph.

**COUNT XII**

**(Fraud)**

**PARAGRAPH NO. 135:**

Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

**RESPONSE TO PARAGRAPH NO. 135:**

Defendants incorporate by reference their responses contained in all preceding paragraphs.

**PARAGRAPH NO. 136:**

Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, Pennsylvania Subclass, and California Subclass against Defendants.

**RESPONSE TO PARAGRAPH NO. 136:**

Defendants admit that Plaintiffs purport to bring this claim individually and on behalf of and Members of the purported Class, New York Subclass, Pennsylvania Subclass, and California Subclass. Defendants deny the remaining allegations in Paragraph 136.

**PARAGRAPH NO. 137:**

As discussed above, Defendants provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Sabatino Truffle Oil, including but not limited to the fact that it is an adulterated product that is flavored by artificial chemicals, not by "White Truffle" and "Black Truffle," respectively. These misrepresentations and omissions were made with knowledge of their falsehood.

**RESPONSE TO PARAGRAPH NO. 137:**

Paragraph 137 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 137 of the Amended Complaint.

**PARAGRAPH NO. 138:**

The misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Sabatino Truffle Oil.

**RESPONSE TO PARAGRAPH NO. 138:**

Paragraph 138 asserts legal conclusions and argument to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 138 of the Amended Complaint.

**PARAGRAPH NO. 139:**

The fraudulent actions of Defendants caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

48

**RESPONSE TO PARAGRAPH NO. 139:**

Paragraph 139 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 139 of the Amended Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the Class and California, Pennsylvania, and New York Subclasses as follows:

A.    For an order certifying the nationwide Class and the California, Pennsylvania, and New York Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B.    For an order declaring that Defendants' conduct violates the statutes referenced herein;

C.    For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D.    For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.    For injunctive relief enjoining the illegal acts detailed herein;

F.    For prejudgment interest on all amounts awarded;

G.    For an order of restitution and all other forms of equitable monetary relief;

**RESPONSE TO PLAINTIFFS PRAYER FOR RELIEF:**

Defendants deny that the Plaintiffs or any putative class members are entitled to relief sought in the Prayer for Relief or any other relief whatsoever, and further deny that Plaintiffs or nay putative class members suffered any injury or incurred any damages by any act or omission of Defendants as alleged in the Amended Complaint

49

or under any theory by means of the allegations set forth in each of the paragraphs and their subparts in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following separate and affirmative defenses to the Amended Complaint and, in so doing, does not assume the burden to establish any fact or proposition necessary to that defense where that burden is properly imposed on Plaintiffs.  All defenses are asserted as to Plaintiffs and, in the event that this action is permitted to proceed on a class basis, as to any other member of the purported class, or Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim With Particularity)

Plaintiffs have failed to plead the allegations in the Amended Complaint with sufficient particularity, including, but not limited to, the fact that the Amended Complaint fails to state and identify with sufficient particularity the circumstances and communications allegedly constituting misrepresentation and fraud, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to sue, including because Plaintiffs have suffered no injury as a result of the matters alleged in the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims and the claims of putative class members are timed-barred, in

1   whole or in part, under the applicable statutes of limitations.

2   **FIFTH AFFIRMATIVE DEFENSE**

3   (Lack of Deception or Misrepresentation)

4   Plaintiffs' claims are barred, in whole or in part, because there was no deceptive

5   act or practice, and no misrepresentation or omission.

6   **SIXTH AFFIRMATIVE DEFENSE**

7   (Lack of Justifiable Reliance)

8   Plaintiffs could not have justifiably relied, and did not justifiably rely, on the

9   alleged misrepresentations or omissions asserted in the Amended Complaint.

10   **SEVENTH AFFIRMATIVE DEFENSE**

11   (Lack of Detrimental Reliance)

12   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not

13   detrimentally rely upon any alleged deceptive trade conduct as alleged in the

14   Amended Complaint.

15   **EIGHTH AFFIRMATIVE DEFENSE**

16   (Lack of Warranty)

17   Plaintiffs' claims are barred, in whole or in part, for lack of any affirmation,

18   promise, or description that was part of the basis of the bargain.

19   **NINTH AFFIRMATIVE DEFENSE**

20   (Lack of Notice)

21   Plaintiffs' claims are barred, in whole or in part, for lack of adequate notice to

22   Defendants of the claims.

23   **TENTH AFFIRMATIVE DEFENSE**

24   (Lack of Privity)

25   Plaintiffs' claims are barred, in whole or in part, for lack of privity.

26   **ELEVENTH AFFIRMATIVE DEFENSE**

27   (Conduct Not "Unlawful," "Fraudulent," or "Unfair")

28   Plaintiffs' claims are barred, in whole or part, because Defendants business

1  practices are not "unfair," "unlawful," or "deceptive" within the meaning of Business

2  and Professions Code section 17200.

3                    **TWELFTH AFFIRMATIVE DEFENSE**

4                     (Other Factors Caused Alleged Harm)

5          Factors other than allegedly untrue statements of material fact, omissions of

6  material fact, misleading statements or other alleged actions by Defendants caused

7  some or all of the harm or damages alleged by Plaintiffs.

8                   **THIRTEENTH AFFIRMATIVE DEFENSE**

9                        (Failure to Mitigate Damages)

10         Plaintiffs are barred from claiming injury or damages, if any, because they

11 failed to make reasonable efforts to mitigate such injury or damages, which would

12 have prevented or reduced their injury or damages, if any.

13                  **FOURTEENTH AFFIRMATIVE DEFENSE**

14                          (Equitable Defenses)

15         Plaintiffs' claims are barred by the equitable defenses of waiver, laches, unclean

16 hands, and/or estoppel.

17                   **FIFTEENTH AFFIRMATIVE DEFENSE**

18                        (Adequate Remedy At Law)

19         The injury or damage suffered by Plaintiffs, if any, would be adequately

20 compensated in an action at law for damages.  Accordingly, Plaintiffs have a complete

21 and adequate remedy at law and are not entitled to seek equitable relief.

22                    **SIXTEENTH AFFIRMATIVE DEFENSE**

23                     (Punitive Damages Barred by Law)

24         To the extent that Plaintiffs seek punitive damages for an alleged act or

25 omission of Defendants, any award of punitive damages is barred under the relevant

26 state law and by state and federal constitutional principles.

27

28

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Satisfy Rule 23)

This action cannot be maintained as a class action because the named Plaintiffs and the putative class cannot satisfy requirements of the Federal Rules of Civil Procedure.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Statutory Preemption)

Plaintiffs' claims are preempted, in whole or in part, by federal and/or state statutes and/or regulations.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Primary Jurisdiction)

Plaintiff's claims are barred, in whole or in part, because the FDA has primary jurisdiction over Plaintiff's claims.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Statutory and Regulatory Compliance)

The claims in the Amended Complaint are barred by the doctrines of statutory and regulatory compliance.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(No Actual Harm)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not suffer any actual harm.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Bona Fide Error)

To the extent Defendants are alleged to have violated the law as set forth in the Amended Complaint (which is denied herein), any violation was not intentional but resulted from a bona fide error despite the use of reasonable procedures that Defendants adopted to avoid such an error. Even if Plaintiffs were to establish any such violation (which is denied herein), Defendants made an appropriate correction or

1    other action to remedy the alleged violation.

2                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

3                            (No Misrepresentation/Omission)

4         Plaintiffs' claims are barred, in whole or in part, by the absence of any material

5    misrepresentations or omissions made by Defendants to Plaintiffs upon which

6    Plaintiffs could have reasonably or justifiably relied.

7                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

8                                  (Lack of Intent)

9         Plaintiffs' claims are barred, in whole or in part, because to the extent

10   Defendants engaged in any of the alleged acts, omissions, or conduct, it did so in good

11   faith and with innocent intent at all times.

12                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

13                                    (No Duty)

14        Plaintiffs' claims are barred, in whole or in part, to the extent they are based on

15   Defendants failure to disclose information that Defendants had no duty to disclose.

16                    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17                          (Materiality of Misrepresentation)

18        Plaintiffs' claims are barred, in whole or in part, because any purported

19   misrepresentation was immaterial.

20                    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21                               (Additional Defenses)

22        Defendants reserve the right to amend and/or supplement the averments of its

23   Answer to assert any and all pertinent defenses ascertained through further

24   investigation and discovery of this action.  Defendants will rely on all defenses that

25   may become available during discovery or trial.

26                    **DEFENDANT'S PRAYER FOR RELIEF**

27        WHEREFORE, Defendants prays for judgment as follows:

28        1.     That Plaintiffs take nothing by reason of their Amended Complaint, and

1   that the Amended Complaint be dismissed in its entirety with prejudice;

2        2.     For judgment in favor of Defendants on Plaintiffs' Amended Complaint;

3        3.     For attorneys' fees and costs incurred to the extent permitted by law; and

4        4.     For such other and further relief as this Court may deem just and proper.

5

6

7   Date:  October 23, 2017          Respectfully submitted,

8        SIDLEY AUSTIN LLP

9

10       By: */s/ Alexis Miller Buese*

11       Attorneys for Defendants

12       SABATINO TRUFFLES NEW YORK, LLC and SABATINO

13       NORTH AMERICA, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2017, I electronically filed the foregoing **DEFENDANTS SABATINO TRUFFLES NEW YORK, LLC AND SABATINO NORTH AMERICA, LLC'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT** with the Clerk of the Court by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alexis Miller Buese*
Alexis Miller Buese