**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK QUIROZ, DOMINIQUE MIRZA, and LOUISE CRESPO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SABATINO TRUFFLES NEW YORK, LLC and SABATINO NORTH AMERICA, LLC,<br><br>Defendants. | Case No. 8:17-cv-00783-DOC-KES<br><br>**PLAINTIFFS' MOTION TO QUASH SUBPOENA ADDRESSED TO NSF INTERNATIONAL AUTHENTECHNOLOGIES**<br><br>Date:   January 29, 2018<br>Time:  8:30 a.m.<br>Ctrm:   9D<br><br>Judge:  Hon. David O. Carter |

For the reasons set out below, Plaintiffs respectfully request that the Court quash the subpoena that Defendants Sabatino Truffles New York, LLC and Sabatino North America, LLC (collectively, "Sabatino") have served on their non-testifying consulting expert NSF International AuthenTechnologies.

## I. BACKGROUND

This case is about whether Sabatino's "Black Truffle Infused Olive Oil" and "White Truffle Infused Olive Oil" (collectively, "the Products") are made with actual truffles. Accordingly, as part of their investigation, Plaintiffs hired NSF International AuthenTechnologies ("NSF") as a non-testifying consulting expert and commissioned it to conduct DNA testing on Products.

On December 1, 2017, Sabatino served a subpoena on NSF requesting a number of different categories of documents related to the testing that Plaintiffs commissioned. Fisher Decl. Ex. A ("NSF Subpoena"). For the reasons set out below, these documents are all privileged pursuant to Federal Rule of Civil Procedure 26(b)(4)(D) and the NSF Subpoena should be quashed in its entirety.

## II. ARGUMENT

Rule 26(b)(4)(D) severely restricts discovery of materials from non-testifying consulting experts:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). As one court explained,

> This Rule recognizes that with non-testifying experts, there is no need to obtain discovery for effective cross-examination. . . . The Rule is also designed to prevent a party from building his case on the diligent preparation of his adversary. *Adams v. Shell Oil Co.*, 132 F.R.D. 437, 440 (E.D. La. 1990) (citation omitted). Under [the prior version of current Rule 26(b)(4)(D)], a requesting party's burden of establishing "exceptional circumstances" has been described as a "'heavy' one." *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) (quoting *Shell Oil*, 132 F.R.D. at 442). The rule is intended to allow litigants to consult experts in order to evaluate a claim "without fear that every consultation with an expert may yield-grist for the adversary's mill." *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1995).

*K.C.R. v. Cty. of Los Angeles*, 2014 WL 12725471, at *2–3 (C.D. Cal. Aug. 7, 2014) (quoting *Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72, 75 (W.D.N.Y. 2001); *Bravo v. City of Santa Maria*, 2013 WL 12224037, at *15 (C.D. Cal. July 1, 2013) ("Rule 26(b)(4)(D) acts as a shield permitting parties to prepare for trial by consulting with whomever they choose without fear of the opposing party discovering that preparation. It has similar interests to those found in the work product doctrine, which also protects matters prepared in anticipation of litigation.") (citation omitted); *Chiquita Int'l Ltd. v. M/V Bolero Reefer*, 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994) (a consulting expert who will not testify at trial "is generally immune from discovery.").[1]

Here, there is little doubt that Plaintiffs hired NSF as a non-testifying consulting expert and that the documents that Defendant requests in the NSF Subpoena are protected Rule 26(b)(4)(D). NSF is undoubtedly an expert in that it brought its technical background to bear on the testing for truffle DNA in the

---

[1] "Although the Rule specifically mentions only interrogatories and deposition, case law supports the view that it applies with equal force to document requests." *ExxonMobil Oil Corp. v. S. California Edison Co.*, 2014 WL 12629792, at *3 n.1 (C.D. Cal. Feb. 4, 2014).

MOTION TO QUASH
CASE NO. 8:17-CV-00783-DOC-KES

2

Products at issue. There can also be no dispute that Plaintiffs hired NSF in anticipation of litigation and as part of their continuing investigation into Sabatino's fraudulent practices. In addition, Plaintiffs do not intend to name NSF or any employee thereof as a testifying expert in this matter. As such, the documents sought in the NSF Subpoena are precisely the types of materials that are protected by Rule 26(b)(4)(D).

Nor have Plaintiffs waived these protections by referencing the NSF test results in the First Amended Complaint ("FAC"). Indeed, numerous courts have held that the protections for non-testifying consulting experts are not subject to waiver at all. *See, e.g.*, *Genesco Inc. v. Visa, Inc.*, 2015 WL 13376284, at *1 (M.D. Tenn. Mar. 25, 2015) ("Expert consultant's materials are not subject to waiver under Fed. R. Civ. P. 26(b)(4)(D)"); *Eidos Display, LLC v. Chunghwa Picture Tubes, Ltd.*, 296 F.R.D. 3, 7 (D.D.C. 2013) ("While it is unclear whether Rule 26(b)(4)(D) is even subject to waiver, the general trend in other districts has been to find that it is not."); *Precision of New Hampton, Inc. v. Tri Component Prods. Corp.*, 2013 WL 2444047, at *5-6 (N.D. Iowa June 5, 2013) (finding that it "appears dubious that the waiver doctrine applies to" the non-testifying expert privilege); *Ludwig v. Pilkington N. Am., Inc.*, 2003 WL 22242224, at *3 (N.D. Ill. 2003) (finding that where a party enjoys protection under Rule 26(b)(4)(D), the protection is not subject to waiver).

Accordingly, even a partial disclosure of materials otherwise protected under Rule 26(b)(4)(D) will not constitute a waiver. *Vanguard Savings & Loan Ass'n v. Banks*, 1995 WL 71293 (E.D. Pa. 1995) (finding it immaterial that the plaintiff may have voluntarily disclosed the expert report to third parties, and stressed that the only relevant question is whether the plaintiff meets the requirements of Rule 26(b)(4)(B)); *Hollinger Intern. Inc. v. Hollinger Inc.*, 230 F.R.D. 508, 522 (N.D. Ill. 2005) ("Courts have generally held that partial disclosure of a non-testifying expert's work product does not waive a party's right to withhold production of the expert's

undisclosed work product."); *see also ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 WL 4239453, at *3 (D. Kan. Nov. 30, 2007).

As such, Sabatino has no basis for arguing that Plaintiffs have waived their protections under Rule 26(b)(4)(D). It does not matter that Plaintiffs referenced the test results in the FAC—or even that they produced the test results themselves—because they have no intent to use those test results as substantive evidence in this litigation. *Dover v. British Airways, PLC (UK)*, 2014 WL 5090021, at *1 (E.D.N.Y. Oct. 9, 2014) (holding that a deposition was improper when non-testifying expert analysis was disclosed for support in the complaint and opposition to motion to dismiss, and there was no intent to use the expert's analysis going forward); *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, 2015 WL 12819180, at *8 (D. Minn. Jan. 20, 2015) ("The submission of this non-testifying expert's declaration in support of opening invalidity contentions did not waive the protection afforded to the expert"); *Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 144 (D.N.J. 2007) (holding that a non-testifying expert's video and report in support of a motion for preliminary injunction does not make the expert subject to a deposition); *U.S. Inspection Services, Inc. v. ML Engineered Solutions, LLC*, 268 F.R.D. 614 (N.D. Cal. 2010) (holding that there was no subject-matter waiver of Rule 26(b)(4)(D) protection where a party voluntarily produced several documents relating to a non-testifying expert to the opposing party because there was no indication that the party intended to make use of the disclosed documents setting forth the expert's analysis while withholding others).

Finally, Sabatino cannot demonstrate that it falls under either of the exceptions set out in Rule 26(b)(4)(D). Rule 35(b), which pertains to the report of an examiner who is performing a mental or physical exam pursuant to court order, is inapplicable. Likewise, Sabatino cannot argue that this case involves "exceptional circumstances under which it is impracticable for the [it] to obtain facts or opinions on the same

subject by other means." Rule 26(b)(4)(D)(ii).  If Sabatino wants DNA testing for the Products, it is free to commission its own testing.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court quash the NSF Subpoena.

Dated:  December 11, 2017          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:       /s/ L. Timothy Fisher
                L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
              jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiffs*